UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22530

JESUS E. GONZALEZ HERNANDEZ,

      Plaintiff,

vs.

STATEWIDE ELECTRICAL SERVICES, INC.
AND NOEL MELO,

      Defendants.

_____/

## COMPLAINT

    Plaintiff, Jesus E. Gonzalez Hernandez, sues Defendants, Statewide Electrical Services, Inc. and Noel Melo, as follows:

### Parties, Jurisdiction, and Venue

1.     **Plaintiff, Jesus E. Gonzalez Hernandez**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of the Defendants.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, Statewide Electrical Services, Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

6.     **Defendant, Noel Melo,** was and is an owner/officer/director/manager of the corporate Defendant during the time relevant to this lawsuit. Defendant, Noel Melo, ran its day-to-day operations, was responsible for significant operational decisions, and was partially

1

or totally responsible for paying Plaintiff's wages.

7.      Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

8.      This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and 26 U.S.C. §7434.

9.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

10.     Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

### *FLSA Jurisdictional Allegations*

11.     Plaintiff worked as an electrician for the Defendants from approximately November 7, 2014, to April 20, 2024.

12.     Plaintiff's job duties involved completing the electrical work for 6 Miami-Dade metro stations

13.     To the extent that records exist regarding the exact dates of Plaintiff's employment, Defendants are believed to have such records (or the FLSA required Defendants to make and keep these records).

14.     Plaintiff regularly and routinely utilized telephones, cellular telephones, tools, and other goods, materials, and supplies that moved through interstate commerce.

15.     Plaintiff would install for Defendants wiring, conduits, circuit breakers, electrical panels, lighting fixtures, power generators that traveled in interstate commerce.

16.     Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

17.     Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used

2

instrumentalities of interstate commerce, thus making Defendants' electrical services business an enterprise covered by and subject to the requirements imposed by the FLSA.

18.     In particular, Defendants own and operate an electrical services company that installs, repairs, and maintains electrical systems for residential and commercial properties. In doing so they utilize tools, wiring, conduits, circuit breakers, electrical panels, solar panels, lighting fixtures, power generators, computer software, office supplies, and other materials and equipment that have moved through interstate commerce and were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce

19.     Defendants also communicated with their workers and with others by regularly and routinely using telephones to transmit information through text messages, emails, and the Internet, and these transmissions regularly and routinely traveled outside the State of Florida.

20.     Defendants also sell electrical parts, components, tools, and related materials and supplies – such as circuit breakers, wiring, switches, panels, connectors, lighting fixtures, and electrical hardware - that previously traveled in interstate commerce.

21.     Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in conducting their business.

22.     Defendants also engage in e-commerce through the internet on their social media, @stwideelectrical, which they registered through Instagram

23.     Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

3

*FLSA Overtime Liability and Damages*

24.     Plaintiff earned $30/hour for each hour worked.

25.     Plaintiff earned $50.52/hour for each hour worked on the last 6 metro stations during the last 6 months of his employment.

26.     Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendants.

27.     Defendants did not pay Plaintiff overtime wages calculated at one and a half times his regular hourly rate for all hours worked over 40 hours in a given workweek.

28.     Plaintiff suffered damages because Defendants did not pay him all the overtime wages he earned during the time relevant to this lawsuit.

29.     Defendants willfully and intentionally refused to pay Plaintiff wages at one and one-half times his regular pay rate for each hour of overtime (or part thereof) worked during the relevant time period.

30.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff time and one-half overtime wages for the overtime hours worked during the relevant time violated the FLSA, intentionally misled Plaintiff into believing they were not required to pay overtime wages, and/or devised a scheme that deprived Plaintiff of the overtime pay earned.

31.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

32.     Plaintiff is entitled to recover from the Defendants, jointly and severally, all overtime wages but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Jesus E. Gonzalez Hernandez, demands the entry of a judgment in his favor and against Defendants, Statewide Electrical Services, Inc. and Noel Melo, jointly and severally after trial by jury and as follows:

4

a. That Plaintiff be awarded compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff be awarded all other interest allowed by law;

e. That the Court declare Defendants to have willfully violated the FLSA; and

f. Award Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Jesus E. Gonzalez Hernandez, demands a trial by jury of all issues so triable.

Respectfully submitted this 3rd day of June 2025,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue. Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*