UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22530

JESUS E. GONZALEZ HERNANDEZ,

    Plaintiff,
vs.

STATEWIDE ELECTRICAL SERVICES, INC.
AND NOEL MELO,
    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendants Statewide Electrical Services, Inc. ("Statewide") and Noel Melo ("Melo") (collectively "Defendants") answer Plaintiff's Complaint and allege:

### Answer

1. Defendants admit that Plaintiff is over 18 years old, but lack sufficient knowledge to admit or deny the remaining allegations in paragraph 1, and therefore deny the same.

2. Admitted.

3. Admitted.

4. Without knowledge.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

1

**Stephen R. Verbit, P.A.**

10. Without knowledge.

11. Denied.

12. Admitted.

13. Without knowledge.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Defendants admit that Plaintiff earned $30/hour during some period of time for work performed, but deny that this was his only rate of compensation.

25. Defendants admit that Plaintiff earned $50.52/hour for work on certain metro stations during the last six months of employment.

26. Denied.

27. Defendants admit not paying Plaintiff any overtime wages because Plaintiff did not work any overtime hours.

28. Denied.

29. Denied.

2

**Stephen R. Verbit, P.A.**

30. Denied.

31. Without knowledge.

32. Denied.

33. Defendants deny all other allegations of Plaintiff's Complaint not herein specifically admitted, denied, or otherwise controverted.

## **Affirmative Defenses**

34. Defendants maintained accurate time and payroll records in compliance with applicable law. Plaintiff does not have records to support any alleged overtime hours, and Plaintiff cannot establish the amount of work performed or hours worked.

35. Defendants paid Plaintiff all wages due and owing under applicable law. Plaintiff was compensated in accordance with applicable wage and hour laws.

36. Defendants did not willfully violate the FLSA. Any alleged violations, if they occurred, were not willful, and therefore Plaintiff is not entitled to liquidated damages under 29 U.S.C. § 216(b).

37. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

38. Plaintiff is estopped from pursuing his claims and/or has waived his right to pursue such claims by his conduct, including his acceptance of compensation and continued employment relationship.

39. Defendants are obligated to pay their attorneys a reasonable fee for their services in this action and, pursuant to the FLSA, are entitled to recovery of their attorneys' fees and cost of defending against Plaintiff's claims in this action.

WHEREFORE, Defendants respectfully request the Court to:

A. Dismiss Plaintiff's Complaint with prejudice;

3

**Stephen R. Verbit, P.A.**

B.    Enter judgment in favor of Defendants;

C.    Award Defendants their reasonable attorneys' fees and costs; and,

D.    Grant such other and further relief as this Court deems just and proper.

**STEPHEN R. VERBIT, P.A.**
Attorneys for Defendants
6741 Orange Drive
Davie, Florida 33314
Phone: (954) 965-8350
Email: sverbit@verbitlawfl.com

By: _____
STEPHEN R. VERBIT, ESQUIRE
Florida Bar No. 710857

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by the CM/ECF System to Brian H. Pollock, Esquire, FAIRLAW Firm, Attorneys for Plaintiff, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146, on this 7th day of July 2025.

**STEPHEN R. VERBIT, P.A.**
Attorneys for Defendants
6741 Orange Drive
Davie, Florida 33314
Phone: (954) 965-8350
Email: sverbit@verbitlawfl.com

By: _____
STEPHEN R. VERBIT, ESQUIRE
Florida Bar No. 710857

4