**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:25-CV-22530**

JESUS E. GONZALEZ HERNANDEZ,

      Plaintiff,

vs.

STATEWIDE ELECTRICAL SERVICES, INC.
AND NOEL MELO,

      Defendants.

_____/

### DEFENDANT STATEWIDE ELECTRICAL SERVICES, INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant Statewide Electrical Services, Inc. ("Statewide") hereby serves its answers and objections to Plaintiff's Interrogatories served on September 18, 2025 (the "Interrogatories") and states:

### INTRODUCTION AND GENERAL OBJECTIONS

As of the date of these responses and objections, Statewide's investigation of this case continues and it has not yet completed its efforts to obtain discovery from Plaintiffs and other relevant parties. Statewide anticipates that ongoing discovery, independent investigation, research, and analysis may necessitate amendments, modifications, or supplementation of the responses provided herein. Accordingly, Statewide expressly reserves the right to revise or supplement any and all responses as additional facts are uncovered, further witnesses are identified and interviewed, additional discovery is received, further analysis is conducted, legal research is completed, and contentions are refined.

1

The responses herein are based solely on the information and documents currently available to and specifically known by Statewide. These responses reflect the present state of Statewide's knowledge and should not prejudice Statewide's right to continue discovery, conduct further research, or engage in additional analysis.

Unless explicitly admitted herein, no admission of any nature is intended or should be inferred. Furthermore, the act of responding to any interrogatory—whether through written responses or the production of documents—shall not be construed as an acknowledgment or acceptance of any factual assertions contained or implied in the interrogatories, nor as an indication that such responses constitute admissible evidence.

Statewide objects to the Instructions and Definitions contained in the Interrogatories because and to the extent that they purport to impose obligations beyond or in addition to those set forth in the Federal Rules of Civil Procedure.

The statements in this Introduction and General Objections are incorporated by reference into each individual response provided herein as though fully set forth in each response.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

1)   Please identify each person answering or assisting in answering these interrogatories, and his/her relationship to Defendant, Statewide Electrical Services, Inc., as well as his/her full name, date of birth, social security number, current residential address, and all positions and job titles you held with Statewide Electrical Services, Inc. during the past 5 years:

**Answer:** The individual answering these interrogatories on behalf of Statewide is Noel Melo ("Melo"), who serves as President of Statewide. Melo has held the position of President of Statewide continuously for the past five years. Statewide objects to the remaining portions of this interrogatory requesting Melo's date of birth, social security number, and current residential address on the grounds that such information is not relevant to any claim or defense in this action, is not proportional to the needs of this case, and is not reasonably calculated to lead to the discovery of admissible evidence. The requested personal identifying information bears no relationship to the substantive issues in dispute and would constitute an unwarranted invasion of privacy. Melo can be contacted through Statewide's counsel for any matters related to this litigation.

2

2) Please identify by name, address, email address, and telephone number any person who has or may have knowledge of any relevant facts or discoverable matter relating to the subject of this lawsuit, including the claims and defenses asserted, and state the substance of the knowledge that you believe or have reason to believe each of these persons may have.

**Answer:**

**1. Noel Melo**

- Address: c/o Stephen R. Verbit, P.A., 6741 Orange Drive, Davie, Florida 33314
- Telephone: (954) 965-8350
- Email: sverbit@verbitlawfl.com
- Substance of the knowledge that Statewide believes or has reason to believe this person may have: Personal knowledge as owner/officer/director/manager of Statewide; operational decisions and employment matters during relevant time period; Plaintiffs' work schedules, hours worked, compensation arrangements, and project assignments; business records and payroll information.

**2. Jesus E. Gonzalez Hernandez (hereinafter referred to as "JGH")**

- Address: c/o Brian H. Pollock, Esq., FAIRLAW Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
- Telephone: (305) 230-4884
- Email: brian@fairlawattorney.com
- Substance of the knowledge that Statewide believes or has reason to believe this person may have: Personal knowledge as Plaintiff and former employee; his work schedule, hours worked, duties performed, compensation received, and employment relationship with Defendants during relevant time period.

**3. Esnol A. Gonzalez (hereinafter referred to as "Esnol")**

- Address: c/o Brian H. Pollock, Esq., FAIRLAW Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
- Telephone: (786) 907-5243
- Email: brian@fairlawattorney.com
- Substance of the knowledge that Statewide believes or has reason to believe this person may have: Personal knowledge as Opt-In Plaintiff and former employee and son of JGH; worked alongside JGH on Miami-Dade County electrical projects; JGH's and his own daily work schedule, actual hours worked, work performed, and presence on job sites.

**4. Leo Interian**

- Address: Miami-Dade County, 111 NW 1st Street, Suite 1410, Miami, FL 33128

3

- Telephone: (305) 962-5777

- Email: leointerian@att.net

- Substance of the knowledge that Statewide believes or has reason to believe this person may have: Personal knowledge as Miami-Dade County Project Manager; supervised and coordinated electrical work on metro station projects; project timelines, contractor work schedules, performance oversight, and compliance with project requirements.

**5. Dalton Rivera**

- Address: Miami-Dade County, 111 NW 1st Street, Suite 1410, Miami, FL 33128

- Telephone: (713) 304-1326

- Email: dalton.rivera@miamidade.gov

- Substance of the knowledge that Statewide believes or has reason to believe this person may have: Personal knowledge as Miami-Dade County Project Manager; supervised and coordinated electrical work on metro station projects; project requirements, work schedules, contractor oversight, and project completion timelines.

**6. Paola Usuga**

- Address: c/o Stephen R. Verbit, P.A., 6741 Orange Drive, Davie, Florida 33314

- Telephone: (305) 720-1856

- Email: sverbit@verbitlawfl.com

- Substance of the knowledge that Statewide believes or has reason to believe this person may have: Personal knowledge as Statewide Project Manager; managed day-to-day project operations and coordination; work assignments, scheduling decisions, project management, and contractor performance.

**7. German Fonticiella**

- Address: Miami-Dade County, 111 NW 1st Street, Suite 1410, Miami, FL 33128

- Telephone: Unknown

- Email: Unknown

- Substance of the knowledge that Statewide believes or has reason to believe this persons may have: Personal knowledge as Miami-Dade County Escort; provided security and site access during project work; contractor work schedules, site presence, and daily operations on project sites.

4

**8. France Haro**

- Address: Miami-Dade County, 111 NW 1st Street, Suite 1410, Miami, FL 33128

- Telephone: Unknown

- Email: Unknown

- Substance of the knowledge that Statewide believes or has reason to believe this persons may have: Personal knowledge as Miami-Dade County Escort; provided security and site access during project work; contractor work schedules, site presence, and daily operations on project sites.

3) On a day-to-day basis, identify all persons with managerial and/or supervisory roles over Plaintiff, and provide the last known address for each person if not currently employed by Statewide Electrical Services, Inc..

**Answer:** Noel Melo.

4) Describe all facts that support any defense that Plaintiff's claims for unpaid/underpaid or overtime wages are barred, overstated, and/or unrecoverable.

**Answer:** Statewide paid JGH and Esnol all wages due and owing under applicable law, and JGH and Esnol were compensated in accordance with applicable wage and hour laws. Therefore, before commencement of this action, Statewide discharged JGH and Esnol's claims and each item of them by payment. Statewide maintains payroll records that demonstrate JGH and Esnol worked no more than 40 hours per week, with no overtime hours worked. These contemporaneous business records, which have already been produced to Plaintiffs' counsel numerous times, directly contradict the Complaint's fundamental allegation of systematic overtime violations.

Notably, Plaintiffs' counsel admitted in writing in an email dated May 14, 2025, stating: "I don't believe Mr. Hernandez [JGH] has records that identify the times he started and stopped working each day or that he worked 48 hours per week." This admission demonstrates that JGH lacks any supporting documentation for his overtime claims, and the same for Esnol if he also lacks any supporting documentation for his overtime claims. The combination of Plaintiffs' counsel's admission that JGH lacks supporting documentation, the existence of payroll records showing no overtime work, and the filing of a complaint alleging systematic overtime violations demonstrates a failure to conduct reasonable investigation before filing suit, which may subject the claims to dismissal with prejudice and potential sanctions under Federal Rule of Civil Procedure 11(b).

Statewide did not willfully violate the FLSA, and any alleged violations, if they occurred, were not willful. Therefore, Plaintiffs are not entitled to liquidated damages under 29 U.S.C. § 216(b). Statewide maintains payroll records, accounting records, and pay and payroll practices that demonstrate compliance with applicable wage and hour laws, including compliance with prevailing wage requirements for the Miami-Dade County project, with appropriate hourly rates, benefits, and deductions properly documented and reported.

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations. The alleged violations occurred during a limited period from April 2023 through September 2023, as represented by JGH in the Joint Scheduling Report, and any claims outside the applicable limitations period are time-barred. This significantly limits the scope and damages of any potential claims.

Furthermore, Plaintiffs are not in possession, custody, or control of any documents showing correspondence or communications with Statewide or Melo relating to overtime work, time sheets or records showing overtime hours, employee manuals or policies indicating overtime work requirements, any modifications to time records, or any complaints from Plaintiffs regarding unpaid wages during their employment. The absence of such corroborating documentation supports Statewide's position that no overtime violations occurred.

5) State the Corporate Defendant's policy for creating records of the times that its employees, including the Plaintiff and Opt-In Plaintiff, started and stopped working each day on which they performed work during the three years prior to the filing of the initial Complaint in this case, and whether that policy was written or oral.

**Answer:** Statewide does not maintain a formal written or oral policy regarding the creation of records documenting the start and stop times for its employees, including Plaintiff and Opt-In Plaintiff. During the relevant time period, Melo supervised the work activities of both Plaintiff and Opt-In Plaintiff in his capacity as their direct supervisor. In this supervisory role, Melo maintained contemporaneous time records and monitored the hours worked by the employees under his supervision. These time records, created in the ordinary course of business operations, documented the hours worked by employees and were utilized for payroll and project management purposes. The contemporaneous nature of these records, maintained by the direct supervisor with personal knowledge of the employees' work schedules and attendance, provides reliable documentation of the actual hours worked during the relevant period.

6) For the three years before the filing of the initial Complaint in this case, please state when the Plaintiff and Opt-In Plaintiff worked for Defendants, including the date when each started working for the Defendants, the rate at which you agreed to pay them, the frequency you agreed to and/or actually paid them, each change in the pay rate or frequency, and the reason for each such change.

**Answer:** In accordance with Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Statewide's business records (including electronically stored information), which have already been produced to Plaintiffs numerous times, and the burden of deriving or ascertaining the answer is substantially the same for either party. The records to be reviewed are those that were produced to Plaintiffs' counsel on June 18, 2025, June 20, 2025, August 8, 2025 and September 15, 2025 as well as those that were sent by Plaintiffs' counsel to Statewide's counsel on September 12, 2025. Plaintiffs have thus been given a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

7)   Please identify each type of document that Defendants made, kept, or preserved relating to the employment, hiring, work terms, payments to, earnings by, deductions from, insurance, or benefits to/of/for Plaintiff and the Opt-In Plaintiff during the three years before the filing of the initial Complaint in this case.

**Answer:** In accordance with Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Statewide's business records (including electronically stored information), which have already been produced to Plaintiffs numerous times, and the burden of deriving or ascertaining the answer is substantially the same for either party. The records to be reviewed are those that were produced to Plaintiffs' counsel on June 18, 2025, June 20, 2025, August 8, 2025 and September 15, 2025 as well as those that were sent by Plaintiffs' counsel to Statewide's counsel on September 12, 2025. Plaintiffs have thus been given a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

8)   Please identify all persons who had the authority, at any time during the three years before the filing of the initial Complaint in this case, to employ, hire, or recruit workers for Defendants. In responding, please specify the year or years that each person you identify had this authority and, if no longer employed, his/her last known address, email address, and mobile phone number.

**Answer:** Noel Melo.

9)   Please list all lawsuits, prosecutions, or administrative agency proceedings in which you have been a party or in which a representative gave testimony on your behalf during the last five years involving unpaid/underpaid wages, providing the style, cause number, and court or agency in which each action was pending, and briefly describing the nature and outcome of each proceeding.

**Answer: Objection.** Statewide objects to this interrogatory as not relevant to the claims and defenses at issue in this action, not within the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory seeks information regarding lawsuits, prosecutions, or administrative proceedings involving other employees, other time periods, and other factual circumstances that bear no relation to the specific claims raised by Plaintiffs regarding their alleged unpaid overtime wages. The burden and expense of identifying and researching five years of potentially unrelated litigation involving different employees, different legal theories, and different factual circumstances is disproportionate to the narrow scope of Plaintiffs' claims in this action. Moreover, evidence of unrelated prior litigation involving different parties, different time periods, and different factual circumstances would not be admissible under Federal Rules of Evidence 401, 402, or 403, as such evidence would lack probative value regarding the specific claims in this case and would create substantial risk of unfair prejudice, confusion of issues, misleading the jury, and wasting time. This interrogatory constitutes an improper fishing expedition seeking information that is overly broad, unduly burdensome, and harassing in nature.

10)     Please identify each person who you expect to provide expert testimony in any deposition in this case or at trial and state the subject matter on which each such person may give expert testimony.

**Answer:** At this time, Statewide has not identified any person expected to provide expert testimony in any deposition in this case or at trial. Statewide reserves the right to supplement this response in accordance with Federal Rule of Civil Procedure 26(e) should expert witnesses be retained or identified during the course of discovery or as may be required by the Court's scheduling order and the deadlines established for expert witness disclosures.

11)     Please state the factual basis for each of your Affirmative Defenses and, for each document referenced therein, identify the current custodian of each.

**Answer:** Statewide paid JGH and Esnol all wages due and owing under applicable law, and JGH and Esnol were compensated in accordance with applicable wage and hour laws. Therefore, before commencement of this action, Statewide discharged JGH and Esnol's claims and each item of them by payment. Statewide maintains payroll records that demonstrate JGH and Esnol worked no more than 40 hours per week, with no overtime hours worked. These contemporaneous business records, which have already been produced to Plaintiffs' counsel numerous times, directly contradict the Complaint's fundamental allegation of systematic overtime violations.

Notably, Plaintiffs' counsel admitted in writing in an email dated May 14, 2025, stating: "I don't believe Mr. Hernandez [JGH] has records that identify the times he started and stopped working each day or that he worked 48 hours per week." This admission demonstrates that JGH lacks any supporting documentation for his overtime claims, and the same for Esnol if he also lacks any supporting documentation for his overtime claims. The combination of Plaintiffs' counsel's admission that JGH lacks supporting documentation, the existence of payroll records showing no overtime work, and the filing of a complaint alleging systematic overtime violations demonstrates a failure to conduct reasonable investigation before filing suit, which may subject the claims to dismissal with prejudice and potential sanctions under Federal Rule of Civil Procedure 11(b).

Statewide did not willfully violate the FLSA, and any alleged violations, if they occurred, were not willful. Therefore, Plaintiffs are not entitled to liquidated damages under 29 U.S.C. § 216(b). Statewide maintains payroll records, accounting records, and pay and payroll practices that demonstrate compliance with applicable wage and hour laws, including compliance with prevailing wage requirements for the Miami-Dade County project, with appropriate hourly rates, benefits, and deductions properly documented and reported.

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations. The alleged violations occurred during a limited period from April 2023 through September 2023, as represented by JGH in the Joint Scheduling Report, and any claims outside the applicable limitations period are time-barred. This significantly limits the scope and damages of any potential claims.

Furthermore, Plaintiffs are not in possession, custody, or control of any documents showing correspondence or communications with Statewide or Melo relating to overtime work, time sheets or records showing overtime hours, employee manuals or policies indicating overtime work requirements, any modifications to time records, or any complaints from Plaintiffs regarding unpaid wages during their employment. The absence of such corroborating documentation supports Statewide's position that no overtime violations occurred.

12) Please identify the number of people who worked for Statewide Electrical Services, Inc., whether as an independent contractor or as an employee, during the three years before the filing of the initial Complaint in this case, and state each person's name, position/title, status (independent contractor or employee) and dates of work (and if no longer an employee, his /her last known address, email address, and mobile phone number):

**Answer: Objection.** Statewide objects to this interrogatory as overly broad, unduly burdensome, not relevant to the claims and defenses at issue in this action, not within the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory seeks employment information for all persons who worked for Statewide during a three-year period, which extends far beyond the scope of Plaintiffs' individual claims for alleged unpaid overtime wages. The burden and expense of compiling three years of comprehensive employment records, including personal contact information for numerous former employees and independent contractors who have no connection to Plaintiffs' claims, is disproportionate to the needs of this case. Additionally, the request for personal contact information including last known addresses, email addresses, and mobile phone numbers of former employees raises significant privacy concerns and is not reasonably necessary for the prosecution or defense of this action. This interrogatory constitutes an improper fishing expedition seeking information that extends far beyond the scope of the claims and defenses properly at issue in this litigation.

13) Please identify all administrative regulations, orders, rulings, and interpretations, administrative practices, and enforcement policies of United States agencies on which you relied to not pay overtime to the Plaintiff or Opt-In Plaintiff, including the date you received, printed, and/or first consulted each.

**Answer:** None. Neither the Plaintiff nor the Opt-In Plaintiff worked more than 40 hours in a week.

14) Please state whether you disclosed all money you paid to Plaintiff in each IRS Form W-2 and/or 1099 you issued to Plaintiff. If not, please identify all money you did not disclose, the tax filing in which you did not disclose that money, and all reasons why you did not.

**Answer:** Yes.

15) Please state whether you disclosed all money you paid to the Opt-In Plaintiff in each IRS Form W-2 and/or 1099 you issued to the Opt-In Plaintiff. If not, please identify all money you did not disclose, the tax filing in which you did not disclose that money, and all reasons why you did not.

9

**Answer:** Yes.

16) Please identify the individual(s) responsible for creating and maintaining time records for each day over the last five years.

**Answer:** Noel Melo.

17) Please identify each accountant and/or accounting firm you hired during the past 5 years by name, firm/business name, and address:

**Answer: Objection.** Statewide objects to this interrogatory as overly broad, unduly burdensome, not relevant to the claims and defenses at issue in this action, not within the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory seeks information regarding all accountants and accounting firms hired during a five-year period, which extends far beyond the scope of Plaintiffs' individual claims for alleged unpaid overtime wages. The identity of accounting professionals retained for general business purposes, tax preparation, auditing, or other financial matters unrelated to payroll and wage issues has no bearing on the specific factual and legal issues in this case. The burden of identifying and providing contact information for numerous accounting professionals over such an extended time period is disproportionate to the needs of this case and constitutes an improper fishing expedition.

18) Describe the time-keeping system Defendants used to monitor employee and/or independent contractor time and attendance. Please include in your response the name of any software/hardware provider, the contact information (name, address, telephone number) for your contact for that provider, and then identify the individual(s) responsible for tracking, submitting, and/or approving the hours documented as worked for payroll purposes.

**Answer:** During the relevant time period, Melo directly supervised the work activities of both Plaintiff and Opt-In Plaintiff in his capacity as their direct supervisor. In this supervisory role, Melo maintained contemporaneous time records and monitored the hours worked by the employees under his supervision. These time records, created in the ordinary course of business operations, documented the hours worked by employees and were utilized for payroll and project management purposes. The contemporaneous nature of these records, maintained by the direct supervisor with personal knowledge of the employees' work schedules and attendance, provides reliable documentation of the actual hours worked during the relevant period.

19) State whether Defendants ever discussed with Plaintiff and/or Opt-In Plaintiff the subject of overtime compensation. If your answer is yes, please state the nature of any such discussions as well as the dates on which such discussions took place and the name, address, email address, and telephone number of the individual(s) who spoke with Plaintiff and/or Opt-In Plaintiff.

**Answer:** No.

STATEWIDE ELECTRICAL SERVICES, INC.

BY: _____

As its Authorized Agent

PRINT NAME: Noel Melo

TITLE: President

STATE OF FLORIDA         :

                    :SS.

COUNTY OF <u>MIAMI-DADE</u>

Before me, the undersigned authority personally appeared <u>Noel Melo</u> who, after being duly sworn, states under oath that s/he is authorized to execute the foregoing Answers to Interrogatories on behalf of Statewide Electrical Services, Inc., and that they are true and correct to the best of her/his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this <u>15th</u> day of <u>October</u>, 2025, and <u>who is</u> <u>personally known by me</u> or who produced _____ as identification.

<u>Paola Usuga</u>
Signature Notary Public – State of Florida

Print Name: <u>Paola E. Usuga</u>

My Commission Expires: <u>Dec. 06, 2028</u>

Notary Public State of Florida
Paola E. Usuga
My Commission HH 597577
Expires 12/6/2028

12