FairLaw Firm

135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146

TEL 305.230.4884 FAX 305.230.4844

*www.fairlawattorney.com*

February 24, 2025

Via Email and U.S. Mail
Noel Melo
Statewide Electrical Services, Inc.
12905 W. Okeechobee Road, Bay #4
Hialeah, Florida 33018
statewideelectrical@yahoo.com

**RE:** ***Jesus E. Gonzalez Hernandez vs. Statewide Electrical Services, Inc. and Noel Melo***
**DEMAND FOR PRESERVATION AND FOR INSURANCE INFO.**

Dear Mr. Melo:

Jesus E. Gonzalez Hernandez retained my office to represent him in connection with his claim(s) involving your/Statewide Electrical Services, Inc.'s failure to timely pay him the commissions and/or bonuses that he earned in accordance with Florida law, as well as overtime wages he earned pursuant to the Fair Labor Standards Act. Mr. Gonzalez Hernandez has asked that you communicate with my office, instead of with him, from now on. I am sending you this letter to advise you of your obligations to preserve evidence and to obtain information regarding the insurance coverage available to your company pursuant to Florida law.

***Demand for the Preservation of Evidence***

You, your company, and your agents have a duty to preserve evidence relevant to my client's employment and claims prior to our initiating any administrative action, prior to our filing of a lawsuit, and prior to the entry of an order requiring such preservation. You are instructed to maintain all information, documents, and materials related to the employment of Mr. Gonzalez Hernandez, including his entire personnel file, earnings history, all records of payments to Mr. Gonzalez Hernandez, all documents relating to the basis for all wages, commissions, and bonuses earned and/or claimed by Mr. Gonzalez Hernandez, and all documents relating to work that you and/or Statewide Electrical Services, Inc. have performed in connection with the Miami-Dade County Metrorail. This request includes both paper records and electronic data. Because electronic data may be an irreplaceable source of discovery in this matter, it is your duty and that of your agents to preserve all potentially relevant electronic data, including but not limited to emails with and regarding Mr. Gonzalez Hernandez, text messages with and regarding Mr. Gonzalez Hernandez, and inter-office communications with and regarding Mr. Gonzalez Hernandez.

You should now immediately suspend all features of your electronic and data retention policies that – whether manually or automatically – delete or destroy information or materials that may be relevant to Mr. Gonzalez Hernandez's claims. While I understand that some data retention policies in effect may automatically be set to destroy or delete data that may otherwise be considered stale, you should promptly disable or modify any such protocol to protect against the destruction of relevant information from the inception of Mr. Gonzalez Hernandez's employment forward.

Understand that the loss or destruction of any evidence that you have been directed to preserve, or which you reasonably anticipated could be related to Mr. Gonzalez Hernandez's claims or defense thereto, could lead to the imposition of sanctions should we proceed to litigation.

I have put together a list of some examples of the types of information and materials that you should keep in order to comply with your legal obligations to preserve evidence:

*Electronic Information*

- Emails
- Text messages
- WhatsApp Messages
- Social media (Twitter, Snapchat, Instagram, Facebook, TikTok, etc.) posts, comments and pictures
- Voicemails
- Video and audio recordings
- Surveillance footage
- Calendar entries and invite
- Documents (.pdf, Word, Excel)
- Cloud-based documents

While storing this information online (in the cloud) may be helpful, you should make sure that you also download copies of the information to be stored locally, on a computer or portable hard drive or USB drive, right now.

*Paper Documents*

- Time cards / records
- Pay stubs
- Work schedules
- Employee manuals
- Personnel files
- Tax records
- Memoranda

- Written warnings or counseling statements
- Letters
- Personal notes, handwritten diaries, and personal calculations
- Records received from other people (doctors, witnesses, co-workers, bills)
- Pictures, drawings, charts

*Electronic Devices*

- Computers (including laptops)
- Servers
- Tablets
- Cell phones
- Video cameras
- Digital recorders

You should not trade in, replace, perform a factory re-set, "wipe", or "clear" any device on which information relevant to the case could be stored. If you have to change, upgrade, or destroy a device, you must make sure that you first make and keep an electronic copy of the information stored on that device.

The above is not meant to be a complete list of the documents, items, and information that you need to keep, but examples of the types of things that you should be thinking about. If there are other items that you believe to be important (for example, a t-shirt or other item), then please retain these other items as well.

***FLORIDA REQUIRES THE PROMPT PAYMENT OF WAGES***

In exchange for the completion of Phase 3 of your/Statewide Electrical Services, Inc.'s Miami-Dade Metrorail project, you agreed to pay Mr. Gonzalez Hernandez a commission or nondiscretionary bonus of **$150,000**, plus 10% of all earnings from the project's change orders. Additionally, in exchange for the completion of Phase 2 of the Miami-Dade Metrorail project, you agreed to pay Mr. Gonzalez Hernandez a commission or nondiscretionary bonus of **$10,000**. Although this project was completed in October 2023, to date, you have failed to pay Mr. Gonzalez Hernandez based on the parties' agreement(s) for compensation. Furthermore, although Mr. Gonzalez Hernandez typically worked approximately 48 hours per week for you and Statewide Electrical Services, Inc. between April and October 2023, you have failed to pay him at a rate of at least one and one-half times his regular rate of pay ($50.52) for hours worked over 40 per week, pursuant to Fair Labor Standards Act, 29 U.S.C. §207. Accordingly, we estimate that you owe Mr. Gonzalez Hernandez approximately **$15,762.24** in unpaid overtime wages (in addition to the above commissions/bonuses), calculated as follows: 26 weeks × [($50.52 × 1.5) × 8 hours/week].

Mr. Gonzalez Hernandez's claim for the above commissions or nondiscretionary bonuses constitutes a claim for wages pursuant to Fla. Stat. §448.08. In Florida, the failure to pay commissions or nondiscretionary bonuses is considered the same as failure to pay of wages. *Gulf Solar, Inc. v. Westfall*, 447 So. 2d 363, 367 (Fla. 2d DCA 1984) ("We disagree with the trial court and hold that the commissions (or override) which the trial court found owing by appellants to Westfall are wages within the meaning of section 448.08.") "Pursuant to section 448.08, Florida Statutes (2004), the prevailing party in an unpaid wages claim is entitled to an award of attorney's fees and costs." *Ocean Club Cmty. Ass'n, Inc. v. Curtis*, 935 So. 2d 513, 516 (Fla. 3d DCA 2006). Similarly, under 29 U.S.C. §216 of the Fair Labor Standards Act, employers who violate the Act's overtime wage provision "shall be liable" for payment of all unpaid overtime wages, plus "an additional equal amount as liquidated damages[,]" reasonable attorney's fees, and costs of pursuing repayment. Accordingly, Mr. Gonzalez Hernandez reserves the right to pursue Statewide Electrical Services, Inc. and Noel Melo, individually, for Mr. Gonzalez Hernandez's attorneys' fees and costs incurred in having to retain counsel to recover the wages that he earned but did not receive, which at this time amounts to approximately $5,000.00, in addition to the principal amount owed to him.

**<u>Demand for Disclosure Insurance Information</u>**

In addition to preserving the foregoing, and pursuant to Fla. Stat. §627.4137, you are required to disclose the name and coverage of each known insurer to my office and forward this request for information to all affected insurers. You are further directed to immediately forward a copy of this letter to each insurer who may provide coverage, indemnity, and/or a defense. Each such insurer is then required to furnish my office with a statement, under oath, of a corporate officer or insurer's claims manager or superintendent setting forth the following information with regard to each known policy of insurance, including excess or umbrella insurance, as well as the following information:

(a) The name of the insurer;
(b) The name of each insured;
(c) The limits of the liability coverage;
(d) A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement; and
(e) A copy of the policy.

Your insurer is required to amend the information provided above immediately upon discovery of facts calling for an amendment to such statement.

I look forward to receipt of the above disclosures **within 30 days** of receipt of this request. If you would like to discuss how we can amicably resolve this matter, and prior to our proceeding with any administrative or legal remedy, then please contact my office so that we can provide you with our demand.

Sincerely,

P. Brooks LaRou, Esq.
brooks@fairlawattorney.com

cc: Client