**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-22530-JB/Torres

JESUS E. GONZALEZ HERNANDEZ, and
ESNOL ALEJANDRO GONZALEZ CANTERO,

Plaintiffs,

vs.

STATEWIDE ELECTRICAL SERVICES, INC., and
NOEL MELO,

Defendants.
_______________________________________________/

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OR REFERENCE TO PRIOR FLSA LAWSUITS OR CLAIMS AGAINST DEFENDANTS AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b), Defendants Statewide Electrical Services, Inc. ("Statewide") and Noel Melo ("Melo") move this Court for an order excluding from evidence at trial, and precluding any reference to, any prior lawsuit, charge, complaint, or claim of unpaid overtime or other violation of the Fair Labor Standards Act ("FLSA") asserted against Defendants by any person other than the Plaintiffs in this action, including without limitation the prior lawsuit brought by former Statewide employee Yonel Hernandez, and any settlement or resolution thereof.

**SUMMARY OF ARGUMENT**

The prior *Hernandez* lawsuit is inadmissible on two independent grounds.

First, it is inadmissible propensity evidence under Rule 404(b). The only purpose for which a prior overtime suit by a different employee could conceivably be offered against Defendants is to prove that they knew of their FLSA obligations. But Defendants do not contest that they were

aware of their obligations under the FLSA. With knowledge conceded and removed from the case, the prior suit is relevant to no issue other than character, and serves only to invite the forbidden inference that because Defendants were once sued for unpaid overtime, they are the kind of employers that fail to pay overtime, and therefore failed to pay these Plaintiffs.

Second, the prior lawsuit must be excluded under Rule 403. It was never adjudicated. It was resolved by settlement, so its probative value is negligible, while admitting it would require a mini-trial on collateral issues and invite the jury to decide this case on an impermissible assumption of serial wrongdoing.

The settlement that resolved the *Hernandez* action is inadmissible for the same reasons. It carries no probative value independent of the suit it resolved, and its only conceivable use at trial would be to suggest that Defendants paid because they believed themselves liable.

## BACKGROUND

### A. The Prior *Hernandez* Lawsuit

Yonel Hernandez, a former Statewide employee (no family relation to plaintiffs), brought a prior action against Statewide and Melo in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, that asserted, among other claims, a claim for unpaid overtime wages under the FLSA. *See Hernandez v. Statewide Electrical Services, Inc.*, No. 2019-29508-CA-01 (Fla. 11th Jud. Cir. Ct.) (filed Feb. 6, 2020); Ex. A to D.E. 33 (ECF No. 33-1), Melo Dep. 110:4–25, 111:15–23, 112:10–17. That action was filed years before the events at issue here and was resolved by settlement, with the claimant executing a release acknowledging that he had been paid in full and was owed nothing further for overtime or unpaid wages. Melo Dep. 111:1–8, 112:7–9. No judgment or other adjudication of liability against Defendants was ever entered.

Melo confirmed at deposition that the *Hernandez* action is the only occasion on which Defendants were sued for a violation of the FLSA. Melo Dep. 110:1–3.

**B. Plaintiffs' Injection of the Prior Lawsuit Into This Case**

Plaintiffs' counsel examined Melo at length about the prior *Hernandez* action at his February 2, 2026 deposition. Melo Dep. 109:16–113:25. Plaintiffs then relied on that action in their Response in Opposition to Defendants' Motion for Summary Judgment, asserting that "Defendants have previously been sued for the same conduct by another employee, Yonel Hernandez, for unpaid overtime," and that Plaintiffs' "claims do not arise in a vacuum; they arise against a company with a documented history of allegedly failing to pay overtime to its workers." D.E. 37 at 15. The present action concerns only whether Plaintiff Jesus E. Gonzalez Hernandez and opt-in Plaintiff Esnol Gonzalez Cantero worked uncompensated overtime hours on Statewide's Miami-Dade Metrorail Project 412034. The *Hernandez* action involved a different employee, different work, and a different time period, and was resolved without any finding of liability.

**C. Defendants Do Not Dispute Awareness of Their FLSA Obligations**

Defendants do not dispute, and affirmatively acknowledge, that at all relevant times they were aware of their obligations under the FLSA. Melo, Statewide's owner and corporate representative, testified that he is personally "in charge of" FLSA compliance, that he has "read the law several times," and that because "Florida is not regulated by any labor law," Statewide's practices "ha[ve] been within the limits and the guidelines that the FLSA provides." Melo Dep. 109:4–15. He testified that Statewide "follow[s] the FLSA regulations" as its timekeeping policy, Melo Dep. 32:10–15, that Statewide's pay policy is "based on the FLSA," Melo Dep. 113:2-11, and that he understood Statewide's obligation to "pay overtime [for] more than 40 hours a week,"

Melo Dep. 86:24–25. Defendants' knowledge of their FLSA obligations is therefore not a contested issue in this case.

## MEMORANDUM OF LAW

### I. EVIDENCE OF THE PRIOR LAWSUIT IS INADMISSIBLE PROPENSITY EVIDENCE UNDER RULE 404(b), AND NO PERMISSIBLE NON-CHARACTER PURPOSE SURVIVES.

Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may be admissible only "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Eleventh Circuit applies a three-part test: the evidence "must be relevant to an issue other than the defendant's character"; there must be "sufficient evidence . . . to allow a jury to find that the defendant committed the extrinsic act"; and "the probative value of the evidence must not be substantially outweighed by its undue prejudice." *United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013) (citing *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008)). The same framework governs the admissibility of other-act evidence in civil cases.

The prior *Hernandez* lawsuit fails the first prong because it is relevant to no issue other than Defendants' characters. The only purpose for which a prior overtime suit by a different employee could conceivably be offered against Defendants is to prove that Defendants were aware of their obligations under the FLSA, that is, to prove knowledge within the meaning of Rule 404(b)(2). But Defendants do not contest that they were aware of their FLSA obligations. Defendants affirmatively acknowledged that knowledge through the sworn testimony of Statewide's owner and corporate representative, as set forth above. Where the fact that other-act

evidence is offered to prove is conceded and not in dispute, the evidence has no permissible purpose and serves only to invite the forbidden propensity inference. *Cf. Old Chief v. United States*, 519 U.S. 172, 191 (1997) (a party's concession bears directly on the probative value of, and the need for, the proffered evidence).

With knowledge removed from the case, the sole remaining inferential path from the *Hernandez* suit to Plaintiffs' claims is the impermissible one: that because Defendants were sued once before for unpaid overtime, they are the kind of employers that fail to pay overtime, and therefore failed to pay these Plaintiffs. That is precisely the propensity inference Rule 404(b)(1) forbids. Plaintiffs' own summary judgment papers confirm that this is the purpose for which they offer the prior action. They invoke it to establish that Statewide is "a company with a documented history of allegedly failing to pay overtime to its workers." D.E. 37 at 15. That is an appeal to character and propensity, not to any permissible purpose enumerated in Rule 404(b)(2).

Courts in this Circuit addressing this precise issue have excluded prior FLSA lawsuits for exactly the same reasons. In *Goussen v. Mendez Fuel Holdings, LLC*, No. 18-20012-CIV, 2018 WL 5831084 (S.D. Fla. Nov. 7, 2018), the court granted the defendants' motion in limine and excluded all references to prior FLSA lawsuits brought by other employees. The court reasoned that admitting such evidence would effectively create a mini-trial about the merits of those prior cases and collateral issues having no bearing on the present dispute, while inviting the jury to decide the case based on nothing more than the impermissible inference that the defendant is a repeat violator. Because Defendants do not contest their awareness of their FLSA obligations, the only purpose for which the prior suit could be offered is removed from the case. What remains is the forbidden inference that Defendants are the kind of employers that fail to pay overtime. The same reasoning that governed *Goussen* compels exclusion here.

## II. THE PRIOR LAWSUIT MUST BE EXCLUDED UNDER RULE 403 BECAUSE IT WOULD CREATE A MINI-TRIAL ON COLLATERAL ISSUES AND UNFAIRLY PREJUDICE DEFENDANTS.

Even if the prior lawsuit cleared Rule 404(b), it should be excluded under Rule 403, which permits exclusion of relevant evidence where "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time." Fed. R. Evid. 403.

The probative value of the *Hernandez* suit is negligible. It was never adjudicated. It resolved by settlement, with the claimant executing a release acknowledging full payment. Melo Dep. 111:1–8, 112:7–9. An unadjudicated, settled claim by a different employee, arising from different work in a different period, establishes nothing about whether these Plaintiffs worked uncompensated overtime on Project 412034.

Against that scant value stands substantial prejudice. Permitting the jury to hear that Defendants were previously sued for unpaid overtime would invite the jury to decide this case on the impermissible assumption that Defendants are serial wage violators. And litigating the prior suit would require a trial within the trial: the circumstances of Hernandez's employment, the nature of his claims, the terms of his settlement, and the meaning of his release, all collateral to whether these Plaintiffs were paid for the hours they actually worked.

The Southern District of Florida has repeatedly excluded prior FLSA lawsuits on exactly this basis. In *Goussen*, the court agreed that "raising . . . prior employee lawsuit[s] would effectively create a 'mini-trial' about the merits of the previous case[s] and other 'collateral issues' that may not relate to the present case." No. 18-20012-CIV, 2018 WL 5831084 (S.D. Fla. Nov. 7, 2018) (quoting *Bui v. Minority Mobile Sys., Inc.*, No. 15-21317, 2016 WL 6518804, at *1 (S.D. Fla. Jan. 28, 2016), quoting *Anderson v. WBMG-42*, 253 F.3d 561, 567 (11th Cir. 2001)). The

court reached that result while making clear that exclusion deprived the plaintiff of nothing he was entitled to prove: although the witnesses could not reference any previous lawsuits brought against the defendants, they remained free, to the extent otherwise admissible, to testify about their own experiences working for the defendants. The same is true here. Whatever Plaintiffs seek to establish about Defendants' pay practices, they may establish through evidence of Defendants' conduct, without importing a separate suit brought years earlier by a different employee.

## III. THE SETTLEMENT THAT RESOLVED THE PRIOR LAWSUIT IS INADMISSIBLE ON THE SAME GROUNDS AS THE LAWSUIT ITSELF.

The resolution of the *Hernandez* action requires no separate analysis. The settlement is inadmissible for the same reasons the suit itself is inadmissible. It is offered to prove propensity and nothing else. It resolved no issue and adjudicated no liability. And placing it before the jury would draw the trial into the same collateral inquiry described in Part II, compounded by the additional questions of what the parties to that settlement intended, what the release meant, and why the claim resolved as it did.

The court in *Goussen* resolved this precise question in exactly that way. Having granted the defendants' motion to preclude references at trial to previous FLSA lawsuits filed against them, the court turned to their companion motion directed to the settlement agreements in those lawsuits and granted it for the same reasons it had excluded the existence of the suits themselves. *Goussen v. Mendez Fuel Holdings, LLC*, No. 18-20012-CIV, 2018 WL 5831084 (S.D. Fla. Nov. 7, 2018).

The settlement is also independently devoid of probative value. Claims are settled for many reasons that have nothing to do with their merit, and the only record evidence concerning this settlement is that the claim resolved and that the claimant executed a release acknowledging that he had been paid in full and was owed nothing further. Melo Dep. 111:1–8, 112:7–9. Nothing in that record tends to make it more or less probable that these Plaintiffs worked uncompensated

overtime hours on Project 412034. The evidence is irrelevant under Rules 401 and 402, and to the extent it carries any probative value at all, Rule 403 excludes it for the reasons stated in Part II.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order: (1) excluding from evidence at trial any prior lawsuit, charge, complaint, claim, or settlement of unpaid overtime or other FLSA violation asserted against Defendants by any person other than the Plaintiffs in this action, including the *Hernandez* lawsuit and its resolution; (2) precluding any reference to such matters, or any characterization thereof, in opening statement, closing argument, or examination of witnesses; (3) directing Plaintiffs and their counsel to instruct their witnesses not to mention any such matter in the jury's presence without first obtaining leave of Court outside the jury's presence; and (4) granting such further relief as the Court deems just and proper.

Respectfully submitted,

**STEPHEN R. VERBIT, P.A.**
6741 Orange Drive
Davie, Florida 33314
Tel: (954) 536-9428
sverbit@verbitlawfl.com

By: ____/s/_____________________________
**STEPHEN R. VERBIT**
Florida Bar No. 710857
Counsel for Defendants

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that prior to filing this Motion, counsel for Defendants conferred with counsel for Plaintiffs by email September 8, 2026 and by telephone on September 11, 2026, in a good faith effort to resolve the issues raised herein. Counsel for Plaintiffs has indicated that Plaintiffs oppose the relief requested.

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: _/s/__________________________
**STEPHEN R. VERBIT**