**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-22530-JB/Torres

JESUS E. GONZALEZ HERNANDEZ, and
ESNOL ALEJANDRO GONZALEZ CANTERO,

Plaintiffs,

vs.

STATEWIDE ELECTRICAL SERVICES, INC., and
NOEL MELO,

Defendants.
_______________________________________________/

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE AUDIO RECORDING AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 604, Defendants Statewide Electrical Services, Inc. ("Statewide") and Noel Melo move this Court for an order excluding from evidence at trial, and precluding any reference to, an audio recording disclosed by Plaintiffs in this matter.

**SUMMARY OF ARGUMENT**

The recording is inadmissible on three independent grounds. First, the recording is entirely in the Spanish language, and Plaintiffs have produced no certified English translation and disclosed no translator, leaving its contents beyond competent evidentiary use.

Second, Plaintiffs' own witness could not confirm that the recording contains any statement about overtime hours actually worked, any specific number of hours worked in any week, or any acknowledgment of an overtime obligation, rendering it irrelevant under Federal Rules of Evidence 401 and 402.

Third, the foundational predicate Plaintiffs claim for the recording has been destroyed by their own deposition testimony and contemporaneous project records, which establish that Plaintiffs were not at the location where they swore the conversation took place.

## BACKGROUND

### A. The Recording and Its Disclosure

Plaintiffs claim they possess an audio recording of a conversation among Plaintiff Jesus Gonzalez Hernandez ("JGH"), Esnol Gonzalez Cantero ("Esnol"), and Paola Usuga, who served as project manager and record keeper on Statewide's Miami-Dade Metrorail Project 412034 (the "Project"). Plaintiffs disclosed the recording in their Rule 26(a) initial disclosures and produced it to Defendants in discovery. Plaintiffs have attempted to claim the recording as corroborating evidence that a Statewide supervisor admitted a policy of not paying overtime.

The recording is entirely in the Spanish language. Plaintiffs have not produced a certified English translation at any point during discovery. No certified translator has been identified by Plaintiffs as a witness in their Rule 26(a) disclosures. No written transcription with a translator's certification has been produced or submitted to the Court. Discovery is now closed.

The recording was marked as Plaintiff's Exhibit 4 at the February 10, 2026 deposition of Paola Usuga [D.E. 33, Ex. G]. When plaintiffs' counsel sought to introduce the exhibit, she described it as "just an audio recording" with "no video or anything to accompany it," and could not state the date on which it was made, representing that it had been produced in Plaintiffs' Rule 26 disclosures. Ex. G, Usuga Dep. 93:13–22. Plaintiffs' counsel played a brief portion of the recording into the record; the deposition transcript reflects only: "UNKNOWN SPEAKER: (Speaks in Spanish)." Ex. G, Usuga Dep. 95:4-11. No voice was identified. No translation was provided.

**B. The Interrogatory Description of the Recording's Alleged Content**

In sworn answers to Defendants' Interrogatory No. 6, subparagraph (f), JGH described the recording as documenting a "particularly memorable discussion" that occurred at Station 2 (Santa Clara) on or about May 25, 2023, "when my son (Esnol), Ms. Usuga, and I discussed the issue." JGH's interrogatory answer states that Ms. Usuga "responded that the work had to be completed in 20 hours and said that if we exceeded 20 hours, we would not be paid for that week but would instead be compensated later with time off." Ex. C [D.E. 33], JGH Ans. to Rogs. No. 6(f). Esnol's interrogatory answers contain identical language. Ex. D [D.E. 33], Esnol Ans. to Rogs. No. 6(f).

**C. Esnol's Deposition Testimony**

At his February 24, 2026 deposition [D.E. 33, Ex. K], Esnol was examined about the content of the "particularly memorable" conversation. His testimony is addressed in full in Section II below.

**D. The Project Records Establish That Plaintiffs Were Not at Santa Clara on May 25, 2023**

Defendants' contemporaneous project records, including the "412034 Hours" Microsoft Excel spreadsheet produced pursuant to Defendants' Supplemental Rule 26(e) Disclosure filed February 9, 2026 [D.E. 28], establish that on May 25, 2023, JGH and Esnol were not at Station 2 (Santa Clara). The project log for that date reflects that the crew performed demolition and floor testing at Gap Tie 2 ("GT2"), a non-public electrical equipment facility that is not a passenger station and requires a county escort for access. Ex. J [D.E. 33], JGH Dep. 68:1–70:20. Esnol confirmed at deposition that he was "not 100 percent sure" the conversation took place at Station 2 and could not recall what specific work he was performing that day. Ex. K, Esnol Dep. 27:15–28:5.

## MEMORANDUM OF LAW

### I. THE RECORDING IS INADMISSIBLE BECAUSE NO CERTIFIED ENGLISH TRANSLATION HAS BEEN PRODUCED OR DISCLOSED.

The recording is entirely in the Spanish language. The deposition transcript records the played portion as: "UNKNOWN SPEAKER: (Speaks in Spanish)." Ex. G, Usuga Dep. 95:11. No certified English translation has been produced in this case. No translator has been disclosed as a witness. No sworn certification of any translation has been filed.

Federal Rule of Evidence 604 provides that an interpreter is "subject to any rule of law relating to qualification as an expert and the administration of an oath or affirmation that the interpreter will make a true translation." A recording offered for its substantive content requires a competent translation as a predicate to admissibility. Without a certified translation in evidence, there is no competent record of the recording's contents. Any effort by Plaintiffs at trial to characterize the recording's contents through witness testimony, opening statement, or closing argument, without a certified translation in evidence, is independently objectionable.

Plaintiffs' failure to produce a certified translation during the discovery period, now closed, is a deficiency under Rule 26(a) and Rule 37 that cannot be remedied on the eve of trial. Permitting a late-disclosed translation would prejudice Defendants' ability to evaluate, investigate, and challenge the translation, and would reward Plaintiffs' failure to comply with their disclosure obligations.

### II. THE RECORDING IS IRRELEVANT BECAUSE PLAINTIFFS' OWN WITNESS COULD NOT CONFIRM THAT IT CONTAINS COMPETENT EVIDENCE OF OVERTIME HOURS WORKED.

Federal Rule of Evidence 401 defines relevant evidence as evidence having "any tendency to make a fact of consequence in determining the action more or less probable than it would be

without the evidence." Federal Rule of Evidence 402 provides that irrelevant evidence is not admissible. The central fact at issue is whether JGH and Esnol actually worked overtime hours for which they were not compensated. A recording is relevant to that question only if it tends to make that fact more or less probable.

The recording fails this threshold test on the testimony of Plaintiffs' own witness. At his deposition, Esnol was examined about the content of the conversation he identified as the "particularly memorable discussion" documented in Plaintiffs' interrogatory answers, *i.e.*, the single identified conversation in which Plaintiffs claim a Statewide representative acknowledged the overtime pay issue. His testimony on the operative questions is as follows:

> Q: In that conversation, did Paola say anything about how many hours you should work per day? A: I don't remember. Ex. K, Esnol Dep. 30:18–20.
>
> Q: Did Paola say anything in that conversation about how many hours you should work per week? A: I don't remember. Ex. K, Esnol Dep. 30:21–23.
>
> Q: Did Paola say anything in that conversation about working more than 40 hours in a week? A: I don't remember. Ex. K, Esnol Dep. 30:24–31:01.
>
> Q: In this conversation, did Paola tell you that you had actually worked more than 40 hours in any particular week? A: I don't remember. Ex. K, Esnol Dep. 31:02–05.
>
> Q: Did Paola acknowledge that you had worked any overtime? A: She 100 percent knew that we worked extra hours. Q: My question was, in that conversation, did Paola acknowledge that you had worked overtime? A: I don't remember. Ex. K, Esnol Dep. 31:06–12.
>
> Q: Did Paola say the word "overtime" during this conversation? A: I don't remember. Ex. K, Esnol Dep. 31:13–15.
>
> Q: In this conversation, did anyone state a specific number of hours that you or your father had actually worked in a particular week? A: I don't remember. Ex. K, Esnol Dep. 31:16–19.
>
> Q: Did anyone in this conversation say anything like, "You worked 48 hours last week" or "You worked 50 hours last week"? A: I don't remember. Ex. K, Esnol Dep. 31:20–23.

The sole exception in this series is Esnol's initial response at line 8–9, "She 100 percent knew that we worked extra hours," which is his characterization of Usuga's general awareness, not testimony that anyone in the conversation stated a specific number of overtime hours worked or acknowledged a specific FLSA obligation. When the question was rephrased to ask whether Paola, in that specific conversation, acknowledged that he had worked overtime, Esnol's answer was "I don't remember." Ex. K, Esnol Dep. 31:10–12. His most substantive description of the conversation's content was that Usuga said the Project work at a station "had to be completed in 20 hours," which, at most, describes a project time allotment for a station assignment, not a statement about hours actually worked above 40 in any week.

A witness who claims to have been present at a "particularly memorable" recorded conversation and who cannot confirm that it contains any reference to specific overtime hours worked, any explicit acknowledgment of an overtime obligation, any hour count for any workweek, or even that the word "overtime" was spoken provides no foundation for a finding that the recording tends to make any fact of consequence more or less probable. The recording is irrelevant under Rule 401 and inadmissible under Rule 402.

Nor can Plaintiffs cure this deficiency by speculating about what the recording might contain. Relevance must be established by admissible evidence, not by counsel's characterization of an untranslated recording not in evidence and which Esnol, examined about it at deposition, could not confirm contains any statement about overtime hours worked. The interrogatory description of the conversation, that Usuga said the project work had to be completed in 20 hours and that hours beyond that budget "would not be paid for that week," does not establish that any overtime was actually worked. It contains no acknowledgment of hours actually worked above 40 per week and no admission of any FLSA violation.

## III. THE FOUNDATIONAL PREDICATE FOR THE RECORDING HAS BEEN DESTROYED BY PLAINTIFFS' OWN ADMISSIONS AND THE CONTEMPORANEOUS PROJECT RECORDS.

Even setting aside the foregoing grounds, the recording lacks any admissible foundation because Plaintiffs cannot establish the factual predicate they claim for it. Plaintiffs' sworn interrogatory answers place the recorded conversation at Station 2 (Santa Clara) on or about May 25, 2023. The contemporaneous project records establish that on May 25, 2023, JGH and Esnol were performing demolition and floor testing at Gap Tie 2, not at Station 2. Esnol admitted at deposition that he was "not 100 percent sure" of the location and could not recall what specific work he was performing that day. Ex. K, Esnol Dep. 27:15–28:5.

The conversation Plaintiffs claim the recording documents, at a specific station, on a specific date, with a specific supervisor, is the foundational predicate for the recording's relevance. If Plaintiffs were not at Station 2 on May 25, 2023, then either the recording was made at a different time and place than claimed, calling into question whether it documents what Plaintiffs say it documents; or the recording's content does not support Plaintiffs' characterization. Under Federal Rule of Evidence 104(b), the relevance of an item conditioned on fact is determined by whether sufficient proof has been introduced to support a jury finding that the condition is fulfilled. Here, the condition, that the recording documents a conversation at Station 2 on or about May 25, 2023, cannot be established because the project records contradict it and Plaintiffs' own witness could not confirm the location or date.

## IV. IN THE ALTERNATIVE, THE RECORDING SHOULD BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE 403.

If the Court were to find the recording admissible over the foregoing grounds, it should nonetheless be excluded under Federal Rule of Evidence 403. Without a certified translation in

evidence, allowing the recording to be played for a jury creates a substantial risk of unfair prejudice, confusion of the issues, and misleading the jury. Jurors who speak Spanish may draw their own inferences from the content without a sworn translation. Jurors who do not speak Spanish would be exposed to uninterpretable audio with no sworn translation to convey its meaning. Plaintiffs' counsel would then be free to characterize the content in argument without any evidentiary foundation for that characterization. The probative value of an untranslated foreign-language recording, whose foundational predicate has been impeached, whose meaning has never been placed before the Court in any sworn translation, and which Esnol could not confirm contains any statement about overtime hours worked, is substantially outweighed by these dangers.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order: (1) excluding the audio recording from evidence at trial; (2) precluding any reference to the recording, its alleged contents, or any characterization of its contents in opening statement, closing argument, or examination of witnesses; and (3) granting such further relief as the Court deems just and proper.

Respectfully submitted,

**STEPHEN R. VERBIT, P.A.**
6741 Orange Drive
Davie, Florida 33314
Tel: (954) 536-9428
sverbit@verbitlawfl.com

By: ______/s/____________________________
**STEPHEN R. VERBIT**
Florida Bar No. 710857
Counsel for Defendants

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that prior to filing this Motion, counsel for Defendants conferred with counsel for Plaintiffs by email September 8, 2026 and by telephone on September 11, 2026, in a good faith effort to resolve the issues raised herein. Counsel for Plaintiffs has indicated that Plaintiffs oppose the relief requested.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/____________________________
**STEPHEN R. VERBIT**