UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22530-BECERRA/TORRES

JESUS E. GONZALEZ HERNANDEZ,

Plaintiff,

vs.

STATEWIDE ELECTRICAL SERVICES, INC.
and NOEL MELO,

Defendants.
______________________________/

**PLAINTIFFS' OMNIBUS MOTION IN LIMINE**

Plaintiffs, Jesus E. Gonzalez Hernandez ("Mr. Gonzalez") and Esnol Alejandro Gonzalez Cantero ("Mr. Cantero") (together, "Plaintiffs"), by and through undersigned counsel, respectfully move this Court, in limine, for an order precluding Defendants, Statewide Electrical Services, Inc. ("Statewide") and Noel Melo ("Melo") (together, "Defendants"), and their counsel and witnesses, from making any reference to, offering any evidence of, or advancing any argument concerning the matters identified below, and in support state as follows:

**I. INTRODUCTION AND BACKGROUND**

1. This is a single-count action for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Plaintiffs filed their Complaint on June 3, 2025, alleging that Defendants failed to pay them the overtime wages required by the FLSA. [ECF No. 1].

2. Plaintiffs worked for Defendants as electricians on a Miami-Dade County Metrorail public-works project between April and September 2023, performing electrical installation work

across six stations. Each Plaintiff claims 84 hours of unpaid overtime during that April-through-September 2023 window.

3. The trial of this case is currently scheduled for the Court's two-week trial period commencing November 2, 2026.

4. In advance of trial, and pursuant to the parties' conferral, Plaintiffs move to exclude the categories of evidence and argument set forth below. As detailed in the Certificate of Conferral, the parties have reached agreement, on a mutual and reciprocal basis, as to several of these matters, and the remaining matters are addressed on the merits.

## II. LEGAL STANDARD

The Court has broad discretion to manage the conduct of trial and to exclude evidence in limine that is irrelevant, that would confuse or mislead the jury, or whose probative value is substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 401, 402, 403; *Fitzgerald v. McDaniel*, 833 F.2d 1516, 1521 (11th Cir. 1987) ("The application of [R]ule 403 of the Federal Rules of Evidence is a matter within the broad discretionary powers of the district court."). A motion in limine permits the Court to rule in advance on the admissibility of anticipated evidence so as to avoid the injection of prejudicial or inadmissible matters before the jury. *Rosado v. Forever Proposane Sales & Serv.*, 2019 U.S. Dist. LEXIS 92294, at *3 (S.D. Fla. June 3, 2019).

As set forth below, the categories of evidence and argument at issue are inadmissible under the Federal Rules of Evidence, are irrelevant to the narrow question of whether Defendants failed to pay Plaintiffs the overtime wages owed under the FLSA between April and September 2023, and would serve only to confuse the issues and unfairly prejudice Plaintiffs.

## III. MATTERS AGREED UPON BY THE PARTIES

Following conferral, the parties have agreed on a mutual, reciprocal, and equally applicable basis that there shall be no reference, evidence, or argument at trial concerning the following matters. Plaintiffs respectfully request that the Court enter an order memorializing these agreements:

(a) *Attorneys' fees.* No party shall reference, offer evidence of, or argue attorneys' fees.

(b) *Liquidated damages.* No party shall reference, offer evidence of, or argue liquidated damages.

(c) *Superseded pleadings.* No party shall reference, offer evidence of, or argue any pleading that has been superseded.

(d) *Rule 11, sanctions, and bad-faith filing.* No party shall reference, offer evidence of, or argue Rule 11, sanctions, or bad-faith filing. This agreement does not preclude Defendants from presenting evidence or argument that Plaintiffs' overtime estimates are unreliable, which goes to the weight of Plaintiffs' testimony.

(e) *Contacting the DOL, an attorney, or making written complaints during employment.* Defendants shall not assert that Plaintiffs acted improperly or in violation of the law by not contacting the U.S. Department of Labor, an attorney, or making written complaints during their employment. Defendants may present evidence that Plaintiffs did not in fact do so, offered on the issue of timeline rather than as any claimed violation.

(f) *Time window.* No party shall reference, offer evidence of, or argue hours worked or pay received outside the April 2023 through September 2023 window.

(g) *Acceptance or signing of paychecks.* Defendants shall not argue that Plaintiffs' acceptance or signing of paychecks waived any rights under the FLSA or established Plaintiffs' consent to the pay or hours the pay represented. Defendants may adduce evidence that Plaintiffs accepted or signed paychecks, offered on grounds other than waiver or consent.

(h) *Immigration and identity matters.* No party shall reference, offer evidence of, or argue Plaintiffs' immigration, citizenship, or residency status, work authorization, Social Security number, alien-registration number, Form I-9 documents, or related immigration or identity issues.

(i) *Family-law matters.* No party shall reference, offer evidence of, or argue any family-law matters, paternity, child support, or domestic issues involving Plaintiffs.

In addition, the parties have agreed that Defendants shall not argue or introduce evidence that Statewide is unable to satisfy a judgment, or invoke Statewide's size or "small business" status as a basis for sympathy or hardship. This agreement does not restrict Defendants from adducing testimony or evidence regarding the size of the company and the number of employees it typically has at any given time, which Defendants contend is offered for jury context about the scale of the operation and not as an inability-to-pay or hardship argument.

**A. Materials and Documents Not Timely Disclosed or Produced in Discovery**

Plaintiffs move to exclude, on a mutual and reciprocal basis, any materials or documents that a party failed to timely disclose or produce during discovery in accordance with Federal Rule of Civil Procedure 26(a) and (e). A party that fails to provide information or produce a document as required by Rule 26(a) or (e) is not permitted to use that information or document at trial unless the failure was substantially justified or harmless. See Fed. R. Civ. P. 37(c)(1). The burden of

establishing that a Rule 26 violation was substantially justified or harmless rests with the non-disclosing party. *See OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008). In determining harmlessness, courts weigh: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. See *Dero Roofing, LLC v. Triton, Inc.*, 344 F.R.D. 566, 571 (M.D. Fla. 2023). Any material or document withheld until after the close of discovery denies the opposing party a fair opportunity to examine it, question witnesses about it, and develop rebuttal evidence, and permitting its introduction for the first time at trial would require reopening discovery on the eve of trial and disrupting the proceedings. Materials and documents that were not timely disclosed or produced during discovery should therefore be excluded at trial.

**B. Any Lawsuits Filed by or Against Plaintiffs Other Than This One**

Plaintiffs move to exclude, on a mutual and reciprocal basis, any reference to, evidence of, or argument concerning any lawsuit filed by or against Plaintiffs other than this action. Such matters are irrelevant to Plaintiffs' overtime claims and would serve only to prejudice the jury. *See* Fed. R. Evid. 401-403.

This request does not, however, extend to any prior lawsuit against Statewide and/or Melo asserting a claim for overtime or other wages under the FLSA. Specifically, Statewide and Melo were previously sued for unpaid overtime by a former employee in *Hernandez v. Statewide Electrical Services, Inc.*, No. 2019-29508-CA-01 (Fla. 11th Cir. Feb. 6, 2020), and Melo confirmed that prior lawsuit at his deposition. That prior FLSA overtime lawsuit remains relevant and admissible

because it bears on Defendants' notice of the FLSA's recordkeeping requirements and on the willfulness and good-faith issues that inform the availability of liquidated damages. See 29 U.S.C. § 255(a) (extending the limitations period to three years for a willful violation); 29 U.S.C. § 260 (permitting the Court to reduce or deny liquidated damages only where the employer proves both subjective good faith and objectively reasonable grounds for believing its conduct complied with the FLSA); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1165 (11th Cir. 2008) (willfulness means the employer knew or showed reckless disregard for whether its conduct was prohibited by the FLSA, and a finding of willfulness forecloses a finding of good faith for liquidated-damages purposes). Plaintiffs therefore do not agree to exclude, and reserve the right to introduce, evidence and argument regarding that prior FLSA overtime lawsuit.

**C. Defendants' Spreadsheet Identified as "412034 Hours"**

Plaintiffs move to exclude Defendants' spreadsheet identified as "412034 Hours" (also titled "Hours from April to Oct 2023") [ECF No. 33-6] in its entirety, or alternatively to preclude Defendants from offering it as substantive proof of the hours Plaintiffs worked, the locations where they worked, or the absence of overtime.

Defendants characterize the spreadsheet as an ordinary-course, contemporaneous business record. But that label does not resolve admissibility. The spreadsheet is not an independent timekeeping record; it is a derivative compilation. Melo's Supplemental Declaration states that he used the handwritten daily time sheets as the underlying source for the entries in the "412034 Hours" spreadsheet. [ECF No. 35, ¶ 5]. Defendants' Statement of Material Facts likewise identifies the spreadsheet as Exhibit "F" and states that it records project activities, employee assignments, hours attributed to each employee, weekly totals, and cross-references to LCP report numbers.

[ECF No. 33, ¶¶ 18-19]. Thus, the spreadsheet is only as admissible and reliable as the handwritten time sheets and the information used to create them.

That foundation is deficient. Melo testified that the handwritten notes were his notes, Bates stamped ST0112 through ST0139, and that he kept them. [ECF No. 33-1, p. 41:2-15]. Melo further testified that, for each day reflected in the handwritten notes, Paola communicated the information to him verbally. [ECF No. 33-1, p. 52:14-23]. The spreadsheet therefore depends on at least two layers of out-of-court assertions: the underlying alleged oral reports concerning Plaintiffs' hours, and Melo's later transcription or compilation of those figures into written records and then into the spreadsheet. Because Defendants offer the spreadsheet for the truth of the hours, assignments, weekly totals, and station locations recorded in it, the spreadsheet contains hearsay within hearsay. See Fed. R. Evid. 801, 802, 805; *United States v. Pendas-Martinez*, 845 F.2d 938, 942 (11th Cir. 1988) ("hearsay within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule").

Nor does Rule 1006 solve the problem. A summary of records is admissible only if the underlying materials are themselves admissible and available for examination. *See PEAT, Inc. v. Vanguard Rsch., Inc.*, 378 F.3d 1154, 1159–60 (11th Cir. 2004) (Rule 1006 "is not a back-door vehicle for the introduction of evidence which is otherwise inadmissible"; underlying materials not themselves introduced into evidence must nonetheless be admissible). Defendants cannot transform disputed, unverified, second-hand time entries into admissible substantive evidence by reformatting them into Excel. If the underlying handwritten records and verbal reports lack foundation or trustworthiness, the spreadsheet derived from them lacks the same foundation and trustworthiness.

The spreadsheet also presents a substantial risk of unfair prejudice, confusion, and misleading the jury. Its format gives the appearance of precision and neutrality, but the record shows it is based on the same disputed timekeeping process Plaintiffs challenge. Plaintiffs disputed the accuracy of the spreadsheet in their Statement of Material Facts, including because it was created and maintained solely by Melo without independent verification. [ECF No. 36, ¶ 19]. Plaintiffs also disputed that the spreadsheet accurately reflects which stations they were working at and when. [ECF No. 36, ¶ 52]. Allowing Defendants to present the spreadsheet as an objective business record would invite the jury to give undue weight to a document that merely repackages Defendants' disputed version of events. The Court should exclude it under Rules 802, 805, 803(6), 1006, and 403.

**D. Defendants' Handwritten Time Records**

Plaintiffs move to exclude Defendants' handwritten time records, or alternatively to preclude Defendants from offering them as substantive proof that Plaintiffs worked no overtime.

The handwritten time records are not reliable measurements of Plaintiffs' actual hours worked. They are Defendant Melo's own writings, prepared from information that Defendants claim moved through a verbal reporting chain. At deposition, Melo identified the handwritten notes as Statewide's handwritten notes, Bates stamped ST0112 through ST0139, testified that they were kept by him, and testified that he prepared them "at the same time that the work was performed." [ECF No. 33-1, p. 41:2-15]. But contemporaneous preparation, standing alone, does not establish admissibility. The critical question is whether the entries were based on reliable, admissible information.

They were not. Melo testified that, for each day worked by Jesus and Esnol reflected in the handwritten notes, Paola communicated the information to him verbally. [ECF No. 33-1, p. 52:14-23]. Plaintiffs disputed that process in their Statement of Material Facts, noting that Melo's handwritten time sheets were prepared in his office based on hours verbally relayed by Paola Usuga, not through Melo's direct observation; that no contemporaneous documents prepared by Paola exist; and that Paola communicated hours verbally with no written intermediary records. [ECF No. 36, ¶ 15]. Plaintiffs also dispute Defendants' premise that they accurately reported their hours through that process. As a result, the handwritten records contain multiple layers of hearsay: the alleged statements about Plaintiffs' hours, Paola's alleged verbal relay of those statements to Melo, and Melo's written recordation of those statements. Each layer must satisfy an exception. *See United States v. Pendas-Martinez*, 845 F.2d 938, 942 (11th Cir. 1988) (Fed. R. Evid. 805 permits hearsay within hearsay only if "each part of the combined statements conforms with an exception to the hearsay rule"). Defendants cannot satisfy that requirement merely by calling the final handwritten document a business record.

The records also lack the trustworthiness required by Rule 803(6). *See DISH Network L.L.C. v. Fraifer*, 2026 U.S. App. LEXIS 23739, at *24 n.3 (11th Cir. Aug. 6, 2026) (Rule 803(6) requires, among other things, that "the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness"). Melo confirmed that Plaintiffs were not required to send timesheets and were never required to sign any timesheet to verify the accuracy of the hours recorded. [ECF No. 36, ¶ 56, citing ECF No. 33-1, pp. 61:10-19, 113:9-11]. Melo also admitted Statewide had no formal system to track employee hours, used no time clock, used no electronic timekeeping software, and had no written requirement that Plaintiffs

record start or stop times. [ECF No. 36, ¶ 56, citing ECF No. 33-1, pp. 32:5-22, 58:14-25, 59:1-12, 60:21-24]. In addition, Plaintiffs disputed the accuracy of the time sheets, and Melo admitted he had no procedure to verify reported hours and rounded Plaintiffs' recorded hours up to 40 even when SunPass records allegedly showed they worked fewer hours. [ECF No. 36, ¶ 15, citing ECF No. 33-1, pp. 69:17-19, 33:9-15]. The challenged records were not generated by a neutral time clock, electronic system, employee-signed log, or any independent verification process. They were created and maintained by a defendant with a direct interest in the outcome of this litigation, based on oral information allegedly passed through another employee. That process is materially different from a reliable business record created from firsthand, routinely verified data.

The risk of misleading the jury is substantial. Defendants are expected to present the handwritten records as contemporaneous proof that Plaintiffs never worked overtime. But the records' contemporaneous appearance obscures the disputed, second-hand, unverified process used to create them. The jury could mistakenly treat the records as objective measurements of work time when, in reality, they are Defendant Melo's self-prepared account of disputed oral communications. The Court should exclude the handwritten time records under Rules 802, 805, 803(6), and 403, or at minimum prohibit Defendants from characterizing them as independently verified or objective timekeeping records.

**<u>E. Defendants' SunPass Records</u>**

Plaintiffs move to exclude Defendants' SunPass toll records. These third-party toll records are out-of-court statements that Defendants seek to offer for the truth of the matters asserted, namely the times a vehicle passed through toll locations, and they are therefore inadmissible hearsay. *See* Fed. R. Evid. 801, 802. Defendants have not established any applicable exception,

including the business-records exception, which would require a qualifying certification or the testimony of a records custodian. See Fed. R. Evid. 803(6), 902(11).

The SunPass records also lack authentication. *See* Fed. R. Evid. 901. Defendants have not produced the records accompanied by any certification or custodian testimony from the tolling authority establishing that they are what Defendants claim. Compounding the problem, the versions Defendants have relied upon are highlighted and annotated derivatives rather than originals, which raises a further question as to their authenticity and reliability. In all events, toll transponder data reflects only the movement of a vehicle and not who was driving it or the hours any person actually worked.

## **V. CONCLUSION**

WHEREFORE, Plaintiffs, Jesus E. Gonzalez Hernandez and Esnol Alejandro Gonzalez Cantero, respectfully request that the Court enter an order: (i) memorializing the parties' agreements set forth in Section III above; and (ii) granting Plaintiffs' motion as to the matters in dispute set forth in Section IV above, precluding Defendants, their counsel, and their witnesses from making any reference to, offering any evidence of, or advancing any argument concerning those matters at trial, together with such other and further relief as the Court deems just and proper.

## **CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that counsel for the Plaintiffs conferred with counsel for the Defendants in a good-faith effort to resolve the issues raised in this motion. The parties agreed, on a mutual and reciprocal basis, as to the matters set forth in Section

III. The parties were unable to resolve the matters set forth in Section IV, which are presented to the Court for determination.

Respectfully submitted this 11th day of September 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou (1039018)
brooks@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*