UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-22530-JB/TORRES

JESUS E. GONZALEZ HERNANDEZ and
ESNOL ALEJANDRO GONZALEZ CANTERO,

Plaintiffs,

v.

STATEWIDE ELECTRICAL SERVICES, INC.
and NOEL MELO,

Defendants.
___________/

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' OMNIBUS MOTION IN LIMINE**

Defendants Statewide Electrical Services, Inc. and Noel Melo respond in opposition to Plaintiffs' Omnibus Motion in Limine [ECF No. 51] (the "Motion") and to the proposed order submitted with it [ECF No. 51-1], and state as follows.

## I. INTRODUCTION

The Motion divides into agreed matters and disputed matters, and Defendants' response divides the same way. As to the agreed matters in Section III, Defendants do not retreat from anything they agreed to. They ask only that the order entered reflect the agreements as the Motion itself describes them, because the proposed order omits reservations that the Motion expressly records. As to Section IV.A, Defendants do not oppose an order restating Rules 26 and 37, which bind both sides already, but the section identifies no document and makes no showing, and the proposed order adds a leave requirement that appears nowhere in the rule. Section IV.B is addressed by Defendants' separately filed motion and is not reargued here.

The contested substance is Sections IV.C, IV.D, and IV.E. Those sections ask the Court to exclude three sets of records on grounds that, at bottom, amount to a dispute about accuracy. Accuracy is a jury question. Plaintiffs identify no rule requiring a time clock, timekeeping software, or employee signatures, because none exists. They invoke Rule 803(6) without acknowledging that the rule places the burden of showing untrustworthiness on the opponent. And they describe a chain of hearsay that is not hearsay at all, because Plaintiffs' own reports are statements of a party opponent, and because Rule 803(6) expressly admits a record made from information transmitted by a person with knowledge. On the SunPass records, Plaintiffs' own proposed order seeks only a foundation ruling at trial, which concedes that the issue is not one for exclusion in limine.

## II. THE PROPOSED ORDER DOES NOT MEMORIALIZE THE PARTIES' AGREEMENTS AS THE MOTION DESCRIBES THEM

Section III asks the Court to enter an order "memorializing these agreements." [ECF No. 51 at 3]. The proposed order does not do so. In four places, the reservations that the Motion records as part of the agreements are absent from the order.

First, and most significantly, Section III(d) states: "Rule 11, sanctions, and bad-faith filing. No party shall reference, offer evidence of, or argue Rule 11, sanctions, or bad-faith filing. This agreement does not preclude Defendants from presenting evidence or argument that Plaintiffs' overtime estimates are unreliable, which goes to the weight of Plaintiffs' testimony." [ECF No. 51 at 3]. Paragraph 1.d of the proposed order reads, in its entirety: "Rule 11, sanctions, or bad-faith filing." [ECF No. 51-1 at 1]. The second sentence of the agreement is gone. The order's preamble permits only what is "expressly permitted below," and nothing below permits it. That omission matters because the reliability of Plaintiffs' hour estimates is the central contested issue in this case, and Defendants will not agree to an order that can be read to foreclose it.

Second, Section III(e) preserves that "Defendants may present evidence that Plaintiffs did not in fact" contact the Department of Labor, contact an attorney, or make written complaints, "offered on the issue of timeline rather than as any claimed violation." [ECF No. 51 at 3]. Paragraph 1.e omits that reservation.

Third, Section III(g) preserves that "Defendants may adduce evidence that Plaintiffs accepted or signed paychecks, offered on grounds other than waiver or consent." [ECF No. 51 at 4]. Paragraph 1.g omits that reservation. The paychecks are independently relevant to Defendants' pleaded defense of payment, to Plaintiffs' own preparation of the summary at Bates 856, which Plaintiff Gonzalez Hernandez testified he prepared after reviewing the checks, and because Statewide's project manager wrote hour breakdowns on them by hand when she distributed them. Plaintiffs themselves produced the checks and marked them as an exhibit at deposition.

Fourth, the final paragraph of Section III records the agreement concerning inability to satisfy a judgment and small-business sympathy, and then preserves that the agreement "does not restrict Defendants from adducing testimony or evidence regarding the size of the company and the number of employees it typically has at any given time." [ECF No. 51 at 4]. Paragraph 1.j omits that reservation. The size of Statewide's workforce is ordinary context for how this employer operated and kept its records, and it is offered for that purpose rather than for sympathy.

Defendants therefore request that the Court enter the agreed provisions using the language of the Motion itself. A proposed order restoring that language is submitted as Exhibit A.

**III. SECTION IV.A IDENTIFIES NO DOCUMENT AND MAKES NO SHOWING**

Defendants do not oppose Section IV.A insofar as it restates Rules 26(a), 26(e), and 37(c)(1), which apply reciprocally by their own terms and require no order to take effect.

Plaintiffs, however, identify no document, no witness, and no disclosure that they contend was untimely. They recite the five harmlessness factors drawn from *Dero Roofing*, but those factors are item-specific by nature: surprise, the ability to cure surprise, disruption of trial, the importance of the evidence, and the explanation for the failure cannot be weighed as to an unnamed document. The burden allocation Plaintiffs invoke under *OFS Fitel* operates only once a movant identifies a disclosure failure; a movant does not shift a burden by describing one. There is accordingly nothing before the Court to adjudicate under this section.

Paragraph 2 of the proposed order also departs from the rule it purports to apply. It provides that undisclosed materials are excluded "unless the offering party first obtains leave of Court and establishes that the failure was substantially justified or harmless." [ECF No. 51-1 at 2]. Rule 37(c)(1) contains no advance-leave requirement. Any order on this section should track the rule and leave any dispute about a particular item to be resolved on that item's own record.

**IV. SECTION IV.B IS ADDRESSED IN DEFENDANTS' OWN MOTION**

Defendants do not oppose the exclusion of lawsuits filed by or against Plaintiffs other than this action. Plaintiffs' reservation as to the prior FLSA action against Statewide and Melo is the subject of Defendants' separately filed Motion in Limine to Exclude Prior Lawsuits [ECF No. 49], and the arguments are not repeated here.

Defendants note only that Section IV.B seeks relief "on a mutual and reciprocal basis" [ECF No. 51 at 5], while paragraph 3 of the proposed order binds only "Defendants, their counsel, and their witnesses" and then reserves the prior lawsuit for Plaintiffs' use. [ECF No. 51-1 at 2]. The order should be reciprocal, as the Motion requested, and its treatment of the prior action should abide the Court's ruling on ECF No. 49.

## V. SECTIONS IV.C AND IV.D: THE SPREADSHEET AND THE HANDWRITTEN TIME RECORDS

Sections IV.C and IV.D rest on the same premises and are addressed together. Plaintiffs argue that the records are unreliable because Statewide used no time clock, no software, and no employee signatures; that the information reached the records through a verbal chain constituting hearsay within hearsay; that Rule 1006 cannot cure the problem; and that the records' orderly appearance will mislead the jury. None of these grounds supports exclusion. The handwritten time records for Plaintiff Gonzalez Hernandez are Bates numbered ST000102 through ST000127 and are attached as Exhibit B so that the Court may evaluate the documents themselves rather than Plaintiffs' characterization of them. The range recited in the Motion, ST0112 through ST0139, is the range Plaintiffs' counsel stated when marking the document at deposition. It does not correspond to the documents Defendants produced. Each sheet records the time in, time out, resumption, and time out for each workday, the hours worked that day, the total hours for the week, and the station at which the work was performed. Those records were produced in response to Plaintiffs' own Request for Production No. 11, which sought the records Defendants used to identify when Plaintiffs started work, took breaks, and stopped work, and Defendants identified them by Bates range in correspondence dated October 31, 2025.

### A. No Rule Requires a Time Clock, Timekeeping Software, or Employee Signatures

Plaintiffs identify no authority requiring an employer to use a time clock, electronic timekeeping software, or employee-signed time sheets, because there is none. The regulations prescribe "no particular order or form of records." 29 C.F.R. section 516.1(a). They require that the employer maintain records of the hours worked each workday and the total hours worked each workweek. 29 C.F.R. section 516.2(a)(7). And they state expressly that "[t]ime clocks are not required." 29 C.F.R. section 785.48(a). The features Plaintiffs catalogue are therefore not legal

prerequisites whose absence renders a record inadmissible. They are subjects for cross-examination bearing on weight.

**B. Rule 803(6) Places the Burden of Showing Untrustworthiness on Plaintiffs**

A document is admissible as a business record if it was made at or near the time of an event by someone with knowledge, it was kept in the regular course of business, it was the organization's regular practice to make such a record, a qualified witness testifies to these facts, and the opponent of the document does not show a lack of trustworthiness. Fed. R. Evid. 803(6); *Does 1 Through 976 v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278 (11th Cir. 2022); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1243 (11th Cir. 2009). The fifth element is the opponent's to carry, and Plaintiffs do not carry it by describing a format they would have preferred.

The distinction the Eleventh Circuit draws is dispositive here. A challenge to the accuracy of what a record says is not a challenge to the trustworthiness of its source or the method of its preparation; it "relates to the credibility of the information presented ..., which is a question for the jury to weigh." *Equity Lifestyle*, 556 F.3d at 1243 (citing *United States v. Garnett*, 122 F.3d 1016, 1019 (11th Cir. 1997)). Every objection Plaintiffs raise is of that kind. They contend the recorded hours were wrong. That contention is their case, and they are free to make it to the jury.

The records themselves supply circumstantial indicia of trustworthiness and refute the premise that entries were adjusted to reach forty hours. They record weeks of twenty, twenty-two, thirty, thirty-two, sixteen, and eight hours, and days as short as one-half hour, two hours, and four hours. They record shifts beginning at 10:00 a.m. and ending at 8:30 p.m., and a shift running from 8:00 p.m. to 4:30 a.m. A record that captures a thirty-minute Friday and an overnight Wednesday is not a record that rounds to a predetermined figure.

**C. Equity Lifestyle Involved the Same Record-Keeping Structure and the Records Were Admitted**

*Equity Lifestyle* is not merely analogous. It involved a supervisor who compiled records from daily reports transmitted by field foremen, and the underlying daily notes no longer existed. The Eleventh Circuit affirmed admission, explaining that the foremen had firsthand knowledge of the work performed, that the supervisor received their reports, and that all of them were acting in the regular course of business. 556 F.3d at 1243. It further held that "[i]t is not necessary for the person who actually prepared the documents to testify so long as there is other circumstantial evidence and testimony to suggest the trustworthiness of the documents." Id. (quoting *Garnett*, 122 F.3d at 1019).

The knowledge element is satisfied here as it was there. At the first station, Melo recorded what he observed himself. Melo Dep. 47:25-48:7. At the remaining stations, the persons with firsthand knowledge of the hours worked were Plaintiffs, who reported those hours to Usuga in the regular course of the project, and Usuga reported them to Melo, who recorded them the same day. Each participant in that sequence was acting within the scope of his or her role, which is what Rule 803(6)(A) and *Equity Lifestyle* require. Statewide's records are stronger than those admitted in *Equity Lifestyle* in every respect that matters: the originals exist and have been produced, the person who prepared them will testify, and the person who transmitted the information will testify as well.

**D. The Asserted Hearsay Chain Does Not Consist of Hearsay**

Plaintiffs invoke Rule 805 and *Pendas-Martinez* for the proposition that each layer of a multi-level record must satisfy a hearsay exception. That rule is correctly stated but inapplicable, because a statement that is not hearsay requires no exception.

As described above, Plaintiffs' own reports of their hours are statements of a party opponent offered against them and are not hearsay. Fed. R. Evid. 801(d)(2)(A). Usuga's transmission of that information to Melo requires no exception, because Rule 803(6)(A) admits a record made from information transmitted by a person with knowledge. The rule's limiting condition is that each participant act in the regular course of business, *T. Harris Young & Assocs. v. Marquette Elecs., Inc.*, 931 F.2d 816, 828 (11th Cir. 1991), and that condition is satisfied: Usuga was Statewide's project manager gathering hours as part of her duties, and Melo recorded them the same day as part of his. What remains is a single record, made by the person who recorded the information, which Melo will authenticate. There is no second layer to fit within an exception.

**E. Melo and Usuga Are Qualified Witnesses**

A qualified witness under Rule 803(6)(D) is "one who can explain the system of record keeping and vouch that the requirements of Rule 803(6) are met," and "does not need firsthand knowledge of the contents of the records, of their authors, or even of their preparation." *Curtis v. Perkins (In re Int'l Mgmt. Assocs., LLC)*, 781 F.3d 1262, 1268 (11th Cir. 2015). Melo created the handwritten records himself, has kept records this way since Statewide's founding in 1999, and prepared each entry on the day the work was performed. Usuga observed the work, tracked the hours at the jobsite, and reported them. Both plainly qualify.

**F. Rule 1006 Is Not the Basis for Admission of the Spreadsheet**

Plaintiffs' reliance on *PEAT, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154 (11th Cir. 2004), is misplaced. Defendants do not offer the "412034 Hours" spreadsheet as a Rule 1006 summary of voluminous writings that cannot conveniently be examined in court. They offer it as what it is: a project record created and maintained in the ordinary course during the project,

recording daily activities, assignments, hours, and weekly totals. Rule 1006 imposes no condition on a record offered under Rule 803(6).

Even if Rule 1006 were the vehicle, its availability condition is satisfied. The handwritten records were produced at ST000102 through ST000127, and the spreadsheet was produced in native electronic format, so the underlying materials have been available to Plaintiffs for examination throughout this litigation. Rule 1006 requires no more.

**G. Rule 403 Does Not Support Exclusion**

Plaintiffs' Rule 403 argument reduces to the contention that the records look orderly. But the probative value of contemporaneous records of the very hours in dispute could hardly be higher, and the danger they identify is not unfair prejudice within the meaning of Rule 403. Unfair prejudice means an undue tendency to suggest decision on an improper basis. A jury deciding how many hours Plaintiffs worked by examining records of how many hours Plaintiffs worked is deciding on precisely the proper basis. If Plaintiffs believe the records understate their hours, the remedy is cross-examination and argument, not exclusion.

**H. The Alternative Relief Should Be Denied as Unnecessary and Unworkable**

Plaintiffs alternatively ask the Court to forbid Defendants from characterizing the records as "independently verified" or "objective," and the proposed order expands that language to bar characterizing the spreadsheet as "independent, objective, or verified" and the handwritten records as "independently verified, objective, or employee-approved." [ECF No. 51-1 at 2]. A pretrial order policing adjectives is unnecessary and invites disputes at sidebar about whether a given question or phrase crossed a line. Plaintiffs are fully able to establish through cross-examination that no time clock was used and that no signature was required, and to argue from those facts. If the Court is inclined to enter any restriction of this kind, it should be limited to the records actually

at issue, identified as ST000102 through ST000127 and the "412034 Hours" spreadsheet, and it should apply reciprocally to characterizations of Plaintiffs' own evidence.

**VI. SECTION IV.E: THE SUNPASS RECORDS**

Plaintiffs' own proposed order does not ask the Court to exclude the SunPass records. It asks that they be "excluded unless Defendants first establish, outside the presence of the jury, a proper foundation for authentication and admissibility." [ECF No. 51-1 at 3]. That formulation concedes what the Motion's conclusion obscures: this is a question of trial foundation, not a basis for exclusion in limine. The Motion should be denied for the reasons below.

First, automatically generated machine data is not hearsay. Toll transactions are captured by roadside equipment that reads a transponder and records the date, time, plaza, and direction of travel without human intervention. The Eleventh Circuit has held that automatically generated telephone data is not a "statement" within Rule 801 because the rule reaches the assertions of persons. *United States v. Lamons*, 532 F.3d 1251 (11th Cir. 2008). No hearsay exception is required for evidence that is not hearsay. Authentication is governed by Rule 901(a), which requires only evidence sufficient to support a finding that the item is what its proponent claims. Melo has personal knowledge that these are the toll transaction records Statewide received from SunPass for its own account and maintained in its files, Fed. R. Evid. 901(b)(1), and the records bear distinctive characteristics tying them to Statewide's account and to the vehicle furnished to Plaintiff Gonzalez Hernandez, Fed. R. Evid. 901(b)(4).

Second, if the records are treated as hearsay, Melo is a qualified witness. Statewide is the account holder. It receives monthly toll statements from SunPass, downloads detailed transaction data from its own account, maintains both in its files in the ordinary course, and cannot alter their content. A witness may lay the foundation for records that another entity created where the

witness's own business received them in a regular course of dealing, the records were issued in the regular course of the creating entity's business, and nothing indicates a lack of trustworthiness. *Allen v. Safeco Ins. Co. of Am.*, 782 F.2d 1517 (11th Cir. 1986). The person who prepared the record need not testify so long as other circumstantial evidence and testimony suggest its trustworthiness. *Id.* (quoting *United States v. Parker*, 749 F.2d 628, 633 (11th Cir. 1984)). Nor must the foundation witness have firsthand knowledge of the records' contents, their authors, or their preparation. *Curtis*, 781 F.3d at 1268. In deciding this preliminary question the Court may consider evidence that would not itself be admissible. Fed. R. Evid. 104(a).

Third, the objection to "highlighted and annotated derivatives" is resolved by what Defendants will offer. Defendants will offer the records as received from SunPass. Any marked version will be used, if at all, as a demonstrative aid with the originals in evidence.

Fourth, that toll data shows the movement of a vehicle rather than the identity of its driver goes to weight. The vehicle was furnished to Plaintiff Gonzalez Hernandez, kept at his residence, and driven by him to and from the jobsites, and he may be cross-examined about it. Plaintiffs are free to argue that the inference is imperfect. That argument belongs to the jury.

## VII. THE PROPOSED ORDER EXCEEDS THE RELIEF THE MOTION REQUESTS

Beyond the omissions described in Part II, the proposed order contains provisions with no counterpart in the Motion. Paragraph 5 recites no Bates range at all and by its terms reaches every handwritten Statewide record, including the project manager's calendar and her handwritten notations on paychecks, none of which is discussed anywhere in the Motion. Paragraph 7 requires counsel to instruct all witnesses and bars any party from placing "excluded matters" before the jury "directly or indirectly, without first obtaining leave of Court," an obligation the Motion never requests and which would attach to the agreed matters as well as the contested ones.

**VIII. CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court (i) enter the parties' agreed provisions using the language set forth in Section III of the Motion, including the reservations that section records; (ii) deny Section IV.A as unsupported by any identified document or showing, or in the alternative enter an order that tracks Rules 26 and 37(c)(1) without an advance-leave requirement; (iii) enter the reciprocal exclusion of other lawsuits sought in Section IV.B, and reserve the admissibility of the prior FLSA action for resolution with ECF No. 49; (iv) deny Sections IV.C and IV.D, including the alternative relief; and (v) deny Section IV.E, with any objection to authentication or foundation preserved for trial in the ordinary course, or in the alternative, and only if the Court concludes that a preliminary showing is warranted, permit Defendants to establish authentication outside the presence of the jury before publication. A proposed order is submitted as Exhibit A to this response.

Respectfully submitted,

STEPHEN R. VERBIT, P.A.
6741 Orange Drive
Davie, Florida 33314
Tel: (954) 536-9428
sverbit@verbitlawfl.com

By: __/s/_______
STEPHEN R. VERBIT
Florida Bar No. 710857
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: _/s/______
STEPHEN R. VERBIT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-22530-JB/TORRES

JESUS E. GONZALEZ HERNANDEZ and
ESNOL ALEJANDRO GONZALEZ CANTERO,

Plaintiffs,

v.

STATEWIDE ELECTRICAL SERVICES, INC.
and NOEL MELO,

Defendants.
___________/

**ORDER ON PLAINTIFFS' OMNIBUS MOTION IN LIMINE**

THIS CAUSE came before the Court on Plaintiffs Jesus E. Gonzalez Hernandez and Esnol Alejandro Gonzalez Cantero's Omnibus Motion in Limine [ECF No. 51] (the "Motion") and Defendants Statewide Electrical Services, Inc. and Noel Melo's Response in Opposition [ECF No. ____]. The Court has reviewed the Motion, the Response, the record, and the parties' conferral representations, and is otherwise fully advised in the premises. Accordingly, it is ORDERED AND ADJUDGED that the Motion is GRANTED IN PART and DENIED IN PART as follows:

1. **Matters agreed upon by the parties:** The agreements set forth in Section III of the Motion are approved on a mutual, reciprocal, and equally applicable basis, and shall govern the presentation of evidence, argument, and witness examination before the jury. No party, counsel, or witness shall reference, offer evidence of, or argue the following matters, except as expressly provided:

a. Attorneys' fees.

b. Liquidated damages.

c. Any pleading that has been superseded.

d. Rule 11, sanctions, or bad-faith filing. This provision does not preclude Defendants from presenting evidence or argument that Plaintiffs' overtime estimates are unreliable, which goes to the weight of Plaintiffs' testimony.

e. Any contention that Plaintiffs acted improperly or in violation of the law by not contacting the United States Department of Labor, not contacting an attorney, or not making written complaints during their employment. Defendants may present evidence that Plaintiffs did not in fact do so, offered on the issue of timeline rather than as any claimed violation.

f. Hours worked or pay received outside the April 2023 through September 2023 window.

g. Any contention that Plaintiffs' acceptance or signing of paychecks waived rights under the FLSA or established consent to the pay or hours represented. Defendants may adduce evidence that Plaintiffs accepted or signed paychecks, offered on grounds other than waiver or consent.

h. Plaintiffs' immigration, citizenship, or residency status, work authorization, Social Security number, alien-registration number, Form I-9 documents, or related immigration or identity matters.

i. Family-law matters, paternity, child support, or domestic issues involving Plaintiffs.

j. Any argument or evidence that Statewide Electrical Services, Inc. is unable to satisfy a judgment, or any invocation of Statewide's size or "small business" status as a basis for sympathy or hardship. This provision does not restrict Defendants from adducing testimony or evidence regarding the size of the company and the number of employees it typically has at any given time, offered as context regarding the scale of the operation.

2. **Materials and documents not timely disclosed or produced (Section IV.A):** The Motion is denied to the extent it seeks a categorical exclusion order, no particular material or document having been identified. The parties remain bound by Federal Rules of Civil Procedure

26(a) and 26(e), and by Rule 37(c)(1), which apply reciprocally according to their terms. Any dispute concerning a specific item shall be resolved on that item's own record and under the standard set forth in Rule 37(c)(1), including whether any failure was substantially justified or harmless.

3. **Other lawsuits (Section IV.B):** On a mutual and reciprocal basis, no party, counsel, or witness shall reference, offer evidence of, or argue any lawsuit filed by or against any party other than this action. The admissibility of the prior action styled *Hernandez v. Statewide Electrical Services, Inc.*, No. 2019-29508-CA-01 (Fla. 11th Cir.), and of its resolution, shall abide the Court's ruling on Defendants' Motion in Limine to Exclude Prior Lawsuits [ECF No. 49].

4. **The "412034 Hours" spreadsheet (Section IV.C):** The Motion is denied, including the alternative relief restricting how the spreadsheet may be characterized. Plaintiffs' objections concerning the manner in which the information recorded in the spreadsheet was gathered, transmitted, and recorded go to the weight of the evidence and are properly the subject of cross-examination and argument. This ruling is without prejudice to any objection at trial concerning foundation as to a particular exhibit or portion thereof.

5. **Handwritten time records (Section IV.D):** The Motion is denied as to the handwritten time records identified in the Motion, which are Bates numbered ST000102 through ST000127, including the alternative relief restricting how those records may be characterized. This Order does not address any document not identified in the Motion. Plaintiffs' objections concerning the absence of a time clock, timekeeping software, employee signatures, or a verification procedure go to the weight of the evidence and are properly the subject of cross-examination and argument. This ruling is without prejudice to any objection at trial concerning foundation as to a particular exhibit or portion thereof.

6. **SunPass toll records (Section IV.E):** The Motion is denied. Any objection to the authentication or foundation of the SunPass toll records is preserved and may be raised at trial in the ordinary course. In the alternative, and only if the Court determines that a preliminary showing is warranted, Defendants shall establish authentication outside the presence of the jury before the records are published to the jury. Defendants shall offer the records in the form received from the tolling authority; any marked, highlighted, or annotated version may be used, if at all, as a demonstrative aid only, with the underlying records in evidence.

7. **Scope:** This Order is preliminary and may be revisited by the Court at trial as the evidence develops. Nothing in this Order precludes any party from cross-examining witnesses or arguing the weight to be given to any evidence admitted at trial. If a party contends that the opposing party has opened the door to a matter addressed in this Order, that party shall raise the issue with the Court outside the presence of the jury before proceeding. Nothing in this Order requires leave of Court before offering evidence not addressed herein.

DONE AND ORDERED in Miami, Florida, this ___ day of _________, 2026.

_______________________________
JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE

Copies to:
Designated U.S. Magistrate Judge
Counsel of record by CM/ECF

Statewide Electrical Svces.
Time Sheet
Week ending 04/15/2023

JESUS Gonzalez

Monday 04/10/23 OFF

Tuesday 04/11/23 Santa Clara Station

| | | | | |
|---|---|---|---|---|
| 10:00 AM | 2:00 PM | 2:30 PM | 8:30 PM | 10 Hours |
| Time in | Time out | Time in | time out. | TOTAL |

Wednesday 04/12/2023

| | | | | |
|---|---|---|---|---|
| 7:00 AM | 12:00 PM | 12:30 | 5:30 PM | 10 Hours |
| Time in | Time out | time in | time out | total |

Santa Clara Station

Thursday 04/13/2023

| | | | | |
|---|---|---|---|---|
| time in | time out | time in | time out | |
| 7:00 AM | 12:10 PM | 12:30 PM | 5:30 PM | 10 Hours |
| | | | | TOTAL |

Santa Clara Station

Friday 04/14/2023

| | | | | |
|---|---|---|---|---|
| 7:00 AM | 12:00 PM | 12:30 PM | 5:30 PM | 10 HOURS |
| time in | time OUT | time in | time OUT | |

TOTAL 40 HOURS

Statewide Electrical Services

Time Sheet
week Ending 04/22/2023

Jesus Gonzalez

Monday 04/17/2023 Santa Clara Station

7:00 AM time in | 12:00 PM Time out | 12:30 Time in | 5:00 PM time out | 9.5 Hours

Tuesday 04/18/2023

7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM Time out | 10 Hours

Wednesday 04/19/2023

7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out | 10 Hours

Thursday 04/20/2023

7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out | 10 Hours

Friday 04/21/2023

8:00 AM time in | 8:30 AM time out | 0.5 Hours

40 Hours

Statewide Electrical Services
Time Sheet
week Ending 04/29/2023

Jesus Gonzalez

Monday 04/24/2023 SANTA CLARA STATION

7:00AM time in | 12PM time out | 12:30 AM time in | 5:30 PM time out | TOTAL 10H

Tuesday → OFF.

Wednesday 04/26/2023

10:00 AM time in | 2:00 PM time out | 2:30 PM time in | 8:30 PM time out | 10 HOURS

Thursday 04/27/2023

7:00 AM time in | 12:00 PM time out | 12:30 PM Time in | 5:30 PM time out | 10 HOURS

Friday 04/28/2023

7:00 AM time in | 12:00 PM Time out | 12:30 PM time in | 5:30 PM time out. | 10 HOURS

40 HOURS

Statewide Electrical Services
Time Sheet
Week Ending 05/06/2023 Jesus Gonzalez

Santa Clara Station

Monday 05/01/2023
time in time out time in time out
7:00 AM 12:00 PM 12:30 PM 5:30 PM = 10 HOUR

Tuesday 05/02/2023
7:00 AM time OUT 1:00 PM → 6 Hours
time in

Wednesday 05/03/2023
10:30 AM 2:30 PM → 4 Hours
time in time OUT

Total
20 Hours

Statewide Electrical Services
Week Ending 05/27/2023
Time Sheet

Jesus Gonzalez

GAP TIE 2.

Tuesday 05/23/23

7:00 AM time in | 12:00 PM time OUT | 12:30 PM time in | 5:30 PM time out. | 10 Hours

Wednesday 05/24/2023

7:00 AM time in | 12:00 PM time OUT | 12:30 PM time in | 5:30 PM time out | 10 Hours

Thursday 05/25/23

7:00 AM time in | 12:00 PM time OUT | 12:30 PM T. in | 5:30 PM time out | 10 Hours

Friday 05/26/23

7:00 AM time in | 12:00 PM time OUT | 12:30 PM time in | 5:30 PM time out | 10 Hours

40 Hours

Statewide electrical services
Week ending 06/03/2023

GAP TIE 2 Jesus Gonzalez

Tuesday 05/30/23

7:00 AM time in | 12:00 PM time OUT | 12:30 PM time in | 5:30 PM time OUT | 10 Hours

---

THURSDAY 06/01/2023

7:00 AM time in | 12:00 PM time OUT | 12:30 PM time in | 5:30 PM time OUT | 10 HOURS

---

Friday 06/02/23

7:00 AM time in | 12:00 PM time OUT | 12:30 PM time in | 7:30 PM time OUT. | 12 HOURS

---

32 HOURS

ST000107

Statewide Electrical Services
Week Ending 06/10/2023.
Jesus Gonzalez
Cat tie 2.

Monday 06/05/23
7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out | 10 HOURS

Tuesday 06/06/23
7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out. | 10 HOURS

Wednesday 06/07/2023
7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out. | 10 HOURS

Thursday 06/08/23
7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out | 10 HOURS

40 HOURS

601000LS

Chetumal Electrical Services
Time Sheet
Week Ending 06/17/23
Israel Gonzales

Gate 2.

Monday
06/12/23
7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM time out — 10 Hours

Tuesday 06/13/2023
7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM time out — 10 Hours

Wednesday 06/14/23
7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM time out — 10 Hours

Thursday. 06/15/23
7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM time out — 10 Hours

40 Hours

Statewide Electrical Services
Time Sheet
Week Ending 06/24/2023
Jesus Gonzalez
Gap tie 2

Monday 06/19/2023
7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM time out — 10 Hours

Tuesday 06/20/23
7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM time out — 10 Hours

Wednesday 06/21/2023 College Station
7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM time out — 10 Hours

Thursday 06/22/23
7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM T. out — 10 Hours

40 Hours

Statewide Electrical Services
week Ending 07/01/23

Teren Gonzalez
Dulmer Plation

Monday 06/26/23
7:00 AM time in — 12:00 PM time OUT — 12:30 PM time in — 5:30 PM time OUT — 10 HOURS

---

Tuesday 06/27/23
7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM time OUT. — 10 HOURS

---

Wednesday 06/28/23
7:00 AM time in — 12:00 PM time OUT — 12:30 PM time in — 5:30 PM time OUT. — 10 HOURS

---

Thursday 06/29/23
7:00 AM time in — 12:00 PM time OUT — 12:30 PM time in. — 5:30 PM time OUT — 10 Hours

---

40 Hours

ST00012

Statewide Electrical Services
Time Sheet

Week Ending 07/08/23

Jesus Gonzalez
Culver Station

Monday 07/23/23
7:00 AM 12:00 PM 12:30 PM 5:30 PM Hours
time in time out time in time out

---

Tuesday → OFF

---

Wednesday 07/05/2023
7:00 AM 12:00 PM 12:30 PM 5:30 PM 10 Hours
time in time out time in time out

---

Thursday 07/06/23
7:00 AM 12:00 PM 12:30 PM 5:30 PM 10 Hours
time in time out time in time out

---

Friday 07/07/23
7:00 AM 12:00 PM 12:30 PM 5:30 PM 10 Hours

---

40 Hours

Statewide Electrical Services
Time Sheet

Week Ending 07/15/23

Jesus Gonzalez

Culmer Station

Monday 07/10/2023

7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM time out — 10 Hours

Tuesday 07/11/23

7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM time out — 10 Hours

Wednesday 07/12/2023

7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM time out — 10 Hours

Thursday 07/13/23

7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM time out — 10 Hours

40 Hours

Statewide Electrical Services
Time Sheet
Week Ending 07/22/23
Jesus Gonzalez
Culmer Station

Monday 07/17/23

| 7:00 AM | 12:00 PM | 12:30 PM | 5:30 PM | 10 Hours |
|---|---|---|---|---|
| time in | time out | time in | time out | |

Tuesday 07/18/23

| 7:00 AM | 12:00 PM | 12:30 PM | 5:30 PM | 10 Hours |
|---|---|---|---|---|
| time in | time out | time in | time out | |

Wednesday 07/19/23

| 7:00 AM | 12:00 PM | 12:30 PM | 5:30 PM | 10 Hours |
|---|---|---|---|---|
| time in | time out | time in | time out | |

Thursday 07/20/23

| 7:00 AM | 12:00 PM | 12:30 PM | 5:30 PM | 10 Hours |
|---|---|---|---|---|
| time in | time out | time in | time out | |

40 Hours

Statewide Electrical Services
Time Sheet
Week Ending 07/29/23
Jesus Gonzalez
Culmer Station

Tuesday 07/25/23
7:00 AM 12:00 PM 12:30 PM 5:30 PM 10 Hours
time in time out time in time out

Wednesday 07/26/23
7:00 AM 12:00 PM 12:30 PM 5:30 PM 10 Hours
time in time out time in time out

Thursday 07/27/23
7:00 AM 12:00 PM 12:30 PM 5:30 PM 10 Hours
time in time out time in time out

30 Hours

Statewide Electrical Services
Time Sheet
Week Ending 08/05/23
Jesus Gonzalez
Overtown Station

Monday 07/31/23 10 Hours
7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out

Tuesday 08/01/23 10 Hours
7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out.

Wednesday 08/02/23 10 Hours
7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out.

Thursday 08/03/23 10 Hours
7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out.

40 Hours

Stotesbury Electrical Services
Time Sheet
Week Ending 08/12/23
Jesus Gonzalez
Overtown Station

Monday 08/07/23

7:00 AM time in | 12:00 PM time out | 12:30 PM Time in | 5:30 PM time out | 10 HOURS

Tuesday 08/08/23

7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out | 10 HOURS

Wednesday 08/09/23

7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out | 10 Hour

Thursday 08/10/23

7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out | 10 Hours

40 Hours

Statewide Electrical Services
Time Sheet
Jesus Gonzalez
Week ending 08/19/2023
Overtown Station

Monday 08/14/23
7:00 AM 12:00 PM 12:30 PM 5:30 PM 10 HOURS
time in time out time in time out

Tuesday 08/15/23
7:00 AM 12:00 PM 12:30 PM 5:30 PM 10 HOURS
time in time out time in time out

Wednesday 08/16/23
7:00 AM 12:00 PM 12:30 PM 5:30 PM 10
time in time out Time in time out HOURS

Thursday 08/17/23
7:00 AM 12:00 PM 12:30 PM 5:30 PM 10 Hours

40 HOURS

Statewide Electrical Services
Time Sheet
Week Ending 08/26/23
Jesus Gonzalez
Overtown Station

Monday – 08/21/23

| | | | | |
|---|---|---|---|---|
| 7:00 AM | 12:00 PM | 12:30 PM | 5:30 PM | 10 HOURS |
| time in | time out | time in | time out | |

Tuesday 08/22/23

| | | | | |
|---|---|---|---|---|
| 7:00 AM | 12:00 PM | 12:30 PM | 5:30 PM | 10 HOURS |
| time in | time out | time in | time out | |

Wednesday 08/23/23

| | | | | |
|---|---|---|---|---|
| 7:00 AM | 12:00 PM | 12:30 PM | 5:30 PM | 10 HOURS |
| time in | time out | time in | time out | |

Thursday 08/24/23

| | | | | |
|---|---|---|---|---|
| 7:00 AM | 12:00 PM | 12:30 PM | 5:30 PM | 10 HOURS |
| time in | time out | time in | time out | |

40 Hours

Statewide Electrical Service
Time Sheet
Week Ending 09/02/23
Jesus Gonzalez
Journeyman Electrician

Tuesday 08/29/23

| | | | | |
|---|---|---|---|---|
| 9:30 AM | 1:00 PM | 1:30 PM | 6:00 PM | 8 HOURS |
| time in | time out | time in | time out | |

8 HOURS

Statewide Electrical Services
Time Sheet
Week ending 09/09/23
Jesus Caudalez
Bricked Station

Tuesday 09/05/23
7:00 AM time in | 12:00 PM time OUT | 12:30 PM time in | 5:30 PM time OUT | 10 HOURS

Wednesday 09/06/23
7:00 AM time in | 12:00 PM time OUT | 12:30 PM time in | 5:30 PM time OUT | 10 HOURS

Thursday 09/07/23
7:00 AM time in | 12:00 PM time OUT | 12:30 PM time in | 5:30 PM time OUT | 10 HOURS

Friday 09/08/23
7:00 AM time in | 12:00 PM time OUT | 12.30 PM time in | 5:30 PM time OUT | 10 HOURS

40 Hours

Statewide Electrical Services
Time Sheet
Week ending 09/16/23
Jesus Gonzalez
Brickell Station

Monday 09/11/23

| 7:00 AM | 12:00 PM | 12:30 PM | 5:30 PM | 10 |
|---|---|---|---|---|
| time in | time out | time in | time out | HOURS |

---

Tuesday 09/12/23

| 7:00 AM | 12:00 PM | 12:30 PM | 5:30 PM | 10 |
|---|---|---|---|---|
| time in | time out | time in | time out | HOURS |

---

WednesDAY 09/13/23

| 7:00 AM | 12:00 PM | 12:30 PM | 5:30 PM | 10 |
|---|---|---|---|---|
| time in | time out | time in | time out | HOURS |

---

Thursday 09/14/23

| 7:00 AM | 12:00 PM | 12:30 PM | 5:30 PM | 10 |
|---|---|---|---|---|
| time in | time out | time in | time out | HOURS |

---

40 Hours

ST000123

Statewide F Protective Services
Time Sheet
Week Ending 09/23/23
Jesus Gonzalez
Brickell Station

Monday 09/18/2023 — 10 Hours
7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM time out

Tuesday 09/19/23 — 2 Hours
7:00 AM time in — 9:00 AM time out

Wednesday 09/20/23
7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM time out — 10 Hours

Thursday 09/21/23
7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 5:30 PM time out — 10 Hours

Friday 09/22/23
7:00 AM time in — 12:00 PM time out — 12:30 PM time in — 3:30 PM time out — 8 Hours

40 Hours

Statewide Electrical Services
time sheet
Week ending 09/30/23
Jesus Gonzalez
Brickell Flatiron

Monday 09/25/23

7:00 AM time in. 12:00 PM time out. 12:30 PM time in. 5:30 PM time out. 10 Hours

---

Tuesday 09/26/23

7:00 AM time in. 12:00 PM time out. 12:30 PM time in. 5:30 PM time out. 10 Hours

---

Wednesday — OFF

---

Thursday 09/28/23

7:00 AM time in. 12:00 AM time out. 12:30 PM time in. 5:30 PM time out. 10 Hours

---

Friday 09/29/23

7:00 AM time in. 12:00 PM time out. 12:30 PM time in. 5:30 PM time out. 10 Hours

---

40 Hours

Statewide Electrical Services
time sheet
Week ending 10/07/23
Jesus Gonzalez
Brickell Flatiron

Monday 10/02/2023
7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out | 10 Hours

Tuesday 10/03/23
7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out | 10 Hours

Wednesday — OFF.

Thursday — 10/05/23
7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out | 10 Hours

Friday 10/06/23
7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out. | 10 Hours

40 Hours

Statewide Electrical Services
Time Sheet
Week Ending 10/14/23
Israel Gonzalez
Brickell Station

Monday 10/09/23 — 10 Hours
7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 5:30 PM time out

Tuesday → OFF

Wednesday 10/11/23 — 4 Hours
7:00 AM time in | 11:00 AM time out

Thursday 10/12/23 — 8 Hours
7:00 AM time in | 12:00 PM time out | 12:30 PM time in | 330 PM time out

22 HOURS

Statewide Electrical Services
Time Sheet
Week ending 11/04/23
Isael Gonzalez

Monday 10/30/23 → OFF

Tuesday 10/31/23

7:00 AM time in, 12:00 PM time OUT, 12:30 PM time in, 330 PM time OUT, 8 HOURS

Wednesday 11/01/23

8:00 PM time in, 12:00 AM time OUT, 12:30 AM time in, 4:30 AM time OUT, 8 H

16 HOURS.