UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22530-BECERRA/TORRES

JESUS E. GONZALEZ HERNANDEZ, AND
ESNOL ALEJANDRO GONZALEZ CANTERO,

Plaintiffs,

vs.

STATEWIDE ELECTRICAL SERVICES, INC.
and NOEL MELO,

Defendants.
____________________________________________/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OR REFERENCE TO PRIOR FLSA LAWSUITS OR CLAIMS AGAINST DEFENDANTS**

Plaintiffs Jesus E. Gonzalez Hernandez ("JGH") and Esnol Alejandro Gonzalez Cantero ("Esnol") (collectively, "Plaintiffs") respectfully submit this Response in Opposition to Defendants' Motion in Limine to Exclude Evidence of or Reference to Prior FLSA Lawsuits or Claims Against Defendants [ECF No. 49] (the "Motion"), and state as follows:

## INTRODUCTION

Defendants have put willfulness squarely at issue. They deny that any violation was willful, and they assert that some or all of Plaintiffs' claims are time-barred. [ECF No. 15 ¶¶ 35–36]. That defense is not academic. JGH filed suit on June 3, 2025, and Esnol's consent to join was filed on August 15, 2025. [ECF Nos. 1, 19]. Because Plaintiffs' claims arise from work performed between April and September 2023, the two-year limitations period would eliminate roughly the first two months of JGH's claim and most of Esnol's. Whether Defendants "either knew or showed reckless

disregard for the matter of whether [their] conduct was prohibited by the statute," *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988), will therefore determine how much of this case survives.

The most direct evidence on that question is that Defendants were sued by a former Statewide employee for unpaid overtime in February 2020, roughly three years before the work at issue here. Defendants' owner and corporate representative, Noel Melo, admitted that lawsuit under oath. He also testified that after it was filed, Statewide still adopted no written policy for reporting hours ("We have no policy."), and that Statewide has had no "incident since we started business in 1999." [ECF No. 33-1, Pgs. 109:12–15, 109:16–110:3, 112:22–113:11]. A jury deciding whether Defendants recklessly disregarded their overtime obligations is entitled to know that Defendants had been specifically accused of failing to pay overtime before they decided, in 2023, to keep Plaintiffs' time through unverified verbal reports and hours "rounded off" to forty.

Courts in this Circuit regularly deny motions like this one when, as here, the employer contests the three-year limitations period. *See* Part I, *infra*. Defendants' contrary arguments fail. The evidence is offered to prove notice, not propensity, so Rule 404(b) does not bar it. Defendants' professed "awareness" of the FLSA is not a stipulation to willfulness and does not take the issue out of the case. *Old Chief* is limited to proof of a defendant's legal status and has no application here. And any Rule 403 concern is fully addressed by a limiting instruction and reasonable limits on the scope of the evidence, not by the blanket order Defendants request.

Plaintiffs will not argue that Defendants failed to pay Plaintiffs because they allegedly failed to pay Yonel Hernandez, and will not offer the Hernandez settlement to prove liability. The Motion should otherwise be denied.

## BACKGROUND

### A. Willfulness Controls How Much of Plaintiffs' Claims Survive.

Plaintiffs allege that Defendants willfully refused to pay overtime and recklessly failed to investigate whether their pay practices complied with the FLSA. [ECF No. 1 ¶¶ 29–30]. Defendants deny willfulness and assert a statute-of-limitations defense. [ECF No. 15 ¶¶ 35–36]. The claims arise from Plaintiffs' work on Statewide's Miami-Dade Metrorail project between April and September 2023. [ECF No. 15 ¶ 26]; [ECF No. 51 at 1–2]. For JGH, the action commenced when the Complaint was filed on June 3, 2025. For Esnol, a party not named in the Complaint, it commenced when his written consent was filed on August 15, 2025. 29 U.S.C. § 256(b); [ECF Nos. 1, 19]. The statute of limitations is two years for ordinary violations and three years for willful ones. 29 U.S.C. § 255(a). Unless the jury finds willfulness, JGH's claims for workweeks before June 3, 2023, and Esnol's claims for workweeks before August 15, 2023, will be time-barred.

### B. The Hernandez Lawsuit and Melo's Testimony.

Yonel Hernandez, a former Statewide employee, sued Statewide and Melo in the Circuit Court of the Eleventh Judicial Circuit on February 6, 2020, asserting, among other claims, a claim for unpaid overtime under the FLSA. *Hernandez v. Statewide Elec. Servs., Inc.*, No. 2019-29508-CA-01 (Fla. 11th Jud. Cir. Ct.); [ECF No. 49 at 2]. Melo, who testified individually and as Statewide's corporate representative, admitted that Statewide was sued for unpaid overtime, that the lawsuit was filed before 2023, and that it is the only FLSA lawsuit he recalls. [ECF No. 33-1, Pgs. 109:16–110:3, 111:15–23, 112:10–18]. The fact of the lawsuit is not disputed.

Melo's testimony also shows what Defendants did, and did not do, after they were sued. Melo testified that he personally is "in charge of" FLSA compliance and has "read the law several times." When asked whether he or anyone at Statewide had ever contacted the Department of

Labor or any other agency to confirm compliance, he identified no such inquiry. [ECF No. 33-1, Pgs. 108:25–109:11]. Asked whether Statewide had implemented any written policy for reporting hours after the Hernandez lawsuit, he answered: "The law doesn't require that. We have no policy. We follow the guidelines from the FLSA. That's it." [*Id.*, Pgs. 112:22–113:11]. In the same testimony that Defendants now cite as proof of their "awareness," Melo stated: "We haven't had any incident since we started business in 1999, and most of my practices . . . ha[ve] been within the limits and the guidelines that the FLSA provides." [*Id.*, P. 109:12–15]; *see* [ECF No. 49 at 3].

In 2023, Statewide used no time clock or timekeeping software; Melo prepared handwritten timesheets from second-hand verbal reports, decided in advance that each station would take forty hours per week, and "rounded off" hours to forty "as a good faith" gesture. [ECF No. 37 at 1–2, 6–7] (collecting citations to ECF No. 33-1). The Court denied summary judgment. [ECF No. 46].

As to how the Hernandez matter was resolved, Defendants' Motion states that Hernandez signed a release acknowledging that he had been paid in full. [ECF No. 49 at 2]. Melo, however, described the document as a settlement "with the workers' compensation company," and Defendants have not placed any release or settlement agreement before the Court. [ECF No. 33-1, Pgs. 110:18–111:8, 112:7–9].

### C. Defendants' Asserted "Concession."

Defendants state that they "do not dispute, and affirmatively acknowledge, that at all relevant times they were aware of their obligations under the FLSA," and they argue that this statement removes the only permissible purpose for the Hernandez evidence. [ECF No. 49 at 3–5]. Defendants have not stipulated that any violation was willful, have not withdrawn their limitations defense, and have not agreed that a three-year limitations period applies.

## LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground," and "[u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* (internal quotation marks omitted). Defendants' own authority applies the same standard. *Goussen v. Mendez Fuel Holdings LLC*, 2018 U.S. Dist. LEXIS 190547, at *2 (S.D. Fla. Nov. 7, 2018) ("[A] trial court should only exclude evidence in limine where the evidence is clearly inadmissible for any purpose."). Rule 404(b) "is a rule of inclusion," *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003), and exclusion under Rule 403 "should be applied sparingly." *Anderson v. WBMG-42*, 253 F.3d 561, 566 (11th Cir. 2001).

## ARGUMENT

### I. COURTS IN THIS CIRCUIT ADMIT PRIOR FLSA LAWSUITS TO PROVE NOTICE AND WILLFULNESS WHEN THE EMPLOYER CONTESTS THE THREE-YEAR LIMITATIONS PERIOD.

A violation is willful if the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin*, 486 U.S. at 133. Reckless disregard includes the "failure to make adequate inquiry into whether conduct is in compliance with the Act." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (quoting 5 C.F.R. § 551.104). The three-year period applies when an employer "simply disregarded the possibility that it might be violating the FLSA." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1324 (11th Cir. 2007). In this Circuit, the jury decides willfulness for limitations purposes, and a jury

finding of willfulness precludes the Court from finding good faith for purposes of liquidated damages. *Alvarez Perez*, 515 F.3d at 1162–66; *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280–83 (11th Cir. 2008). The willfulness question will therefore decide both the length of the recovery period and, as a practical matter, whether liquidated damages are awarded.

Applying these principles, courts in this District have held that an employer's prior FLSA litigation is admissible on willfulness. In *Bonachea-Perez v. Ore Seafood, Inc.*, 2011 U.S. Dist. LEXIS 169015 (S.D. Fla. Oct. 20, 2011), Judge Ungaro refused to exclude three prior overtime lawsuits against the employer, all of which had settled. The court explained that "[t]he fact that Defendants were involved in prior litigation involving the FLSA is not alone proof of willfulness, but is probative of Defendants' notice of the FLSA and its requirements." *Id.* at *2. The court admitted the evidence "for the limited purpose of demonstrating that Defendants knew their alleged conduct was prohibited by the FLSA," while barring its use to prove that the employer failed to pay overtime. *Id.* at *3. In *Contreras v. Aventura Limousine & Transp. Serv., Inc.*, 2014 U.S. Dist. LEXIS 190747 (S.D. Fla. July 29, 2014), Judge Dimitrouleas denied a motion in limine to exclude prior lawsuits and settlements. He held that if the employer wanted "to argue that the jury should limit damages to just two (2) years, then the jury should hear" about the prior suits, which "arguably put Defendants on notice of potential FLSA violations." *Id.* at *3–4. In *Mendez v. Integrated Tech Grp., LLC*, 2020 U.S. Dist. LEXIS 258861 (S.D. Fla. Feb. 7, 2020), the court denied a renewed motion in limine and admitted prior FLSA lawsuits "for the limited purpose of showing that Defendant was aware of the FLSA overtime pay requirements," even though every one of those suits had settled. *Id.* at *3–5. *See also Veiga v. OC Elec. LLC*, 2020 U.S. Dist. LEXIS 264292, at *5 (S.D. Fla. Oct. 9, 2020) (permitting evidence of another FLSA action against an electrical contractor if its timeframe is shown to be relevant, where the defendants conceded that such evidence is

"ordinarily" relevant to "knowledge of the law, which impacts the issues of willfulness and good faith").

*Hughes v. AMBI Paving, LLC*, 2022 U.S. Dist. LEXIS 129280 (M.D. Fla. May 24, 2022), is especially close to this case. There, the employer argued that three prior overtime lawsuits were irrelevant and prejudicial. The court denied the motion because some claims fell outside the two-year period and the defendants planned to assert that they acted in good faith. On those facts, the prior lawsuits were "relevant to the issue of whether AMBI acted willfully when it allegedly failed to pay overtime," and any risk of misuse could be addressed with a limiting instruction. *Id.* at *5–6 & n.3. The same features are present here. Some claims fall outside the two-year period, Defendants deny willfulness, and Melo has made Defendants' "good faith" a recurring theme. [ECF No. 15 ¶¶ 35–36]; [ECF No. 37 at 2, 6] (quoting Melo's testimony that he rounded hours "as a good faith" gesture and was "acting in good faith").

Other courts have excluded prior lawsuits where the other suit did not precede the conduct at issue and so could not have given notice. *See Forbes v. Britt's Bow Wow Boutique, Inc.*, 2024 U.S. Dist. LEXIS 154450, at *7–8 (S.D. Fla. Aug. 28, 2024) (excluding a later lawsuit because, "[u]nlike the prior lawsuits in *Contreras*," it "cannot demonstrate that Defendants had notice"); *King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, 2021 U.S. Dist. LEXIS 255599, at *7–8 (S.D. Fla. Nov. 30, 2021) (excluding a suit by a dissimilar plaintiff that was served "long into the time period" of the alleged violations, while recognizing that a prior suit "could be relevant [to] a party's willfulness if that prior incident put the employer on notice"). Those decisions support admission here. The Hernandez lawsuit was filed about three years before the work at issue, it asserted the

same kind of claim (unpaid overtime), and it named the same two Defendants, including Melo, who personally prepared Plaintiffs' timesheets and says he is "in charge of" FLSA compliance.[1]

## II. RULE 404(b) DOES NOT BAR THE EVIDENCE BECAUSE IT IS OFFERED TO PROVE NOTICE, KNOWLEDGE, AND RECKLESS DISREGARD, NOT PROPENSITY.

### A. The Evidence Proves What Defendants Were on Notice Of, Not That Hernandez's Allegations Were True.

Rule 404(b)(1) bars other-act evidence only when it is offered "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(2) expressly allows such evidence to prove "intent, . . . knowledge, . . . absence of mistake, or lack of accident." Plaintiffs will not argue that Defendants underpaid Plaintiffs because they underpaid Hernandez. The inference is different: an employer that has been sued by its own employee for unpaid overtime knows that its overtime practices are being challenged. If that employer then keeps timekeeping practices that invite unrecorded overtime, without inquiry, verification, or a written policy, a jury may find that it recklessly disregarded whether it was complying with the law. That inference concerns Defendants' state of mind in 2023, not their character.

The notice theory also does not depend on whether Hernandez's allegations were true. The relevant fact is that Defendants were sued and knew they had been sued. That is why the Motion's central premise, that an unadjudicated and settled suit "establishes nothing," [ECF No. 49 at 6],

---

[1] That the Hernandez case settled does not change the analysis. *Bonachea-Perez* and *Mendez* each admitted prior lawsuits that had settled. *See also Reich v. Monfort, Inc.*, 144 F.3d 1329, 1334–35 (10th Cir. 1998) (rejecting the argument that settled claims could not support willfulness: "We do not read . . . case law to require that violations be established through litigation in order to establish that later violations were willful."). Whether the Hernandez suit, together with the rest of the evidence, is enough to prove willfulness is a question of weight for the jury, not admissibility.

misses the point. A lawsuit gives notice whether it ends in a judgment, a settlement, or a dismissal. For the same reason, the second *Sterling* factor, which asks whether there is sufficient evidence that the defendant committed the other act, is easily met. Defendants' receipt of notice is established by Melo's sworn admission and the public court record. *See Huddleston v. United States*, 485 U.S. 681, 689–90 (1988) (other-act evidence is admissible if the jury could reasonably find the conditional fact by a preponderance of the evidence); *Hughes*, 2022 U.S. Dist. LEXIS 129280, at *6 (hearsay objection moot where employer admitted the prior suits, and noting that courts may take judicial notice of court filings under Rule 201). Because the evidence is offered for its effect on Defendants, not for the truth of Hernandez's allegations, it is not hearsay. Fed. R. Evid. 801(c).

**B. Defendants' Asserted Awareness of the FLSA Does Not Remove Willfulness from the Case.**

Defendants' main argument is that they have "conceded" knowledge, so the only purpose left for the Hernandez evidence is propensity. [ECF No. 49 at 4–5]. The argument fails for four reasons.

First, Defendants have conceded the wrong issue. Willfulness does not ask whether an employer has heard of the FLSA or knows that overtime is owed after forty hours. It asks whether the employer knew, or recklessly disregarded, whether *its own conduct* violated the statute. *McLaughlin*, 486 U.S. at 133. Reckless disregard turns on whether the employer made an "adequate inquiry." *Alvarez Perez*, 515 F.3d at 1163. Defendants' statement that they knew the general rule does not address whether they knew their 2023 timekeeping practices were producing unpaid overtime, or whether they failed to investigate after being sued over the same kind of claim. The Hernandez evidence goes to those disputed questions. *See Morgan*, 551 F.3d at 1280–81 (affirming willfulness where the employer never studied whether its practice complied with the FLSA).

Second, Defendants' "concession" actually makes the evidence more probative. An employer that admits it fully understood its overtime obligations, then was sued for violating them, and then still kept no written timekeeping policy, used no time clock, verified nothing, and rounded hours to forty, has a harder time claiming that any later violation was an innocent mistake. The prior suit is the evidence that connects Defendants' general knowledge to specific notice that their own practices were being challenged. That is exactly the kind of "knowledge" and "absence of mistake" evidence Rule 404(b)(2) allows.

Third, *Old Chief* does not help Defendants. The Supreme Court's holding was limited to a criminal defendant's offer to stipulate to his status as a felon, where the name and nature of the prior offense added nothing to that element. 519 U.S. 172, 174, 190–91 (1997). The Court reaffirmed "the familiar, standard rule that the prosecution is entitled to prove its case by evidence of its own choice," and that a party "may not stipulate or admit his way out of the full evidentiary force of the case" as the proponent chooses to present it. *Id.* at 186–87. It explained that this rule "has virtually no application when the point at issue is a defendant's legal status," and it expressly preserved the use of other-act evidence for purposes such as knowledge: "Rule 404(b) guarantees the opportunity to seek its admission." *Id.* at 190. The Court also recognized that "a defendant's Rule 403 objection offering to concede a point generally cannot prevail" over the proponent's choice of evidence. *Id.* at 183. Willfulness is not a status element. It is a disputed question about Defendants' state of mind, on which Plaintiffs bear the burden of proof.

*Fourth*, Defendants have not made any real concession. They have offered no stipulation, no jury instruction, and no withdrawal of their limitations defense. They still deny willfulness. [ECF No. 15 ¶¶ 35–36]. The courts in *Contreras* and *Mendez* explained the only concession that would change the analysis: if the employer conceded that the three-year limitations period applies, "the

relevance of the prior lawsuits would greatly dissipate." *Contreras*, 2014 U.S. Dist. LEXIS 190747, at *3; *Mendez*, 2020 U.S. Dist. LEXIS 258861, at *3. Defendants have not made that concession. Unless and until they stipulate that the three-year period applies, the evidence remains highly probative.

### C. *Goussen* Does Not Control.

Defendants rely almost entirely on *Goussen*. [ECF No. 49 at 5–7]. That decision resolved a joint summary of five motions in limine and addressed the prior-lawsuit issue in a brief discussion. 2018 U.S. Dist. LEXIS 190547, at *6. It contains no Rule 404(b) analysis. It says nothing about whether the prior suits preceded the conduct at issue, whether the employer contested the three-year limitations period, or whether the employer had testified that it had a clean compliance history. The court also reasoned that the plaintiff could prove willfulness through "other evidence of Defendants' past actions and practices without mention of previous lawsuits." *Id.* That reasoning does not fit this case. Plaintiffs' theory is notice, and the only evidence that Defendants had been specifically accused of failing to pay overtime before 2023 is the Hernandez lawsuit itself. No witness or document can substitute for it.[2]

Courts in this District have also reached the opposite result on facts closer to this one, both before and after *Goussen*. *See Bonachea-Perez*, 2011 U.S. Dist. LEXIS 169015, at *2–3; *Contreras*, 2014 U.S. Dist. LEXIS 190747, at *3–4; *Mendez*, 2020 U.S. Dist. LEXIS 258861, at *3–5; *Hughes*, 2022 U.S. Dist. LEXIS 129280, at *5–6. *Goussen* shows that district courts have discretion. It does not show that the Hernandez evidence is "clearly inadmissible on all potential grounds."

[2] *Goussen*'s "mini-trial" language traces to *Anderson v. WBMG-42*, a race-discrimination case holding only that a trial court did not abuse its discretion by excluding comparator evidence on matters that "ha[d] not been developed during discovery." 253 F.3d at 566–67. The Hernandez lawsuit was explored in discovery, Melo admitted it, and Plaintiffs do not seek to litigate its merits.

Finally, Defendants' reliance on one sentence from Plaintiffs' summary judgment opposition, [ECF No. 49 at 3, 5] (quoting ECF No. 37 at 15), does not change the analysis. The question now is how the evidence may be used at trial. Plaintiffs will offer the Hernandez lawsuit for the limited purpose of proving notice and willfulness, and they have no objection to an instruction telling the jury exactly that.[3]

## III. RULE 403 DOES NOT SUPPORT EXCLUSION BECAUSE THE EVIDENCE IS HIGHLY PROBATIVE AND ANY RISK OF UNFAIR PREJUDICE CAN BE ADDRESSED WITH A LIMITING INSTRUCTION.

Rule 403 permits exclusion only when probative value is "substantially outweighed" by the danger of unfair prejudice, confusion, or delay. Fed. R. Evid. 403. The evidence here is highly probative. It is the clearest proof that Defendants were on notice before 2023, and it bears on an issue that will decide whether months of Plaintiffs' claims are recoverable. *See Contreras*, 2014 U.S. Dist. LEXIS 190747, at *3 ("[T]he probative value of the number of other lawsuits outweighs the prejudice."); *Mendez*, 2020 U.S. Dist. LEXIS 258861, at *3 (same).

The asserted prejudice is minimal and can be controlled. Defendants' concern about a "mini-trial" assumes that Plaintiffs must prove Hernandez was underpaid. They do not. The notice theory depends only on the fact, date, parties, and nature of the Hernandez claim, all of which Melo admitted. Plaintiffs propose that the evidence be limited as follows: (1) Plaintiffs may establish that Hernandez, a former Statewide employee, sued Statewide and Melo in 2020 alleging, among other things, unpaid overtime under the FLSA, and may ask Melo about that suit and what Defendants did or did not change afterward; (2) Plaintiffs will not offer the Hernandez pleadings

---

[3] Plaintiffs' position is consistent with their own motion in limine. There, Plaintiffs proposed reciprocal exclusion of unrelated lawsuits by or against the parties, but expressly carved out the Hernandez action because it bears on Defendants' notice, willfulness, and good faith. [ECF No. 51 at 5–6].

to prove the truth of their allegations, will not litigate the merits of that case, and will not argue that Defendants are the "kind of employer" that fails to pay overtime; (3) neither side may refer to the amount or terms of any settlement or release; and (4) the Court will give a limiting instruction, at trial or in the final charge, that the jury may consider the Hernandez lawsuit only on willfulness and not as evidence that Defendants failed to pay Plaintiffs. *See* Fed. R. Evid. 105; *Hughes*, 2022 U.S. Dist. LEXIS 129280, at *6–7 & n.3 (directing the parties to submit a limiting instruction that the prior suits "may be considered only on the issue of willfulness and not as evidence that [the employer] failed to pay overtime in this case"); *Bonachea-Perez*, 2011 U.S. Dist. LEXIS 169015, at *3. With those limits, the evidence will take minutes, not a mini-trial.

Defendants' point that Hernandez was "a different employee" with "different work" in "a different time period," [ECF No. 49 at 3], goes to weight. Notice does not require an identical claim. An overtime suit against the same company and the same owner, filed about three years earlier, gave Defendants reason to examine their overtime practices. Defendants may argue that the suit deserves little weight, but that is not a basis for excluding it.

## IV. THE HERNANDEZ LAWSUIT IS INDEPENDENTLY ADMISSIBLE FOR IMPEACHMENT AND REBUTTAL.

The Motion also asks the Court to bar "any reference" to prior claims during witness examination. [ECF No. 49 at 8]. That request should be denied for an additional reason. Defendants' Motion relies on Melo's testimony about his FLSA compliance, [ECF No. 49 at 3], and Melo has testified that Statewide has had no "incident since we started business in 1999." [ECF No. 33-1, P. 109:12–15]. If Melo tells the jury that Statewide has a clean compliance record, that it has always followed the FLSA, or that it acted in "good faith," Plaintiffs are entitled to confront him with the fact that Statewide was sued for unpaid overtime in 2020. *See* Fed. R. Evid.

607. Even a court that excluded a prior lawsuit from the case-in-chief refused to bar impeachment in advance. *See King*, 2021 U.S. Dist. LEXIS 255599, at *8–9 (denying motion "to the extent [it] seeks to exclude references to the pending lawsuit for impeachment purposes," where the defendant had sworn that his companies had not been sued for overtime violations). Whether Defendants open that door cannot be decided before trial.[4]

The evidence also bears on the Court's own determination of liquidated damages, where Defendants must prove good faith and reasonable grounds for believing they complied with the FLSA. 29 U.S.C. § 260. Whatever the jury hears, Plaintiffs should not be barred from relying on the Hernandez lawsuit in those proceedings. *See Caruso v. Titan List & Mailing Servs., Inc.*, 2018 U.S. Dist. LEXIS 243186, at *6–7 (S.D. Fla. May 10, 2018) (taking judicial notice of a prior FLSA suit for the court's consideration while deferring ruling on its use before the jury).

## V. THE REST OF THE REQUESTED ORDER IS OVERBROAD AND PREMATURE.

The Motion is not limited to the Hernandez lawsuit. Defendants ask the Court to exclude "any prior lawsuit, charge, complaint, or claim of unpaid overtime or other violation of the [FLSA] asserted against Defendants by any person other than the Plaintiffs," to bar any "characterization thereof," and to require Plaintiffs' counsel to instruct witnesses accordingly. [ECF No. 49 at 1, 8]. Defendants do not identify any other lawsuit, charge, or claim, and Melo testified that Hernandez is the only FLSA suit he recalls. [ECF No. 33-1, P. 110:1–3]. Read literally, the requested order could reach testimony from co-workers or other witnesses about complaints they made to

[4] Plaintiffs recognize that Rule 408(a) bars use of a compromise to impeach by contradiction. Plaintiffs would use the fact of the Hernandez lawsuit for impeachment, not the settlement.

Defendants regarding hours or pay on the Metrorail project. That testimony would bear directly on Defendants' knowledge of the hours Plaintiffs worked, and it cannot be evaluated in the abstract.

Courts in this District deny motions in limine that target unspecified categories of prior "lawsuits, charges, or claims." *Jolibois v. Pub. Health Tr. of Miami-Dade Cnty.*, 2025 U.S. Dist. LEXIS 70392, at *4–5 (S.D. Fla. Apr. 14, 2025) (denying motion because the movant did "not specify which, if any, prior lawsuits, charges, or claims she seeks to exclude," and holding that such rulings "should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context") (quoting *Gonzalez*, 718 F. Supp. 2d at 1345). The Court should do the same here and deny the Motion to the extent it reaches anything beyond the Hernandez lawsuit.

## VI. PLAINTIFFS DO NOT OPPOSE EXCLUDING THE SETTLEMENT TO PROVE LIABILITY, BUT THAT LIMIT MUST APPLY TO BOTH SIDES AND DOES NOT REQUIRE EXCLUDING THE LAWSUIT.

Plaintiffs do not intend to offer the amount or terms of any Hernandez settlement, or to argue that settling shows Defendants were liable. *See* Fed. R. Evid. 408(a). Plaintiffs therefore do not oppose an order excluding the settlement for that purpose.

That limit must apply to both sides. Rule 408(a) bars use of a compromise "on behalf of any party" to "prove or disprove the validity or amount of a disputed claim." Defendants' Motion relies on Hernandez's supposed release acknowledging that he was "paid in full" and owed nothing further. [ECF No. 49 at 2, 6–7]. If the settlement is excluded, Defendants should not be permitted to tell the jury that Hernandez released his claims or admitted that he was fully paid in order to suggest that his overtime claim lacked merit. The record also leaves unclear what that document was. Melo described it as a settlement "with the workers' compensation company," and Defendants

have not placed it before the Court. [ECF No. 33-1, Pgs. 110:18–111:8, 112:7–9]. That uncertainty is another reason not to decide this issue in the abstract.

Excluding the settlement also does not require excluding the lawsuit. *Goussen* excluded both because it excluded the suits in the first place. 2018 U.S. Dist. LEXIS 190547, at *6–7. Courts that admit prior suits on willfulness instead restrict how the settlement may be used while admitting the lawsuits themselves. *See Bonachea-Perez*, 2011 U.S. Dist. LEXIS 169015, at *3 (admitting prior settled suits on willfulness but barring their use to prove liability, citing Rule 408); *Contreras*, 2014 U.S. Dist. LEXIS 190747, at *4 & n.1 (denying motion to exclude prior lawsuits while reserving the right to exclude evidence of settlements). The Court should do the same.

**CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion in Limine [ECF No. 49] and enter an order providing that: (1) Plaintiffs may offer evidence of the existence, filing date, parties, and nature of the Hernandez lawsuit, and of Defendants' response to it, for the limited purpose of proving notice, knowledge, and willfulness, subject to a limiting instruction; (2) neither party may offer the amount or terms of any Hernandez settlement or release, or argue that its resolution proves or disproves the merits of Hernandez's claims; (3) Plaintiffs may use the Hernandez lawsuit for impeachment or rebuttal if a defense witness testifies to Defendants' compliance history or good faith; and (4) the Motion is otherwise denied without prejudice to objections raised at trial in context.

Respectfully submitted this 25th day of September 2026,

Katelyn Schickman, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou (1039018)
brooks@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884
*Counsel for Plaintiffs*