UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-22530-JB/Torres

JESUS E. GONZALEZ HERNANDEZ, and
ESNOL ALEJANDRO GONZALEZ CANTERO,

Plaintiffs,

vs.

STATEWIDE ELECTRICAL SERVICES, INC., and
NOEL MELO,

Defendants.
_____________________________________________/

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OR REFERENCE TO PRIOR FLSA LAWSUITS OR CLAIMS AGAINST DEFENDANTS**

Defendants Statewide Electrical Services, Inc. ("Statewide") and Noel Melo ("Melo") reply to Plaintiffs' Response in Opposition [ECF No. 54] (the "Response") to Defendants' Motion in Limine [ECF No. 49] (the "Motion").

## INTRODUCTION

The Response narrows the dispute considerably. Plaintiffs now state that they will not offer the Hernandez pleadings, will not litigate the merits of that case, will not offer the amount or terms of any settlement, will not argue that Defendants are the "kind of employer" that fails to pay overtime, and will confine the evidence to "the fact, date, parties, and nature of the Hernandez claim." [ECF No. 54 at 12-13]. Defendants ask that the Court hold Plaintiffs to each of those representations.

What remains is a single question: what disputed fact does that stripped-down evidence prove? The Response answers it. Every decision Plaintiffs cite that admitted a prior FLSA suit did

so for one purpose: to show that the employer was aware of the FLSA and its requirements. That fact is not disputed here. Defendants have acknowledged it in sworn testimony, in discovery responses, and in the Motion itself, and they will stipulate to it on the record. Once the only purpose for which courts have admitted this category of evidence is conceded, the Hernandez suit proves nothing the jury needs to decide, and everything it adds is the inference Plaintiffs promise not to draw. The Motion should be granted.

## I. PLAINTIFFS' OWN AUTHORITIES ADMIT PRIOR SUITS ONLY TO PROVE AWARENESS OF THE FLSA, AND THAT FACT HAS ALREADY BEEN ADMITTED.

The Response describes its principal cases in its own words. *Bonachea-Perez*, according to Plaintiffs, held that prior FLSA litigation "is not alone proof of willfulness, but is probative of Defendants' notice of the FLSA and its requirements," and admitted the suits "for the limited purpose of demonstrating that Defendants knew their alleged conduct was prohibited by the FLSA." [ECF No. 54 at 6]. *Mendez*, according to Plaintiffs, admitted prior suits "for the limited purpose of showing that Defendant was aware of the FLSA overtime pay requirements." [*Id.*]. *Veiga*, according to Plaintiffs, treated such evidence as relevant to "knowledge of the law." [*Id.* at 6-7]. *Contreras*, as the Southern District later described it, denied exclusion because the "numerous" prior suits "arguably put Defendant on notice of potential FLSA violations." *Forbes v. Britt's Bow Wow Boutique, Inc.*, No. 1:23-cv-23216 (S.D. Fla. Aug. 28, 2024) (describing *Contreras v. Aventura Limousine & Transp. Serv., Inc.*, No. 13-22425-CIV, 2014 WL 11880996 (S.D. Fla. July 29, 2014)).

Each of those courts identified the same permissible purpose: notice of the Act and its requirements. None held that the existence of a prior suit is itself evidence that a later violation was willful. *Bonachea-Perez*, in Plaintiffs' own quotation, said the opposite.

That purpose has no work to do in this case. Melo testified that he is personally in charge of FLSA compliance, that he has read the law several times, that Statewide's policy is based on the FLSA regulations, and that he understood the obligation to pay overtime for hours over forty in a week. [ECF No. 33-1 at 32:10-15, 86:24-25, 109:4-15, 113:2-11]. Statewide's sworn interrogatory answers assert that Plaintiffs were paid in accordance with applicable wage and hour laws. [ECF No. 36-2 at 5, 8-9 (Answers 4, 11)]. The Motion states it expressly. [ECF No. 49 at 3-4]. Defendants will enter that acknowledgment as a stipulation of record in whatever form the Court directs, and they have no objection to the jury being told, as a matter of fact not in dispute, that at all relevant times Defendants were aware of and subject to the FLSA's overtime requirements.

Plaintiffs call that concession "the wrong issue." [ECF No. 54 at 9]. It is the only issue their cases address. If Plaintiffs wish to prove something more than awareness of the Act, they must identify what it is and show that a single settled accusation proves it. Part II addresses that attempt.

## II. AWARENESS THAT THE FLSA APPLIES IS NOT WILLFULNESS, AND NO CITED DECISION HOLDS THAT A SINGLE UNADJUDICATED SUIT IS EVIDENCE OF RECKLESS DISREGARD.

Plaintiffs' theory, once the settlement and the merits are removed, is this: Melo knew the FLSA applied, a former employee once sued for unpaid overtime, Defendants did not change their timekeeping method afterward, and a jury may therefore find reckless disregard. [ECF No. 54 at 8, 10]. That is the standard the Supreme Court rejected in *McLaughlin*. The Court discarded the *Jiffy June* test precisely because a standard satisfied by proof that the employer "knew that the FLSA 'was in the picture'" would "virtually obliterate[] any distinction between willful and nonwillful violations," and it held that an employer who acts "unreasonably, but not recklessly, in determining its legal obligation" is not willful. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128,

132-33, 135 & n.13 (1988). A lawsuit is the most literal way of putting the FLSA "in the picture." Attaching a docket number to the *Jiffy June* inference does not revive it.

Willfulness in this Circuit turns on the employer's own conduct: whether it knew its practice was unlawful, or "should have inquired further into whether its conduct was in compliance with the Act and failed to make adequate further inquiry." 29 C.F.R. § 578.3(c)(3); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008). The Eleventh Circuit decision Plaintiffs cite as affirming a willfulness finding did so on evidence of what the employer did and failed to do with respect to its own pay practices, not on evidence that someone had sued. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280-82 (11th Cir. 2008) (affirming willfulness where executives testified the company "never studied" whether its exemption policy complied and could not say who made the policy). Plaintiffs' own out-of-circuit authority shows what kind of prior event does support willfulness. In *Reich v. Monfort, Inc.*, 144 F.3d 1329, 1334-35 (10th Cir. 1998), a Department of Labor investigation had found the same violations, the employer had paid back wages to sixty-seven employees, a second matter at a sister plant had produced back pay to 1,752 more and a written agreement to comply, and the employer then repeated the conduct. Plaintiffs quote the Tenth Circuit's rejection of the argument that those settled claims could not support willfulness because they had not been litigated. [ECF No. 54 at 8 n.1]. That holding is correct and beside the point. What Reich treated as notice was violations found by the Department of Labor, acknowledged by the employer through back pay and a written compliance agreement, and then repeated. A single accusation, denied, settled without any finding, and described by Melo as a workers' compensation matter, is not that.

Plaintiffs cite no decision, in this Circuit or elsewhere, holding that one settled, unadjudicated suit by a different employee is itself evidence that a later violation was willful.

Courts confronting that question have held the opposite. *See Freeman v. Sam's East Inc.*, No. 2:17-cv-1786, 2021 WL 3362611, at *3 (D.N.J. Aug. 3, 2021) (granting summary judgment in part because "an allegation in a prior case by a different plaintiff . . . that never reached the merits cannot support a finding of willfulness"); *King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, 2021 U.S. Dist. LEXIS 255599, at *7-8 (S.D. Fla. Nov. 30, 2021) (excluding a suit by a dissimilar plaintiff that was served during the period of the alleged violations, as Plaintiffs themselves describe the decision [ECF No. 54 at 7]).

## III. STRIPPED OF ITS CONTENT, THE HERNANDEZ SUIT PROVES ONLY WHAT DEFENDANTS HAVE ALREADY ADMITTED; OFFERED WITH ITS CONTENT, IT REQUIRES THE MINI-TRIAL PLAINTIFFS DISCLAIM.

Plaintiffs' notice theory contains a contradiction that no limiting instruction can resolve. A lawsuit gives notice only of what it alleges. For the Hernandez suit to have put Defendants on notice that supervisor-kept timesheets based on daily reports were producing unrecorded overtime, Hernandez would have to have alleged something of that kind. The record does not show that he did. All the record shows is that the suit asserted, "among other claims," an overtime claim, [ECF No. 49 at 2; ECF No. 54 at 3], and that Melo described its resolution as a settlement "with the workers' compensation company." [ECF No. 33-1 at 110:18-111:8, 112:7-9]. Plaintiffs themselves say the truth of Hernandez's allegations is irrelevant and that they will not offer the pleadings or litigate the merits. [ECF No. 54 at 8, 12-13].

The dilemma follows. Offered in the stripped form Plaintiffs propose, the suit proves that Defendants were once accused of not paying overtime, which is to say that they were aware of the Act's overtime requirement. That fact has already been admitted. Offered with enough content to show that the accusation should have prompted an inquiry into the specific practice used on Project 412034 in 2023, the suit requires the jury to hear what Hernandez alleged, what Defendants

answered, and why the matter settled. That is the trial within a trial that this District has repeatedly refused to permit. *Bui v. Minority Mobile Sys., Inc.*, No. 15-21317-CIV, 2016 WL 6518804, at *1 (S.D. Fla. Jan. 28, 2016); *Goussen v. Mendez Fuel Holdings, LLC*, No. 18-20012-CIV, 2018 WL 5831084 (S.D. Fla. Nov. 7, 2018); *King*, 2021 U.S. Dist. LEXIS 255599, at *7-8. There is no third version of the evidence.

The failure-to-inquire theory fares no better on its own terms. An inquiry is "adequate" or not by reference to whether the employer's conduct complies with the Act. 29 C.F.R. § 578.3(c)(3). The FLSA requires an employer to keep records of hours worked; it does not prescribe a time clock, employee self-reporting, or a written timekeeping policy. 29 C.F.R. § 516.2(a)(7). Melo's testimony that "[t]he law doesn't require that" [ECF No. 33-1 at 112:22-113:11] is correct. An inquiry after the Hernandez suit would have confirmed that Statewide's method of recording hours was lawful. Plaintiffs are not arguing that Defendants failed to inquire; they are arguing that Defendants failed to abandon a lawful method because a former employee had sued. Neither *McLaughlin* nor the regulation treats that as recklessness. Whether the records kept by that method are accurate is a separate question, and it is one the Hernandez suit cannot inform at all.

Finally, Plaintiffs say the Hernandez suit is indispensable because "[n]o witness or document can substitute for it." [ECF No. 54 at 11]. Their own Response refutes that. It recites at length the evidence on which Plaintiffs intend to rely: no time clock, no written policy, no agency inquiry, handwritten timesheets from verbal reports, and rounding to forty. [*Id.* at 3-4]. All of that comes from Melo's testimony and none of it depends on the lawsuit. That is exactly the point on which *Bui* and *Goussen* rested: "Plaintiff can demonstrate Defendants' potential willfulness in violating the FLSA through witness testimonies or other evidence of Defendants' past actions and

practices without mention of previous lawsuits." *Bui*, 2016 WL 6518804, at *1; *Goussen*, 2018 WL 5831084.

## IV. *GOUSSEN* AND *BUI* EXCLUDED PRIOR SUITS WITH WILLFULNESS CONTESTED, AND PLAINTIFFS' CONTRARY CASES TURNED ON THE NUMBER OF SUITS.

Plaintiffs distinguish *Goussen* on the ground that the order "says nothing about . . . whether the employer contested the three-year limitations period." [ECF No. 54 at 11]. The docket answers that. Four weeks before the order in limine, the same court denied summary judgment in the same case, noting that the defendants argued the claim was partially time-barred and sought a ruling that the two-year period applied, and holding that "[t]he issue of willfulness under § 255(a) is a question of fact for the jury not appropriate for summary disposition." *Goussen v. Mendez Fuel Holdings, LLC*, 350 F. Supp. 3d 1283, 1294-95 (S.D. Fla. 2018). *Goussen* therefore excluded the prior suits while willfulness was a live jury question and the limitations defense was pending. *Bui* is the same. On the day it entered the order in limine, the court in *Bui* also denied the defendants' request to limit recovery to the two-year period because willfulness could not be determined while liability remained disputed. *Bui v. Minority Mobile Sys., Inc.*, No. 15-21317-CIV, ECF No. 122 (S.D. Fla. Jan. 28, 2016). Two decisions of this District excluded prior FLSA suits in exactly the posture Plaintiffs say compels admission.

The decisions on the other side are distinguishable on a ground the Response does not mention. In *Contreras*, the plaintiff relied on "numerous, prior lawsuits by similarly-situated drivers," and the court denied exclusion because "the probative value of the number of other lawsuits outweighs the prejudice." *Forbes*, No. 1:23-cv-23216 (quoting *Contreras*, 2014 WL 11880996, at *1). By Plaintiffs' own account, *Bonachea-Perez* and *Hughes* each involved three prior overtime suits. [ECF No. 54 at 6-7]. A pattern of similar claims by similarly situated workers

can support an inference that the employer knew a particular practice was being challenged. One suit, by one employee, in a different role and period, asserting an overtime claim among other claims, and resolved without any finding, supports no such inference. Plaintiffs are correct that the point goes to weight in a case with many suits. In a case with one, it goes to whether there is anything to weigh.

*Jolibois* does not help Plaintiffs either. That was an FMLA case in which the plaintiff moved to exclude unspecified lawsuits and charges, and the court denied the motion for vagueness while citing *Bui* with approval as "granting motion in limine that sought to exclude reference to previous lawsuits filed against the defendant." *Jolibois v. Pub. Health Tr. of Miami-Dade Cnty.*, No. 1:23-cv-24442 (S.D. Fla. Apr. 14, 2025). Defendants' Motion identifies the Hernandez suit by name, docket number, and date. To remove any doubt about scope, Defendants clarify that the Motion is directed to the Hernandez action and to any prior suit, charge, or complaint against Defendants that Plaintiffs have not disclosed, and that it does not reach testimony by co-workers or other witnesses about hours worked or complaints made concerning Project 412034. Plaintiffs' Part V objection is therefore moot.

## V. THE SETTLEMENT, RECIPROCITY, AND THE SCOPE OF THE ORDER.

Defendants agree that neither party should offer the amount or terms of the Hernandez settlement or release, or argue that the resolution of that matter proves or disproves the merits of Hernandez's claims. Fed. R. Evid. 408(a). Defendants will not refer to the release before the jury and agree that the exclusion should be reciprocal.

Defendants also ask that the order incorporate the limits Plaintiffs have volunteered, so that the parties and witnesses are bound by the same rules: no use of the Hernandez pleadings to prove the truth of their allegations and no litigation of the merits of that case; no argument or suggestion

that Defendants are the "kind of employer" that fails to pay overtime; and no reference to the amount or terms of the settlement or release. [ECF No. 54 at 2, 12-13]. Defendants further ask that, if any reference to the Hernandez matter is permitted, it be excluded from voir dire and opening statement, where no limiting instruction can accompany it; that it be confined in closing argument to the purpose for which it was admitted; and that Plaintiffs be barred from describing Defendants as having a "history" or "pattern" of failing to pay overtime.

Plaintiffs' reservation of the Hernandez suit for impeachment should be handled as such matters ordinarily are: outside the jury's presence, on a proffer, if and when a defense witness gives testimony that Plaintiffs contend opens the door. Plaintiffs recognize that Rule 408(a) bars use of the settlement to impeach by contradiction. [ECF No. 54 at 14 n.4]. Whether anything else about the Hernandez matter becomes admissible for impeachment cannot be decided now, and Defendants ask only that no such use be made without leave of Court obtained outside the jury's presence.

## CONCLUSION

The only fact the Hernandez suit can prove without a trial of its merits is that Defendants were aware of the FLSA and its overtime requirements. That fact has been admitted and will be stipulated. Offered for any other purpose, the suit either invites the propensity inference Plaintiffs disclaim or requires the collateral trial they promise not to conduct. Defendants respectfully request that the Court grant the Motion, exclude evidence of and reference to the Hernandez action and any other prior FLSA suit, charge, or claim against Defendants, enter the reciprocal limits described in Part V, and require that any proposed impeachment use be raised outside the jury's presence.

Respectfully submitted,

STEPHEN R. VERBIT, P.A.
6741 Orange Drive
Davie, Florida 33314
Tel: (954) 536-9428
sverbit@verbitlawfl.com

By: /s/ Stephen R. Verbit
STEPHEN R. VERBIT
Florida Bar No. 710857
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will serve all counsel of record.

/s/ Stephen R. Verbit
STEPHEN R. VERBIT