**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-22530-JB/Torres

JESUS E. GONZALEZ HERNANDEZ, and
ESNOL ALEJANDRO GONZALEZ CANTERO,

Plaintiffs,

vs.

STATEWIDE ELECTRICAL SERVICES, INC., and
NOEL MELO,

Defendants.
_______________________________________________/

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE AUDIO RECORDING**

Defendants Statewide Electrical Services, Inc. ("Statewide") and Noel Melo ("Melo") reply to Plaintiffs' Response in Opposition [ECF No. 55] to Defendants' Motion in Limine to Exclude Audio Recording [ECF No. 50], and state as follows:

**SUMMARY OF ARGUMENT**

Plaintiffs' Response settles most of what the Motion raised. It confirms that the conversation was in Spanish. It confirms that no translation of any kind has been placed before the Court; Plaintiffs promise one "well in advance of trial," with no date certain and no named translator. [ECF No. 55 at 2]. And it confirms that Plaintiffs' own sworn account does not tie this recording to any identified conversation. What remains is a question of sequence. Plaintiffs ask the Court to admit the recording and sort out the foundation at trial. Defendants ask the Court to require the foundation before the jury hears a word about it. Plaintiffs' own authorities support the second course.

Defendants accept three points. First, a participant may identify his own voice. Fed. R. Evid. 901(b)(5). Second, Rule 403 is applied sparingly. Third, the procedure of *United States v.*

*Cruz*, 765 F.2d 1020, 1023 (11th Cir. 1985), governs competing English versions of a foreign-language recording. None of these resolves the Motion. Authentication of a voice does not supply a translation, and the *Cruz* procedure does not begin until someone puts a translation on the table.

**MEMORANDUM OF LAW**

## I. THE *CRUZ* PROCEDURE REQUIRES A TRANSLATION TO EXIST, AND PLAINTIFFS HAVE OFFERED ONLY A PROMISE.

*Cruz* directs that "the district court and the parties should make an effort to produce an 'official' or 'stipulated' transcript." 765 F.2d at 1023 (quoting United States v. Wilson, 578 F.2d 67, 69-70 (5th Cir. 1978)). Only if that fails does each side offer its own version. *Id.*; *United States v. Llinas*, 603 F.2d 506, 509 (5th Cir. 1979) (burden lies "with the respective parties to present transcripts or other evidence to support their version"). That sequence cannot run on an undated promise. Plaintiffs describe a certified translation that "will" be served "well in advance of trial," and a certified interpreter who "will" be present. [ECF No. 55 at 2, 9-10]. They identify neither person, state no qualifications, and name no date certain.

The procedure Plaintiffs invoke is therefore not a reason to defer. It is a reason to set a calendar. Defendants will confer toward a stipulated transcript and, failing agreement, will offer their own version on the date the Court sets. What Defendants ask is that the date be fixed now, before the Joint Pretrial Stipulation, so that any dispute over the words is framed for the Court before calendar call and not in front of the jury.

## II. PLAINTIFFS' AUTHORITIES PLACE THE FOUNDATION BURDEN ON THE PROPONENT, AND PLAINTIFFS CANNOT CARRY THE ENGLISH PORTION THEMSELVES.

### A. The Proponent Must Lay the Foundation

Plaintiffs rely on *United States v. Reeves*, 742 F.3d 487, 501 (11th Cir. 2014), and *United States v. Biggins*, 551 F.2d 64, 66 (5th Cir. 1977). Both say that the proponent must show the

recording "is an accurate reproduction of relevant sounds previously audited by a witness," including who the speakers are. *Biggins* explains why that burden sits with the proponent: that party "has access to such information." *Id.* Plaintiffs hold the recording, know the circumstances in which it was made, and have the device or file from which it came. Defendants do not.

**B. Neither Plaintiff Can Vouch for the English**

Plaintiffs also cite *United States v. Curbelo*, 726 F.3d 1260, 1271 (11th Cir. 2013), for the proposition that a participant is "in an excellent position to authenticate" a transcript. The witness in *Curbelo* was fluent in Spanish and English, had listened to the recordings, and could confirm the English transcript against them. *Id.* JGH testified that he cannot understand, read, or write English. JGH Dep. 8:13-20. Esnol testified that he speaks some English, but that he cannot write it, prefers Spanish, and can read English only "depend[ing] on how hard it is, because I don't dominate it 100 percent." Esnol Dep. 7:19-25, 8:5-12. He also testified that he did not understand the English interrogatory answers in full. *Id.* at 14:14-16. Both testified through sworn Spanish interpreters. JGH Dep. 5:8-15; Esnol Dep. 5:3-15. Neither has testified that he compared an English text to the recording. Whatever English the jury sees will therefore come from a translator, and the accuracy of that English will rest entirely on that person's qualifications and impartiality.

Plaintiffs' own state case, and a later decision of the same court, confirm what that requires. In *Fernandez v. State*, 21 So. 3d 155, 156-57 (Fla. 4th DCA 2009), the court approved a non-certified translator only because of safeguards: cross-examination on accuracy, the tapes played in open court, the transcripts kept out of deliberations, and a separate witness who identified the speakers. In *Mendez-Martinez v. State*, 232 So. 3d 5, 7-8 (Fla. 4th DCA 2017), the court reversed where a translation was offered on the stand with no prior translation and no foundation established outside the jury's presence. Defendants cite these decisions for the safeguards they describe, not as binding authority. The safeguards cannot operate if the translator is first identified at trial.

Plaintiffs should be directed to identify the translator and interpreter, with qualifications, by the same date as the exchange of translations.

## III. THE DATE AND LOCATION ARE NOT A MATTER OF WEIGHT ALONE.

### A. Plaintiffs Cannot Connect This Recording to the Conversation They Swear To

Plaintiffs answer Defendants' foundation objection by saying that the dispute over date and place "goes to weight, not admissibility." [ECF No. 55 at 3]. Yet they acknowledge that, if the date or location is a condition of relevance, Rule 104(b) asks whether "the jury could reasonably find the conditional fact." [*Id.* at 13 (quoting *Huddleston v. United States*, 485 U.S. 681, 690 (1988))]. That is the right test, and Plaintiffs have not met it. The Motion took Plaintiffs' interrogatory answers at face value and treated the recording as documenting the Station 2 conversation those answers describe. [ECF No. 50 at 3]. The Response, which cites no testimony linking the recording to that conversation, shows that even that premise was generous. Plaintiffs have offered nothing from which a jury could find that this recording captured the conversation they swear to.

Their sworn interrogatory answers describe a single conversation at "Station 2" on or about May 25, 2023. [ECF No. 55 at 4, citing ECF No. 33, Exs. C, D, No. 6(f)]. At deposition JGH added: "it wasn't only at that station. We had arguments at every station." [*Id.* at 4, citing JGH Dep. 76:11-19]. Esnol did not remember the exact date and was not "100 percent" sure of the place. [*Id.* at 6, citing Esnol Dep. 27:3-21]. Plaintiffs thus describe an unknown number of conversations at unknown times and ask the jury to assume that the recording captured the one that matters.

### B. The Record Contains Four Different Things

The record contains no evidence of what the recording says. It contains four other things, none of which is a substitute. First, the only portion of the recording placed on any record, the excerpt played at Ms. Usuga's deposition, was transcribed as "(Speaks in Spanish)," with no

interpretation. [ECF No. 33, Ex. G, Usuga Dep. 95:7-12]. Second, Plaintiffs' interrogatory answer describes the recording as one in which Ms. Usuga discussed hours that "might later be compensated with time off." [ECF No. 33, Exs. C, D, No. 6(e)]. Third, Plaintiffs' interrogatory answers and testimony describe a conversation. [*Id.* No. 6(f); Esnol Dep. 26:5-33:12]. No witness has testified that the recording captured that conversation, and Plaintiffs' counsel instructed JGH not to answer questions about it. [JGH Dep. 76:2-77:23]. Fourth, Plaintiffs' brief attributes language to "the conversation" and quotes it, but the quotation comes from the interrogatory answer, not from the recording. [ECF No. 55 at 2]. Representations of counsel are not evidence. Defendants do not concede that the recording says what Plaintiffs or their counsel say it says, and no translation before the Court shows that it does.

### C. The Original File Would Answer the Open Questions

The recording's own data would answer these questions. The original audio file, or the device that made it, carries a creation date, a duration, and an edit history. Plaintiffs hold that information; Defendants cannot supply it. If Plaintiffs intend to offer the recording, the exchange of translations is the natural point at which to produce the original file with its metadata, and Defendants will seek it at that time if Plaintiffs do not.

## IV. PLAINTIFFS' REQUEST TO REFERENCE THE RECORDING BEFORE FOUNDATION IS LAID SHOULD BE DENIED.

Plaintiffs' own authority recognizes that questions of "foundation, relevancy, and prejudice" are "resolved in context." *United States v. Laurent*, 603 F. Supp. 3d 1247, 1251 (S.D. Fla. 2022) (quotation omitted). Context here means a determination outside the jury's presence. As the proponent, Plaintiffs bear the burden of laying that foundation when the recording is offered. Rule 104(b) permits the Court to admit evidence subject to later proof of a conditional fact, but the Court controls the order of proof, Fed. R. Evid. 611(a), and should require the

preliminary showing to be made outside the jury's presence when "justice so requires." Fed. R. Evid. 104(c)(3). If the recording's date, origin, and translation are first tested in opening statement or in the examination of a witness, no ruling can cure the effect. The impeachment use Plaintiffs describe under Rule 613(b) depends on the same foundation and the same translation. Until both exist, there is no prior statement to confront Ms. Usuga with.

Defendants also clarify the scope of their request. The Motion does not seek to prevent Esnol or JGH from testifying from personal knowledge about what they heard in a conversation in which they took part. Fed. R. Evid. 602. The Motion is directed to the recording and its contents. That clarification answers Plaintiffs' final argument. It leaves the remaining relief unchanged.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the Motion and, in the alternative, enter an order that: (1) by a date certain set by the Court, the parties exchange their proposed English translations of the recording, identify the translator and the interpreter each intends to use with their qualifications, and confer in good faith toward a stipulated transcript; (2) no party refer to the recording or its contents in voir dire, opening statement, or the examination of any witness until the Court has determined the recording's foundation and translation outside the jury's presence, with leave to renew; (3) any permitted use of a translation be accompanied by a limiting instruction; and (4) granting such further relief as the Court deems just and proper.

Respectfully submitted,

**STEPHEN R. VERBIT, P.A.**
6741 Orange Drive
Davie, Florida 33314
Tel: (954) 536-9428
sverbit@verbitlawfl.com

By: /s/ Stephen R. Verbit
**STEPHEN R. VERBIT**
Florida Bar No. 710857
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will serve all counsel of record.

/s/ Stephen R. Verbit
**STEPHEN R. VERBIT**