**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-22530-JB/Torres

JESUS E. GONZALEZ HERNANDEZ and
ESNOL A. GONZALEZ CANTERO,

Plaintiffs,

v.

STATEWIDE ELECTRICAL SERVICES, INC.
and NOEL MELO,

Defendants.
_______________________________________/

**JOINT PRETRIAL STIPULATION**

Plaintiffs, Jesus E. Gonzalez Hernandez ("Jesus") and Esnol A. Gonzalez Cantero ("Esnol") (together, "Plaintiffs"), and Defendants, Statewide Electrical Services, Inc. ("Statewide") and Noel Melo ("Melo") (together, "Defendants"), through their undersigned counsel, having met and conferred, submit this Joint Pretrial Stipulation pursuant to Local Rule 16.1(e) and the Court's Amended Order Setting Trial [D.E. 42].

## I. JOINT NEUTRAL SUMMARY OF THE CASE FOR VOIR DIRE

This is a civil case about overtime pay under a federal law called the Fair Labor Standards Act. The Plaintiffs, Jesus Gonzalez Hernandez and Esnol Gonzalez Cantero, are electricians who worked for the Defendants, Statewide Electrical Services, Inc. and its president, Noel Melo, on a Miami-Dade County Metrorail project in 2023. The Plaintiffs claim that between April and September 2023 they worked more than 40 hours in certain weeks and were not paid overtime for those hours.

The Defendants deny the claim. They contend that the Plaintiffs did not work more than 40 hours in any week during that period and that the Plaintiffs were paid in full for all of the hours they worked.

## II. SHORT CONCISE STATEMENT OF THE CASE BY EACH PARTY

### A. Plaintiffs' Statement

Plaintiffs Jesus E. Gonzalez Hernandez and Esnol A. Gonzalez Cantero worked together as electricians on a Miami-Dade County Metrorail project in 2023. They are father and son who worked more than forty hours in certain workweeks between April and September of 2023 without receiving the overtime compensation required by law. Defendants did not require Plaintiffs to document or record the times they started and stopped work each day. Defendants created their own time records for Plaintiffs based on secondhand verbal information. Plaintiffs dispute the accuracy of Defendants' time records as both unreliable and inaccurate, just as the Certified Payroll records Defendants submitted to Miami-Dade County under penalty of perjury were admittedly inaccurate. Plaintiffs also maintain that Defendants' failure to make or maintain accurate records has made it difficult for Plaintiffs to identify the hours they worked each day, and that Defendants knew or should have known of the overtime hours worked but underreported Plaintiffs' hours and underpaid them anyway. Plaintiffs further maintain that Defendants knew of the requirement to make and maintain accurate records of the times their employees worked and to pay them for the overtime hours worked after having been previously sued for unpaid overtime wages, making their violation of law as to Plaintiffs willful. Plaintiffs seek recovery of the overtime wages they earned but were not paid.

**B. Defendants' Statement**

Plaintiffs are a father and son who worked together as electricians for Statewide on Miami-Dade County Project No. 412034, a Metrorail traction power project subject to County prevailing wage requirements. Each was paid $50.52 per hour for a schedule of four ten-hour days per week, Monday through Thursday, a schedule adopted at Jesus's request. Defendants contend that neither Plaintiff worked more than 40 hours in any workweek.

Defendants' position rests on records made at the time the work was performed: daily handwritten time sheets, a daily project log, weekly certified payroll reports submitted to Miami-Dade County, the weekly paychecks each Plaintiff received and signed, and toll transaction records for the company vehicle in which Plaintiffs rode to and from the jobsites together. None of those records reflects a workweek of more than 40 hours.

Plaintiffs' claim of exactly 84 overtime hours each rests on a one-page handwritten summary prepared after the project ended by Jesus's wife. Jesus testified that he discarded the daily notes from which the summary was supposedly drawn. Esnol kept no records. Neither Plaintiff can identify the days on which he worked overtime or the work that required it. Defendants contend that the claimed hours are an after-the-fact estimate that the contemporaneous records contradict, that Defendants had no knowledge of any overtime work, that Plaintiffs were paid in full, that any violation was not willful, and that the claims of each Plaintiff are barred in whole or in part by the statute of limitations.

Defendants deny that any Certified Payroll Report Statewide submitted to Miami-Dade County was inaccurate, and Defendants have never admitted otherwise. Plaintiffs' reference to a prior lawsuit is the subject of Defendants' pending Motion in Limine to Exclude Prior FLSA Lawsuits [D.E. 49].

## III. BASIS OF FEDERAL JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because the claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Venue is proper in this District under 28 U.S.C. § 1391(b). Jurisdiction and venue are not contested.

## IV. PLEADINGS RAISING THE ISSUES

1. Complaint filed by Jesus E. Gonzalez Hernandez [D.E. 1], on June 3, 2025.

2. Defendants' Amended Answer and Affirmative Defenses [D.E. 15], filed July 30, 2025.

3. Notice of Consent to Join by Esnol A. Gonzalez Cantero [D.E. 19-1], filed August 15, 2025.

## V. UNDISPOSED OF MOTIONS AND OTHER MATTERS REQUIRING ACTION BY THE COURT

1. Defendants' Motion for Spoliation Sanctions [D.E. 48]; Plaintiffs' Response [D.E. 53]; Defendants' Reply [D.E. 56].

2. Defendants' Motion in Limine to Exclude Prior FLSA Lawsuits [D.E. 49]; Plaintiffs' Response [D.E. 54]; Defendants' Reply [D.E. 57].

3. Defendants' Motion in Limine to Exclude Audio Recording [D.E. 50]; Plaintiffs' Response [D.E. 55]; Defendants' Reply [D.E. 58].

4. Plaintiffs' Omnibus Motion in Limine [D.E. 51]; Defendants' Response [D.E. 52]; Plaintiffs' Reply [D.E. 59].

5. The parties' objections to trial exhibits as set forth in Schedules A and B.

## VI. UNCONTESTED FACTS THAT WILL REQUIRE NO PROOF AT TRIAL

### A. The Parties, Jurisdiction, and Coverage

1. Statewide is a Florida for-profit corporation engaged in the electrical contracting business. At all material times it conducted business in Miami-Dade County, Florida, where it maintains its principal place of business.

2. During the relevant period, Statewide's annual gross revenues exceeded $500,000 per year, regularly employed two or more employees who handled goods or materials that had moved in interstate commerce, and was an enterprise covered by the FLSA.

3. Melo is the sole owner and President of Statewide. During the relevant period, Melo ran Statewide's day-to-day operations, was responsible for significant operational decisions, and was partially or totally responsible for paying the wages of Jesus and Esnol.

4. Paola Usuga has been employed by Statewide since September 2012 and served as its project manager on the project at issue in this lawsuit.

5. Statewide and Melo were the employers of Jesus and Esnol within the meaning of 29 U.S.C. § 203(d).

6. Jesus and Esnol were non-exempt employees of Defendants within the meaning of 29 U.S.C. § 203(e).

7. Jesus and Esnol are licensed electricians.

8. Esnol is the son of Jesus.

9. Jesus filed this action on June 3, 2025.

10. Esnol filed his Notice of Consent to Join on August 15, 2025.

11. The time period relevant to this lawsuit is April 2023 to September 28, 2023.

**B. The Project and Plaintiffs' Work**

12. From April 17, 2023 through September 28, 2023, Plaintiffs worked together for Defendants on a Miami-Dade County Metrorail public works project subject to the Miami-Dade County Prevailing Wages Ordinance.

13. Plaintiffs drove together to the project, working side by side throughout the project on the same days, for the same hours, and at the same stations as one another.

14. Plaintiffs' job duties involved completing electrical work at six Metrorail locations: Allapattah (ALP), Santa Clara (SCL), Culmer (CUL), Gap Tie 2 (GT2), Overtown (OVT), and Brickell (BKL).

15. Miami-Dade County required Defendants to pay Plaintiffs a prevailing wage of at least $50.52 per hour for their work as electricians in 2023 under its Prevailing Wage Ordinance.

16. Defendants paid Plaintiffs the Miami-Dade County prevailing wage rate of $50.52 per hour during the time relevant to this lawsuit.

17. Throughout the project, Plaintiffs worked a four-day schedule, Monday through Thursday, at Jesus's request.

18. Miami-Dade County required on-site escorts to be present at the job sites during the workday.

**C. Pay, Records, and the Company Vehicle**

19. During the relevant time, Statewide issued each Plaintiff weekly paychecks reflecting forty (40) hours per week at the prevailing wage rate.

20. Each Plaintiff received and signed for receipt of approximately 26 such paychecks.

21. Defendants did not pay either Plaintiff overtime wages for any workweek during the relevant period.

22. Miami-Dade County required Defendants to submit through the County's LCP Tracker system Certified Payroll Records identifying for each payroll period the names and positions of all employees who performed work on the project, the hours each worked, the amounts paid to each employee for that work, and any supplemental benefits paid to them, and required a representative of Statewide to attest to the accuracy of each Certified Payroll Record submitted under penalty of perjury.

23. Statewide submitted weekly Certified Payroll Reports for the project to Miami-Dade County to receive payment for work performed on the project from April through September 2023.

24. Melo attested under penalty of perjury that each Certified Payroll Report that Statewide submitted to Miami-Dade County was accurate.

25. The Certified Payroll Reports for the relevant period (LCP Nos. 71 through 100) reflect that Statewide reported to Miami-Dade County that each Plaintiff worked 40 or fewer hours per week and contain no overtime entries for either Plaintiff.

26. Statewide furnished Jesus with a company vehicle equipped with a SunPass transponder.

27. Jesus kept the vehicle at his residence and drove it to and from the jobsites until approximately September 1, 2023, when he ceased driving the vehicle furnished by Defendants and commuted in his personal vehicle.

28. Each workday, Jesus picked up Esnol in the morning, drove them both to the jobsite, and dropped him off at the end of the day. Plaintiffs were together from the morning pickup until the drop-off.

29. Each Plaintiff stated that the commute from Jesus's residence to the jobsites took approximately 20 minutes.

30. The SunPass toll transaction records for the transponder cover April 3, 2023 through August 29, 2023.

**D. Plaintiffs' Claims**

31. Each Plaintiff claims 84 hours of unpaid overtime worked between April 17, 2023 and September 28, 2023.

32. In their sworn answers to Interrogatory No. 13, Plaintiffs identified the following stations and weeks in which they claim the overtime was worked: Allapattah, 16 hours, weeks of April 17-20 and April 24-27, 2023; Santa Clara, 20 hours, weeks of May 8-11, May 15-18, and May 22-25, 2023; Culmer, 24 hours, weeks of June 12-15, June 19-22, and June 26-29, 2023; Gap Tie 2, 8 hours, weeks of July 17-20 and July 24-27, 2023; Overtown, 8 hours, weeks of August 21-24 and August 28-31, 2023; and Brickell, 8 hours, weeks of September 11-14, September 18-21, and September 25-28, 2023.

33. The week-by-week breakdown of claimed overtime hours in each Plaintiff's sworn answer to Interrogatory No. 13 is identical to the other's.

34. Each Plaintiff claims $6,331.92 in unpaid overtime wages, calculated as 84 hours at $75.78 per hour (one and one-half times the $50.52 regular rate).

**E. Statewide's Timekeeping Practices**

35. Statewide did not use a time clock, sign-in sheet, or electronic timekeeping software on the project, nor require Plaintiffs to call, text, or create any electronic record of when they arrived for work, stopped working, resumed work, or ceased working at the end of the day.

Plaintiffs were not required to record their start and stop times in writing, to submit time sheets, or to sign time sheets.

36. Plaintiffs were the only Statewide electricians assigned to perform the work at the stations comprising the project at issue in this lawsuit.

**Reservations:** The parties reserve all objections to the relevance and admissibility of the foregoing facts under the Federal Rules of Evidence and the Court's rulings on the pending motions.

## VII. ISSUES OF FACT THAT REMAIN TO BE LITIGATED AT TRIAL

1. Whether Jesus worked more than 40 hours in any workweek between April 17, 2023 and September 28, 2023 for which he was not paid overtime.

2. Whether Esnol worked more than 40 hours in any workweek between April 17, 2023 and September 28, 2023 for which he was not paid overtime.

3. If so, the workweeks in which each Plaintiff worked overtime and the number of overtime hours each worked in each such week.

4. Whether Defendants knew or should have known that Plaintiffs worked overtime hours.

5. Whether Defendants made and kept contemporaneous records of the times that each Plaintiff started and stopped working each workday and the total hours each Plaintiff worked each workweek, as required by the FLSA.

6. The admissibility and/or reliability of the records Defendants produced in this litigation.

7. If the Court determines that the burden-shifting framework identified in Section IX, paragraph 2, applies, whether Plaintiffs have produced sufficient evidence to establish the amount

and extent of their uncompensated overtime work as a matter of just and reasonable inference and, if so, whether Defendants have come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from Plaintiffs' evidence.

8. Whether Plaintiffs reported their daily hours to Paola Usuga.

9. Whether the Certified Payroll Reports are accurate.

10. Whether and when Melo was at a jobsite with Plaintiffs during the time relevant to this lawsuit.

11. The circumstances under which Jesus discarded his notes, including when he did so, what the notes contained, and whether he anticipated litigation at the time, to the extent the Court submits any such question to the jury.

12. Whether Defendants paid Plaintiffs all wages due or owe Plaintiffs overtime and, if so, the amount of overtime wages owed to each.

13. If Defendants failed to pay Plaintiffs the overtime wages required by law, whether the violation was willful.

14. The amount of unpaid overtime wages, if any, owed to each Plaintiff for workweeks within the limitations period applicable to that Plaintiff.

**VIII. ISSUES OF LAW ON WHICH THERE IS AGREEMENT**

1. The Court has jurisdiction over the subject matter and the parties, and venue is proper.

2. The FLSA requires an employer to pay a covered, non-exempt employee one and one-half times the regular rate of pay for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a)(1).

3. Jesus and Esnol were non-exempt employees of Defendants.

4. Statewide is an "employer" subject to the requirements of the FLSA by virtue of enterprise coverage.

5. Statewide and Melo were Plaintiffs' "employers" and are jointly and severally liable for any overtime wages, liquidated damages, costs, and attorneys' fees that may be awarded to Plaintiffs in this case.

6. The FLSA applied to Defendants and Plaintiffs' work for Defendants.

7. The limitations period for an FLSA claim is two years, or three years if the violation was willful. 29 U.S.C. § 255(a). Plaintiffs bear the burden of proving willfulness.

8. The Court will address liquidated damages after the jury renders its verdict. No party will refer to liquidated damages before the jury.

9. The Court will address attorney's fees and costs after the jury renders its verdict. No party will refer to attorneys' fees or costs before the jury.

10. The parties' agreed limitations on evidence and argument set forth in Section III of Plaintiffs' Omnibus Motion in Limine [D.E. 51 at 3-4] govern the trial.

**IX. ISSUES OF LAW THAT REMAIN FOR DETERMINATION BY THE COURT**

1. The issues raised in the pending motions listed in Section V.

2. Whether, and to what extent, the burden-shifting framework of *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), applies in light of the records Defendants maintained, and how the jury is to be instructed on that question.

3. Whether Defendants are entitled to an adverse presumption or adverse inference instruction arising from Jesus's disposal of his notes.

4. The date on which this action was commenced as to Esnol for purposes of 29 U.S.C. §§ 255 and 256, where the Complaint [D.E. 1] was brought by Jesus alone and Esnol filed his written consent on August 15, 2025, and the workweeks for which each Plaintiff may recover under a two-year and a three-year limitations period.

5. The admissibility of the Exhibits to which a party objected.

6. Any disputed jury instructions and the form of the verdict.

7. If Plaintiffs are awarded overtime wages, whether Defendants satisfied their burden of avoiding the Court awarding Plaintiffs liquidated damages equal to the overtime wages awarded.

8. Plaintiffs' entitlement to costs and attorneys' fees if they prevail in this action and the amount to be awarded.

## X. TRIAL EXHIBITS

Plaintiffs' Exhibit List is attached as Schedule A.

Defendants' Exhibit List is attached as Schedule B.

## XI. TRIAL WITNESSES

### A. Plaintiffs' Witnesses

Witnesses Plaintiffs expect to present:

1. Jesus E. Gonzalez Hernandez, c/o FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146.

2. Esnol A. Gonzalez Cantero, c/o FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146.

3. Noel Melo, individually and as Statewide corporate representative, c/o Stephen R. Verbit, P.A., 6741 Orange Drive, Davie, Florida 33314.

4. Paola Usuga, c/o Stephen R. Verbit, P.A., 6741 Orange Drive, Davie, Florida 33314.

5. Maritza Alfonso Bonachea, c/o FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146.

6. Leo Interian, Miami-Dade County Department of Transportation and Public Works, 111 NW 1st Street, Suite 1410, Miami, Florida 33128.

7. Dalton Rivera, Miami-Dade County Department of Transportation and Public Works, 111 NW 1st Street, Suite 1410, Miami, Florida 33128.

8. German Fonticiella, Miami-Dade County, 111 NW 1st Street, Suite 1410, Miami, Florida 33128.

9. Franco Haro, Miami-Dade County, 111 NW 1st Street, Suite 1410, Miami, Florida 33128.

10. Any witness listed by Defendants.

**B. Defendants' Witnesses**

Witnesses Defendants expect to present:

1. Noel Melo, individually and as President of Statewide, c/o Stephen R. Verbit, P.A., 6741 Orange Drive, Davie, Florida 33314.

2. Paola Usuga, c/o Stephen R. Verbit, P.A., 6741 Orange Drive, Davie, Florida 33314.

3. Jesus E. Gonzalez Hernandez, c/o FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146 (live and by deposition designation).

4. Esnol A. Gonzalez Cantero, c/o FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146 (live and by deposition designation).

5. Dalton Rivera, Miami-Dade County Department of Transportation and Public Works, 111 NW 1st Street, Suite 1410, Miami, Florida 33128.

Witnesses Defendants may call if the need arises:

6. Leo Interian, Miami-Dade County Department of Transportation and Public Works, 111 NW 1st Street, Suite 1410, Miami, Florida 33128.

7. German Fonticiella, Miami-Dade County, 111 NW 1st Street, Suite 1410, Miami, Florida 33128.

8. Franco Haro, Miami-Dade County, 111 NW 1st Street, Suite 1410, Miami, Florida 33128.

9. Tashaun Newman-Michel, Account Research Manager, or other Records Custodian, Florida's Turnpike Enterprise, Florida Department of Transportation, Turkey Lake Service Plaza, Milepost 263, Building 5315, Ocoee, Florida 34761.

10. Maritza Bonachea, c/o FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146.

11. Any witness listed by Plaintiffs.

No party intends to call an expert witness. Each party reserves the right to call impeachment and rebuttal witnesses.

## XII. ESTIMATED TRIAL TIME

The parties estimate that the trial will take three to four days, including jury selection. This case will be tried to a jury.

## XIII. ATTORNEYS' FEES

Plaintiffs' estimate of the maximum amount of attorneys' fees properly allowable to them if they prevail: Approximately $150,000 through trial, exclusive of costs, subject to

supplementation for post-trial work. Defendants dispute Plaintiffs' entitlement to fees and reserve all objections to the amount.

Dated: October 20, 2026.

Respectfully submitted,

**FAIRLAW FIRM**
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*

By: /s/ ____________________
Brian H. Pollock, Esq.
Florida Bar No. 174742
brian@fairlawattorney.com
Katelyn Schickman, Esq.
Florida Bar No. 1064879
katie@fairlawattorney.com

**STEPHEN R. VERBIT, P.A.**
6741 Orange Drive
Davie, Florida 33314
Telephone: (954) 536-9428
*Counsel for Defendants*

By: /s/ Stephen R. Verbit
Stephen R. Verbit, Esq.
Florida Bar No. 710857
sverbit@verbitlawfl.com

**SCHEDULE A**

United States District Court

SOUTHERN DISTRICT OF FLORIDA-MIAMI DIVISION

| | |
|---|---|
| JESUS E. GONZALEZ HERNANDEZ, AND ESNOL ALEJANDRO GONZALEZ CANTERO, ,<br>Plaintiffs,<br><br>vs.<br><br>STATEWIDE ELECTRICAL SERVICES, INC. AND NOEL MELO,<br><br>Defendants. | **PLAINTIFF'S TRIAL EXHIBIT LIST**<br><br>**CASE NO.: 1:25-CV-22530-BECERRA/TORRES** |

| PRESIDING JUDGE | PLAINTIFFS' ATTORNEY | DEFENDANTS' ATTORNEY |
|---|---|---|
| HONORABLE JACQUELINE BECERRA | FAIRLAW FIRM<br>BRIAN H. POLLOCK, ESQ.<br>135 SAN LORENZO AVENUE<br>SUITE 770<br>CORAL GABLES, FL 33146<br>PH: (305) 230-4884<br>brian@fairlawattorney.com | STEPHEN R. VERBIT, P.A.<br>STEPHEN R. VERBIT, ESQ.<br>6741 ORANGE DRIVE<br>DAVIE, FLORIDA 33314<br>PH: (954) 536-9428<br>sverbit@verbitlawfl.com |
| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
| | | |

| PLTF. NO | DATE OFFERED | MARKED | OBJECTIONS | ADMITTED | Exhibit |
|---|---|---|---|---|---|
| 1 | | | H | | Handwritten station-by-station overtime summary (Gonzalez 000856) |
| 2 | | | H | | Plaintiff Jesus Gonzalez Hernandez's Answers to Interrogatories |
| 3 | | | H | | Plaintiff Esnol Gonzalez Cantero's Answers to Interrogatories |
| 4 | | | None | | Weekly Certified Payroll Reports (LCP Nos. 71-100) |
| 5 | | | None | | Plaintiffs' payroll checks and pay stubs for the project |
| 6 | | | None | | Answers to Interrogatories By Statewide Electrical Svc. |
| 7 | | | None | | Answers to Interrogatories By Noel Melo |
| 8 | | | H | | May 2023 and July 2023 desk calendars (Gonzalez 000940-941) |
| 9 | | | A, H, I, UP | | Audio recording of conversation with Paola Usuga, with transcripts and translation |
| 10 | | | R, UP, H | | Pleadings and discovery responses in Hernandez v. Statewide Electrical Services, Inc., No. 2019-29508-CA-01 (Fla. 11th Cir. Ct.) |

Objection Codes (per Local Rule 16.1)
A–Authenticity
I–Contains inadmissible matter (mentions insurance, prior conviction, etc.)
R–Relevancy
H–Hearsay
UP–Unduly prejudicial-probative value outweighed by undue prejudice
P–Privileged

Add'l Objections
C-Cumulative
BE–Best Evidence
NP-Not Produced/Provided In Discovery Period

**SCHEDULE B**

United States District Court

SOUTHERN DISTRICT OF FLORIDA-MIAMI DIVISION

| JESUS E. GONZALEZ HERNANDEZ, AND ESNOL ALEJANDRO GONZALEZ CANTERO,<br><br>Plaintiffs,<br><br>vs.<br><br>STATEWIDE ELECTRICAL SERVICES, INC. AND<br>NOEL MELO,<br><br>Defendants. | **DEFENDANTS' TRIAL EXHIBIT LIST**<br><br>**CASE NO.: 1:25-CV-22530-BECERRA/TORRES** | |
|---|---|---|
| PRESIDING JUDGE<br>HONORABLE<br>JACQUELINE BECERRA | PLAINTIFFS' ATTORNEY<br>FAIRLAW FIRM<br>BRIAN H. POLLOCK, ESQ.<br>135 SAN LORENZO AVENUE<br>SUITE 770<br>CORAL GABLES, FL 33146<br>PH: (305) 230-4884<br>brian@fairlawattorney.com | DEFENDANTS' ATTORNEY<br>STEPHEN R. VERBIT, P.A.<br>STEPHEN R. VERBIT, ESQ.<br>6741 ORANGE DRIVE<br>DAVIE, FLORIDA 33314<br>PH: (954) 536-9428<br>sverbit@verbitlawfl.com |
| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |

| DEFS NO | DATE OFFERED | MARKED | OBJECTIONS | ADMITTED | DEFENDANTS' EXHIBITS |
|---|---|---|---|---|---|
| 1 | | | A, BE, H, R, UP | | Melo's handwritten daily time sheets for Jesus and Esnol |
| 2 | | | A, BE, H | | "412034 Hours" spreadsheet (native Excel and printed copy) |
| 3 | | | None | | Weekly Certified Payroll Reports, LCP Nos. 71 through 100 |
| 4 | | | A, H, R | | Certified SunPass Transaction History, Account No. 276439, Transponder No. 028166331010, April 4, 2023 through August 29, 2023 (produced with D.E. 61) |
| 5 | | | NP | | Certification of Custodian of Records, Florida's Turnpike Enterprise, executed October 8, 2026 (produced with D.E. 61) |
| 6 | | | A, H, R | | Statewide's SunPass account statements, April 3, 2023 through August 29, 2023 |
| 7 | | | None | | Payroll checks and pay stubs issued to Jesus, April through September 2023 |

| | | | | | |
|---|---|---|---|---|---|
| 8 | | | None | | Payroll checks and pay stubs issued to Esnol, April through September 2023 |
| 9 | | | H | | Handwritten overtime summary (Gonzalez 000856) |
| 10 | | | H, I, UP | | Jesus's Answers to Defendants' Interrogatories |
| 11 | | | H, I, UP | | Esnol's Answers to Defendants' Interrogatories |
| 12 | | | None | | Declaration of Esnol A. Gonzalez Cantero and Notice of Consent to Join (D.E. 19-1) |
| 13 | | | H, R | | Plaintiffs' Second Amended Rule 26(a) Disclosures (damages computation) |
| 14 | | | A, H, R | | Email, L. Interian to Statewide, Jan. 19, 2023, re Project 412034 delivery schedules and work plans |
| 15 | | | A, H, R | | Email, D. Rivera to Statewide, Mar. 23, 2023, re escort at Allapattah |
| 16 | | | A, H, R | | Email chain, A. Achhammer to Statewide, May 2, 2023, re feeder cable landing |
| 17 | | | A, H, R | | Email chain, L. Interian to Statewide, May 4, 2023, re Santa Clara testing coordination |
| 18 | | | A, H, R | | Email, A. Achhammer to Statewide, June 13, 2023, re testing at Gap Tie 2 |
| 19 | | | A, H, R | | Email, D. Rivera to Statewide, July 20, 2023, re escort at Culmer |
| 20 | | | A, H, R | | Email chain, L. Interian to Statewide, Aug. 17, 2023, re Overtown and Brickell testing |
| 21 | | | A, H, R | | Email, D. Rivera to Statewide, Aug. 24, 2023, re escort at Overtown |
| 22 | | | A, H, R | | Email, D. Rivera to Statewide, Sept. 27, 2023, re escort at Brickell |
| 23 | | | A, I | | Photographs of Allapattah, Gap Tie 2, and Santa Clara sites (composite) |
| 24 | | | None | | May 2023 and July 2023 desk calendars (Gonzalez 000940 to 000941) |
| 25 | | | I, R, H, UP, P | | Letter from Plaintiff's counsel to Statewide dated February 24, 2025 |
| 26 | | | A, H, UP, BE, NP | | Rule 1006 summary: weekly hours per time sheets, spreadsheet, and Certified Payroll Reports, April 17 through September 28, 2023, compared with Plaintiffs' claimed overtime |
| 27 | | | A, H, UP, BE, NP | | Rule 1006 summary: daily first and last toll transactions and weekly toll-to-toll totals, April 17 through August 29, 2023 |
| 28 | | | A, H, UP, BE, NP | | Rule 1006 summary: weekly toll-to-toll totals compared with Plaintiffs' claimed overtime weeks |
| 29 | | | A, H, UP, BE, NP | | Rule 1006 summary: station locations by date per project records compared with Plaintiffs' interrogatory answers |

Objection Codes (per Local Rule 16.1)
A–Authenticity
I–Contains inadmissible matter (mentions insurance, prior conviction, etc.)
R–Relevancy
H–Hearsay
UP–Unduly prejudicial-probative value outweighed by undue prejudice
P–Privileged

Add'l Objections
C-Cumulative
BE–Best Evidence
NP-Not Produced/Provided In Discovery Period