UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-22530-JB/TORRES

JESUS E. GONZALEZ HERNANDEZ and
ESNOL ALEJANDRO GONZALEZ CANTERO,

Plaintiffs,

v.

STATEWIDE ELECTRICAL SERVICES, INC.
and NOEL MELO,

Defendants.
_______________________________________/

**DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS**

Defendants Statewide Electrical Services, Inc. and Noel Melo, pursuant to the Court's Amended Order Setting Trial [ECF No. 42] and Federal Rule of Civil Procedure 47(a), submit the following proposed case-specific questions for the Court's consideration. Defendants do not object to Plaintiffs' Proposed Voir Dire Questions [ECF No. 67], but respectfully request the additions to those questions set forth in Part I below. Defendants' own proposed questions follow in Part II.

## I. REQUESTED ADDITIONS TO PLAINTIFFS' PROPOSED QUESTIONS

### A. Plaintiffs' Question 3

Plaintiffs' Question 3 asks only about involvement as a party to a case alleging the failure to pay wages. Defendants request that it be expanded as follows:

> Have you, your spouse or partner, or a close family member ever been involved, whether as a plaintiff, a defendant, or a witness, in a lawsuit, a government complaint, or a workplace complaint concerning unpaid wages or overtime, including any claim made against you as an employer or supervisor? If so, who was involved, and how was the matter resolved?

**B. Plaintiffs' Questions 5 and 6**

Defendants request that the Court ask the following follow-up question of any prospective juror who answers Plaintiffs' Question 5 or Question 6 in the affirmative:

> Would that experience make it difficult for you to be fair and impartial to an employer in this case?

**C. Plaintiffs' Question 7**

Defendants request that the Court ask Defendants' Proposed Question 1 below immediately following Plaintiffs' Question 7, so that the venire is asked about the burden of proof as well as about following the law generally.

## II. DEFENDANTS' PROPOSED QUESTIONS

1. In this case, the Plaintiffs have the burden of proving, by a preponderance of the evidence, that they worked more than 40 hours in particular workweeks and were not paid for that time. If you find that the Plaintiffs have not carried that burden, would you have any difficulty returning a verdict for the Defendants, even if you have sympathy for working people?

2. Do you have any feelings about lawsuits brought by workers against their employers, or about companies and business owners being sued, that would make it difficult for you to start this case with both sides on an equal footing?

3. Have you ever been responsible for keeping track of other people's work hours, or for preparing or approving time sheets or payroll? Have you ever worked in human resources, payroll, or bookkeeping? If so, please describe.

4. Have you ever kept track of your own work hours on paper, or reconstructed your work hours after the fact for any purpose? If so, please describe.

5. Some of the evidence in this case may consist of electronic records, such as toll transaction records, and written payroll and time records. Do you have any beliefs about the reliability of electronic or written business records, compared with a person's memory, that would affect how you evaluate the evidence?

6. Do you, a close family member, or a close friend work, or have any of you ever worked, in construction, in electrical contracting, or in a skilled trade? If so, in what capacity?

7. Do you, a close family member, or a close friend work, or have any of you ever worked, for Miami-Dade County, including its Department of Transportation and Public Works, Miami-Dade Transit, or the Metrorail system? If so, in what capacity?

8. Have you, a close family member, or a close friend ever worked on a government construction contract, or been involved in preparing or reviewing certified payroll or prevailing wage reports? If so, please describe.

9. Are you, or is a close family member, now or formerly a member of a labor union? If so, which union, and for how long?

10. Some witnesses in this case may testify in Spanish through a court interpreter, and there may be evidence that was originally in Spanish. If you understand Spanish, will you be able to rely only on the official English interpretation and translation as the evidence in this case, and set aside your own understanding of the Spanish, even if you would have interpreted or translated something differently?

Dated: October 21, 2026.

Respectfully submitted,

STEPHEN R. VERBIT, P.A.
6741 Orange Drive
Davie, Florida 33314
Tel: (954) 536-9428
sverbit@verbitlawfl.com

By: /s/ Stephen R. Verbit
STEPHEN R. VERBIT
Florida Bar No. 710857
Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ Stephen R. Verbit
STEPHEN R. VERBIT