UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-22530-JB/Torres

JESUS E. GONZALEZ HERNANDEZ and
ESNOL ALEJANDRO GONZALEZ CANTERO,

Plaintiffs,

v.

STATEWIDE ELECTRICAL SERVICES, INC.
and NOEL MELO,

Defendants.

---

**JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

Plaintiffs Jesus E. Gonzalez Hernandez and Esnol Alejandro Gonzalez Cantero, and Defendants Statewide Electrical Services, Inc. and Noel Melo, pursuant to the Amended Order Setting Trial and Pretrial Deadlines [D.E. 42], Federal Rule of Civil Procedure 51, and Local Rule 16.1(e), jointly submit the following proposed jury instructions and proposed verdict form.

In accordance with D.E. 42, instructions and questions proposed only by Plaintiffs, to which Defendants object, are set in italics. Instructions and questions proposed only by Defendants, to which Plaintiffs object, are set in boldface. Instructions and questions set in regular type are agreed. Each instruction begins on a separate page and is followed by its supporting authority. Each disputed instruction is followed by the objecting party's statement of the legal basis for the objection, with citations of authority.

Part I contains the general instructions drawn from the Eleventh Circuit Pattern Jury Instructions (Civil Cases). Part II contains the instructions on the claims and defenses, including Pattern Instruction 4.14 as adapted to this case. Part III contains Plaintiffs' separately proposed instructions. Part IV contains the agreed verdict form. Instructions identified as conditional are requested only if the stated condition occurs. The Court has not ruled on the pending motions [D.E. 48, 49, 50, 51], and each party preserves its positions on those motions.

# PART I. GENERAL PATTERN INSTRUCTIONS

The following instructions are reproduced from the Eleventh Circuit Pattern Jury Instructions (Civil Cases), with bracketed material completed where it is fixed by the record and left in brackets where it depends on the trial record.

## A. Preliminary Instructions

1.1 General Preliminary Instruction (agreed)
1.2 Burden of Proof: Clear and Convincing Evidence (Plaintiffs; Defendants object)
1.3 Official English Translation/Interpretation (agreed)
1.4 Jury Questions (agreed, subject to the Court's practice)
1.5 Interim Statements (agreed, subject to the Court's practice)

## B. Trial Instructions

2.1 Stipulations (agreed)
2.2 Use of Depositions (agreed)
2.4 Interim Statements (agreed, subject to the Court's practice)
2.5 Judicial Notice (Plaintiffs; Defendants object)
2.6 Use of Interrogatories (agreed)
2.8 Civil Allen Charge (agreed, for use only if the jury reports an impasse)

## C. Basic Instructions

3.1 Introduction (agreed)
3.2.2 The Duty to Follow Instructions: Corporate Party Involved (agreed)
3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court (agreed)
3.4 Credibility of Witnesses (agreed)
3.5.1 Impeachment of Witnesses Because of Inconsistent Statements (agreed)
3.7.1 Responsibility for Proof: Plaintiffs' Claims (Preponderance of the Evidence) (agreed)
3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages (agreed)
3.9 Election of Foreperson; Explanation of Verdict Form (agreed)

**Pattern Instruction 1.1**
**General Preliminary Instruction**

*Agreed*

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

***The jury's duty:***

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply, and you must follow the law even if you disagree with it.

***What is evidence:***

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence," simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

***What is not evidence:***

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow

each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did, unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence, this is also called "striking" evidence, and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

***Credibility of witnesses:***

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

***Description of the case:***

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiffs, Jesus E. Gonzalez Hernandez and Esnol Alejandro Gonzalez Cantero, claim that the Defendants, Statewide Electrical Services, Inc. and Noel Melo, failed to pay them the overtime wages required by the Fair Labor Standards Act. The Defendants deny those claims and contend that neither Plaintiff worked more than forty hours in any workweek and that each Plaintiff was paid in full for every hour he worked.

***Burden of proof:***

Each Plaintiff has the burden of proving his case by what the law calls a "preponderance of the evidence." That means each Plaintiff must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring a Plaintiff and the evidence favoring the Defendants on opposite sides of balancing scales, that Plaintiff needs to make the scales tip to his side. If a Plaintiff fails to meet this burden, you must find in favor of the Defendants on his claim.

To decide whether any fact has been proved by a preponderance of the evidence, you may, unless I instruct you otherwise, consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

***Conduct of the jury:***

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything, all the evidence, the lawyers' closing arguments, and my instructions on the law, before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, encrypted-communication applications, the Internet, including social-networking websites and apps, or any other similar technology, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors

can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair, no one else is so qualified.

***Taking notes:***

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

***Course of the trial:***

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the Plaintiffs will present their witnesses and ask them questions. After the Plaintiffs question the witness, the Defendants may ask the witness questions, this is called "cross-examining" the witness. Then the Defendants will present their witnesses, and the Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 1.1 (rev. June 17, 2025). Bracketed material is completed to identify the parties and claims. The optional affirmative-defense and counterclaim paragraphs are omitted.

**Pattern Instruction 1.2**
**Burden of Proof: Clear and Convincing Evidence**

*Proposed by Plaintiffs; Defendants object*

*Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.*

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 1.2.

**Defendants' Objection:** No claim or defense in this case is governed by the clear and convincing evidence standard. The sole claim is for unpaid overtime under 29 U.S.C. § 207, on which Plaintiffs bear the burden of proof by a preponderance of the evidence, and the only other jury question, willfulness under 29 U.S.C. § 255(a), is likewise decided by a preponderance of the evidence. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150 (11th Cir. 2008). The Directions to Counsel accompanying the pattern contemplate that 1.2 is given only when a heightened standard applies to some issue. Instructing on a standard that applies to nothing in the case can only confuse the jury about the burden that does apply. Fed. R. Evid. 403; Eleventh Circuit Pattern Jury Instruction (Civil) 3.7.1.

**Plaintiffs' Response:** Plaintiffs propose Pattern Instruction 1.2 for the limited purpose of helping the jury see the difference between the standard that governs this case and the higher standards jurors may bring with them. Many jurors arrive thinking a party who sues must prove his case to a high degree of certainty, whether from criminal trials or from popular portrayals of them. Telling the jury that a higher standard exists, and that it does not apply here, makes clear that the preponderance standard in Pattern Instructions 1.1 and 3.7.1 requires only that each Plaintiff's claim be more likely true than not. This is especially important in this case. Each Plaintiff may prove his hours by just and reasonable inference where the employer's records are inadequate, so the risk that jurors will quietly demand more than a preponderance is real. The instruction states the law accurately and leaves the burden on Plaintiffs. It does not ask the jury to apply a heightened standard to any issue; it only describes the standard the jury will not apply. Defendants' concern about confusion comes entirely from the pattern's final sentence, "The court will tell you when to apply this standard." To remove it, Plaintiffs propose in the alternative that the final sentence be replaced with: "No claim or issue in this case requires proof by clear and convincing evidence. Every question you will be asked to decide, including willfulness, is governed by the preponderance-of-the-evidence standard." As modified, the instruction cannot mislead the jury about which burden applies. It confirms the agreed preponderance standard for every question on the verdict form, including willfulness. That standard is the same one Defendants rely on in their objection.

**Pattern Instruction 1.3**
**Official English Translation/Interpretation**

*Agreed*

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreters. It is important that all jurors consider the same evidence. So even if some of you know Spanish, you must accept the English interpretation provided and disregard any different meaning.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 1.3.

**Pattern Instruction 1.4**
**Jury Questions**

*Agreed (Defendants' agreement is subject to the Court's practice regarding juror questions)*

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me, and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.
- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.
- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 1.4. The parties agree that this instruction should be given only if the Court permits juror questions.

**Pattern Instruction 1.5**
**Interim Statements**

*Agreed (Defendants' agreement is subject to the Court's practice regarding interim statements)*

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 1.5. The parties agree that this instruction should be given only if the Court permits interim statements.

**Pattern Instruction 2.1**
**Stipulations**

*Agreed*

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 2.1. See also Requested Instruction No. 1 in Part II.

**Pattern Instruction 2.2**
**Use of Depositions**

*Agreed*

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be / has been] presented to you [by a video / by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 2.2. The witness name and date are left bracketed pending the parties' deposition designations under D.E. 42.

**Pattern Instruction 2.4**
**Interim Statements**

*Agreed (Defendants' agreement is subject to the Court's practice regarding interim statements)*

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [name of lawyer] is going to make a short statement. Please remember that the statement you are about to hear, like all statements by the lawyers, is [name of lawyer]'s view of the evidence or of what [he/she] anticipates the evidence will be but isn't itself evidence.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 2.4. The lawyer's name is left bracketed because the instruction, if given, applies to each side's interim statements.

**Pattern Instruction 2.5**
**Judicial Notice**

*Proposed by Plaintiffs; Defendants object*

*The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.*

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 2.5.

**Defendants' Objection:** Plaintiffs have not identified any fact of which they ask the Court to take judicial notice, and no request for judicial notice has been made. Federal Rule of Evidence 201(b) permits notice only of a fact that is not subject to reasonable dispute, and Rule 201(e) entitles the opposing party to be heard on the propriety of taking notice. Defendants cannot respond to an unidentified fact. The instruction should be omitted unless and until the Court takes judicial notice of a specified fact, in which event Defendants do not object to the pattern instruction being given as to that fact. Fed. R. Evid. 201(b), (e).

**Plaintiffs' Response:** Plaintiffs request this instruction on a conditional basis, if the Court takes judicial notice of any fact at trial. A court may take judicial notice "at any stage of the proceeding," Fed. R. Evid. 201(d), including during trial. In a civil case, once the Court does so, it "must instruct the jury to accept the noticed fact as conclusive." Fed. R. Evid. 201(f). Plaintiffs expect they may ask the Court to take notice of facts not subject to reasonable dispute, such as calendar dates and the days of the week on which particular dates fell, which bear on how the workweeks are calculated. Any such request will be made under Rule 201(c)(2), and Defendants will have the opportunity to be heard under Rule 201(e). Defendants do not object to the pattern instruction if the Court takes notice of a specified fact. The parties therefore agree on the substance, and the instruction should remain in the charge as conditional so that it is available, with the noticed fact inserted, if the Court takes notice during trial.

**Pattern Instruction 2.6**
**Use of Interrogatories**

*Agreed*

[You'll now hear / You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers as though [name of party] gave the answers on the witness stand.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 2.6. The party name is left bracketed because interrogatory answers of more than one party are expected to be used at trial.

**Pattern Instruction 2.8**
**Civil Allen Charge**

*Agreed, for use only if the jury reports an impasse*

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the Plaintiffs and the Defendants. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it, or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement, if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself, but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable

since it makes so little impression on the minds of your fellow jurors, who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one and ignore others.

You may now return to the jury room and continue your deliberations.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 2.8.

**Pattern Instruction 3.1**
**Introduction**

*Agreed*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-22530-JB/Torres

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 3.1.

**Pattern Instruction 3.2.2**
**The Duty to Follow Instructions: Corporate Party Involved**

*Agreed*

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it, even if you do not agree with the law, and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 3.2.2.

**Pattern Instruction 3.3**

**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

*Agreed*

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 3.3 (rev. June 17, 2025).

**Pattern Instruction 3.4**
**Credibility of Witnesses**

*Agreed*

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 3.4.

**Pattern Instruction 3.5.1**
**Impeachment of Witnesses Because of Inconsistent Statements**

*Agreed*

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 3.5.1.

**Pattern Instruction 3.7.1**
**Responsibility for Proof: Plaintiffs' Claims (Preponderance of the Evidence)**

*Agreed*

In this case it is the responsibility of each Plaintiff to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 3.7.1, including the optional paragraph on considering each claim separately.

**Pattern Instruction 3.8.1**
**Duty to Deliberate When Only the Plaintiff Claims Damages**

*Agreed*

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous, in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges, judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 3.8.1.

**Pattern Instruction 3.9**
**Election of Foreperson; Explanation of Verdict Form**

*Agreed*

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[The Court will explain the verdict form.]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible, either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 3.9. The agreed verdict form is set forth in Part IV.

## PART II. INSTRUCTIONS ON THE CLAIMS AND DEFENSES

Part II contains Pattern Instruction 4.14 as adapted to this case, Plaintiffs' proposed addition to that instruction, and Defendants' Requested Instruction Nos. 1 through 12. Requested Instruction Nos. 2, 6, and 8 have been withdrawn by Defendants in favor of Pattern Instruction 4.14, and their numbers are retained so that the parties' cross-references remain accurate.

Pattern Instruction 4.14, Fair Labor Standards Act (agreed, as adapted)
Plaintiffs' Proposed Addition to 4.14: Limitations Period (Plaintiffs; Defendants object)
No. 1 Stipulated Facts (agreed)
No. 2 Withdrawn
No. 3 Separate Consideration of Each Plaintiff's Claim (agreed, as revised)
No. 4 Proof of Overtime in an Individual Workweek (Defendants; Plaintiffs object)
No. 5 Employer's Knowledge of Overtime Work (Defendants; Plaintiffs object)
No. 6 Withdrawn
No. 7 The Only Claim Before You Is for Overtime (Defendants; Plaintiffs object)
No. 8 Withdrawn
No. 9 Willfulness (agreed)
No. 10 Destroyed Records (conditional; Defendants; Plaintiffs object)
No. 11 Limited Purpose of Evidence of a Prior Lawsuit (conditional; Defendants; Plaintiffs object)
No. 12 Limited Purpose of Evidence Concerning Certified Payroll Reports (conditional; Defendants; Plaintiffs object)

**Pattern Instruction 4.14**
**Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.**

*Agreed, as adapted*

In this case, Jesus E. Gonzalez Hernandez and Esnol Alejandro Gonzalez Cantero claim that their employers, Statewide Electrical Services, Inc. and Noel Melo, did not pay them the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on his claim, each Plaintiff must prove by a preponderance of the evidence that Statewide Electrical Services, Inc. and Noel Melo failed to pay him the overtime pay required by law.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

The FLSA requires employers to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work. A "workweek" is a regularly occurring period of seven days or 168 hours, seven consecutive 24-hour periods. Each workweek stands alone. Even if a Plaintiff worked more than 40 hours in one workweek and less than 40 hours in another, the law does not allow averaging the hours over two or more workweeks. For example, if an employee works 30 hours one week and 50 hours the next, he must receive overtime compensation for any overtime hours worked beyond the applicable maximum in the second week, even though the average number of hours worked in the two weeks is 40. The phrases "hours worked" and "time worked" include all time spent on activities controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and the employer's business. Such time constitutes "time worked" or "hours worked" if the employer knew or should have known of the overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The parties have agreed that each Plaintiff's regular rate for the work at issue in this case was $50.52 per hour. The overtime rate is therefore one-and-one-half times that regular rate. Statewide Electrical Services, Inc. and Noel Melo failed to pay a Plaintiff the required pay if, in any workweek in which he worked more than 40 hours, they paid him less than the overtime rate for the hours he worked over 40. If you find that a Plaintiff has proved his claim, the verdict form will ask you to state the number of hours he worked over 40 in a workweek for which he was not paid the overtime rate. *The verdict form will also ask you to state the amount of unpaid overtime compensation owed to him for those hours. That amount is the difference between what he should have been paid for those hours at the overtime rate and what he was actually paid for them.*

Inadequate Records: The law requires employers to keep records of how many hours their employees work and the amount they are paid. In this case, Jesus E. Gonzalez Hernandez and Esnol Alejandro Gonzalez Cantero claim that Statewide Electrical Services, Inc. and Noel Melo failed to keep and maintain adequate records of their hours and pay. Jesus E. Gonzalez Hernandez and Esnol Alejandro Gonzalez Cantero also claim that Statewide Electrical Services, Inc. and Noel Melo's failure to keep and maintain adequate records has made it difficult for them to prove the exact amount of their claims.

If you find that Statewide Electrical Services, Inc. and Noel Melo failed to keep adequate time and pay records for a Plaintiff, and that the Plaintiff performed work for which he should have been paid, the Plaintiff may recover a reasonable estimation of the amount of his damages. But to recover this amount, the Plaintiff must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 4.14 (rev. June 17, 2025), as adapted: the coverage and employment elements are omitted as admitted in Defendants' Amended Answer and Affirmative Defenses [D.E. 15]; the regular-rate paragraph is adapted to hourly employees and the rate stipulated in the Joint Pretrial Stipulation [D.E. 66, § VI, ¶¶ 15, 16, 34]; the damages paragraph is adapted to the agreed verdict form, under which the jury finds the unpaid overtime hours and the amount owed for those hours within each limitations period, and the Court applies the two- or three-year limitations period, 29 U.S.C. §§ 216(b), 255(a); and

the pattern's optional limitations-period paragraph is omitted (see Plaintiffs' proposed addition, next page). 29 U.S.C. § 207(a)(1); 29 C.F.R. §§ 778.104, 778.105; Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946); Allen v. Board of Public Education for Bibb County, 495 F.3d 1306 (11th Cir. 2007).

**Defendants' Objection:** Defendants do not object. Defendants agree that the jury may state the amount of unpaid overtime compensation owed for the hours it finds, the regular rate having been stipulated [D.E. 66, § VI, ¶¶ 15, 16, 34], and that the Court will apply the limitations period to the amounts found and will decide liquidated damages, fees, and costs. 29 U.S.C. §§ 216(b), 255(a), 260; Fed. R. Civ. P. 49(a).

**Plaintiffs' Response:** Plaintiffs ask that the jury determine the amount of unpaid overtime compensation owed to each Plaintiff, not only the number of unpaid hours. There is a right to a jury trial in private actions under the FLSA for unpaid overtime compensation, *Lorillard v. Pons*, 434 U.S. 575, 580 (1978), and the amount owed is part of the damages that Plaintiffs are entitled to have the jury decide. The damages paragraph of Pattern Instruction 4.14 likewise contemplates that the jury will determine the amount of damages as the difference between what the employee should have been paid and what he was actually paid. The determination is simple: the parties have stipulated the regular rate [D.E. 66, § VI, ¶¶ 15, 16, 34], and the instruction states the overtime rate. Plaintiffs' proposal keeps the agreed structure of the verdict form. The jury states the amount owed for the hours it finds within each limitations period, and the Court still applies the two- or three-year limitations period [D.E. 66, § IX, ¶ 4] and decides liquidated damages, attorney's fees, and costs. 29 U.S.C. §§ 216(b), 255(a), 260.

**Plaintiffs' Proposed Addition to Pattern Instruction 4.14**
**Damages and Limitations Period**

*Proposed by Plaintiffs; Defendants object*

*The amount of damages is the difference between the amount Jesus E. Gonzalez Hernandez and Esnol Alejandro Gonzalez Cantero should have been paid and the amount each was actually paid. Jesus E. Gonzalez Hernandez is entitled to recover lost wages from the date of your verdict back to no more than two years before he filed this lawsuit, June 3, 2023, and Esnol Alejandro Gonzalez Cantero is entitled to recover lost wages from the date of your verdict back to no more than two years before he filed his Consent to Join in this lawsuit, August 15, 2023, unless you find that the Defendants either knew or showed reckless disregard for whether the FLSA prohibited their conduct. If you find that the Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct, then Jesus E. Gonzalez Hernandez is entitled to recover lost wages from the date of your verdict back to no more than three years before he filed this lawsuit, June 3, 2022, and Esnol Alejandro Gonzalez Cantero is entitled to recover lost wages from the date of your verdict back to no more than three years before he filed his Consent to Join in this lawsuit, August 15, 2022.*

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 4.14; 29 U.S.C. § 255(a). [Plaintiffs' authority as stated in their October 22, 2026 draft.]

**Defendants' Objection:** The parties have agreed on a verdict form under which the jury reports unpaid overtime hours by payday band for each Plaintiff and answers a separate willfulness question for each Plaintiff, and the Court then applies the two-year or three-year limitations period of 29 U.S.C. § 255(a) and the commencement rule of 29 U.S.C. § 256. The parties have stipulated that the date on which the action was commenced as to Mr. Gonzalez Cantero, and the workweeks for which each Plaintiff may recover under each limitations period, are issues of law reserved for the Court [D.E. 66, § IX, ¶ 4]. Knight v. Columbus, Georgia, 19 F.3d 579 (11th Cir. 1994) (a separate cause of action accrues at each regular payday following the work period). Plaintiffs' own objection to Defendants' former Requested Instruction No. 8 asked that the form capture the limitations-period allocation for the Court to apply. Instructing the jury on the limitations dates and on the legal consequence of its willfulness finding is unnecessary under that form, and it invites the jury to shape its hours findings to a date rather than to the evidence. The instruction also measures damages as a dollar amount "from the date of your verdict back," which is pattern language for a continuing employment relationship; the work at issue here occurred within a fixed period in 2023 and the jury is not being asked to compute dollars. Finally, the three-year date stated for Mr. Gonzalez Cantero (August 15, 2023) is the same as the two-year date; three years before August 15, 2025 is August 15, 2022. Fed. R. Civ. P. 49(a); Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150 (11th Cir. 2008).

**Defendants' Requested Instruction No. 1**
**Stipulated Facts**

*Agreed*

The parties have agreed that certain facts are true. You must treat these facts as proved for this case. Those facts are as follows:

[The Court will insert here, verbatim, the Uncontested Facts Requiring No Proof at Trial set forth in Section VI of the Joint Pretrial Stipulation [D.E. 66], subject to the reservations stated there, or such of those facts as the parties have designated for reading to the jury.]

Because the parties have agreed to these facts, you do not need to decide them, and no evidence was required to prove them. The fact that a party has agreed to a fact is not evidence of anything else, and you must not treat it as an admission on any issue that remains in dispute.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 2.1, as adapted to the statement of uncontested facts requiring no proof at trial in Section VI of the Joint Pretrial Stipulation [D.E. 66], filed pursuant to Local Rule 16.1(e) and D.E. 42. The parties agree that only the facts actually agreed in the Joint Pretrial Stipulation, as stated there, will be read.

**Defendants' Requested Instruction No. 2**
**Fair Labor Standards Act: Overtime Claim and Its Elements**

*Withdrawn by Defendants in favor of Pattern Instruction 4.14, as adapted.*

**Defendants' Requested Instruction No. 3**
**Separate Consideration of Each Plaintiff's Claim**

*Agreed, as revised*

Two Plaintiffs have brought claims in this case. You must consider each Plaintiff's claim separately.

The fact that you find in favor of or against one Plaintiff does not mean that you should reach the same result as to the other Plaintiff. You may reach the same result as to both Plaintiffs, or different results, depending on the evidence relating to each. Each Plaintiff must prove his own claim by the evidence relating to him.

**Authority:** Eleventh Circuit Pattern Jury Instruction (Civil) 3.7.1 (when more than one claim is involved, each claim should be considered separately), as adapted to multiple plaintiffs; 29 U.S.C. § 216(b).

**Defendants' Requested Instruction No. 4**
**Proof of Overtime in an Individual Workweek**

*Proposed by Defendants; Plaintiffs object*

**A total number of hours claimed over a period of several weeks or months does not by itself establish that a Plaintiff worked overtime in any particular workweek. Each Plaintiff must prove that there were one or more individual workweeks in which he worked more than forty hours.**

**Authority:** 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.104 ("The Act takes a single workweek as its standard and does not permit averaging of hours over 2 or more weeks."); 29 C.F.R. § 778.105. Defendants have withdrawn the first two paragraphs of this instruction as proposed in their October 2026 draft because Pattern Instruction 4.14 states that each workweek stands alone and that hours may not be averaged. The remaining paragraph applies the workweek standard to the manner in which the claims are presented and is not stated in the pattern.

**Plaintiffs' Objection:** The instruction is cumulative of the standard instruction, 4.14, and contains propositions not supported by law (i.e., precluding inferences about hours worked each week). Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946); 29 C.F.R. §§ 785.11-785.13; Reich v. Dep't of Conservation and Nat. Res., 28 F.3d 1076, 1082 (11th Cir. 1994); Allen v. Bd. of Pub. Educ. for Bibb County, 495 F.3d 1306, 1314 (11th Cir. 2007).

**Defendants' Response:** The instruction does not preclude any inference. It tells the jury that the unit of measurement is the individual workweek, which is what 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.104 provide, and Anderson permits a just and reasonable inference as to the amount and extent of work, not an inference that dispenses with the workweek standard.

**Defendants' Requested Instruction No. 5**
**Employer's Knowledge of Overtime Work**

*Proposed by Defendants; Plaintiffs object*

**An employer is required to pay overtime only for overtime work that it knew about or should have known about.**

**An employer knew of overtime work if it was actually aware that the employee was working more than forty hours in the workweek. An employer should have known of overtime work if it had reason to believe that the employee was working those hours.**

**In deciding whether Defendants knew or should have known that a Plaintiff worked more than forty hours in a workweek, you may consider all of the circumstances shown by the evidence, including the work schedule that was set, the hours that were reported to Defendants, and what Defendants had the opportunity to observe or learn about the work being performed.**

**Authority:** Allen v. Board of Public Education for Bibb County, 495 F.3d 1306 (11th Cir. 2007) (plaintiff must show that the employer knew or should have known of the overtime work); 29 C.F.R. § 785.11 (time is working time where "[t]he employer knows or has reason to believe that he is continuing to work"); Reich v. Dep't of Conservation and Nat. Res., 28 F.3d 1076 (11th Cir. 1994) (employer's knowledge includes what it had the opportunity through reasonable diligence to acquire).

**Plaintiffs' Objection:** Plaintiffs request that the Court give the standard instruction, 4.14, as adapted (eliminating the requirement to establish the FLSA applies). The proposed instruction does not address the duty to inquire and not sit back and accept work performed. 29 C.F.R. §§ 785.11-785.13; Reich v. Dep't of Conservation and Nat. Res., 28 F.3d 1076, 1082 (11th Cir. 1994); Allen v. Bd. of Pub. Educ. for Bibb County, 495 F.3d 1306, 1314 (11th Cir. 2007).

**Defendants' Response:** Pattern Instruction 4.14 states the knowledge requirement in one clause. This instruction defines actual and constructive knowledge in neutral terms drawn from Allen and 29 C.F.R. § 785.11, and its third paragraph expressly directs the jury to consider what Defendants had the opportunity to observe or learn, which is the Reich formulation. Plaintiffs' Proposed Instructions 1 and 7, by contrast, quote language from 29 C.F.R. § 785.13 and from Reich and Allen that was addressed to employers shown to have had actual notice of continuing unreported overtime or to have suppressed truthful reports, and there is no such evidence here.

**Defendants' Requested Instruction No. 6**
**Employer Records and Proof of Hours Worked**

*Withdrawn by Defendants in favor of the Inadequate Records paragraphs of Pattern Instruction 4.14, as adapted.*

**Defendants' Requested Instruction No. 7**
**The Only Claim Before You Is for Overtime**

*Proposed by Defendants; Plaintiffs object*

**The only claim you are to decide is each Plaintiff's claim for unpaid overtime under the Fair Labor Standards Act.**

**You have heard testimony about whether a bonus was discussed or promised. No claim for a bonus is before you. You are not to decide whether any bonus was promised or is owed, and you may not award any amount for an unpaid bonus. You may consider the testimony about a bonus only to the extent that it helps you decide whether to believe a witness or to understand why this lawsuit was brought.**

**Authority:** Complaint [D.E. 1] (single count for unpaid overtime under 29 U.S.C. § 207); Fed. R. Evid. 105; Eleventh Circuit Pattern Jury Instruction (Civil) 1.1 (evidence admitted for a limited purpose).

**Plaintiffs' Objection:** No objection to instructing that no separate bonus claim is submitted. Plaintiffs object to singling out the bonus evidence for unnecessarily restrictive instruction absent a showing that such evidence is admitted solely for credibility or motive. Any limiting instruction should track the actual purpose for which evidence is admitted and the Court's evidentiary rulings. Fed. R. Evid. 105, 401-403.

**Defendants' Response:** The bonus testimony has no relevance to whether either Plaintiff worked more than forty hours in a workweek. Its only permissible relevance is to credibility and to the circumstances in which the claim arose, and Rule 105 requires the Court, on request, to restrict the evidence to its proper scope. Defendants agree that the final wording should conform to the Court's evidentiary rulings at trial.

**Defendants' Requested Instruction No. 8**
**Determining the Number of Overtime Hours**

*Withdrawn by Defendants in favor of the damages paragraph of Pattern Instruction 4.14, as adapted, and the agreed verdict form.*

**Defendants' Requested Instruction No. 9**
**Willfulness**

*Agreed*

If you find that a Plaintiff has proved his overtime claim, you must also decide whether that Plaintiff has proved that Defendants' failure to pay him overtime was willful. You must decide this question separately as to each Plaintiff.

To prove willfulness, a Plaintiff must prove by a preponderance of the evidence that Defendants either knew that their conduct was prohibited by the Fair Labor Standards Act or showed reckless disregard for whether their conduct was prohibited by that Act. Reckless disregard means a failure to make adequate inquiry into whether conduct complies with the Act. The word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional."

A failure to pay overtime is not willful merely because the employer was negligent, or because the employer acted unreasonably, but not recklessly, in determining its legal obligations.

**Authority:** 29 U.S.C. § 255(a); McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 135 n.13 (1988); Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1162-63 (11th Cir. 2008) (employee must prove willfulness by a preponderance of the evidence; reckless disregard is the failure to make adequate inquiry into whether conduct is in compliance with the Act); Eleventh Circuit Pattern Jury Instruction (Civil) 4.14; Joint Pretrial Stipulation [D.E. 66, § VIII, ¶ 7] (Plaintiffs bear the burden of proving willfulness). The first paragraph has been revised at Plaintiffs' request to state that willfulness is decided separately as to each Plaintiff, consistent with the agreed verdict form, and the sentence equating willful with voluntary, deliberate, and intentional, drawn from McLaughlin, has been added from Plaintiffs' Proposed Instruction 3.

**Defendants' Requested Instruction No. 10**
**Destroyed Records**

*Proposed by Defendants; Plaintiffs object*

*Conditional instruction. Requested only if the Court grants Defendants' Motion for Spoliation Sanctions [D.E. 48] in whole or in part.*

***Alternative A (mandatory presumption)***

**You have heard evidence that Plaintiff Jesus E. Gonzalez Hernandez kept handwritten notes of the days and hours that the Plaintiffs claim to have worked, and that he discarded those notes after a one-page summary was prepared from them. Those notes should have been preserved.**

**You must presume that the notes, if they had been preserved, would not have supported the overtime hours that the Plaintiffs claim. The Plaintiffs may offer evidence to rebut that presumption. It is for you to decide, from all of the evidence, whether the presumption has been rebutted.**

***Alternative B (permissive inference)***

**You have heard evidence that Plaintiff Jesus E. Gonzalez Hernandez kept handwritten notes of the days and hours that the Plaintiffs claim to have worked, and that he discarded those notes after a one-page summary was prepared from them. Those notes should have been preserved.**

**You may, but are not required to, infer that the notes, if they had been preserved, would not have supported the overtime hours that the Plaintiffs claim. Whether to draw that inference, and how much weight to give it, is for you to decide in light of all of the evidence.**

**Authority:** Flury v. Daimler Chrysler Corp., 427 F.3d 939, 945 (11th Cir. 2005); Tesoriero v. Carnival Corp., 965 F.3d 1170, 1184 (11th Cir. 2020); Defendants' Motion for Spoliation Sanctions [D.E. 48]. Alternative A corresponds to the primary relief and Alternative B to the alternative relief requested in D.E. 48. Defendants will conform the text to the Court's ruling.

**Plaintiffs' Objection:** Objection to both Alternatives A and B. Whether a preservation duty arose, whether any culpable destruction occurred, and whether a sanction is justified are disputed matters raised by ECF No. 48. The proposed text directs the jury that notes "should have been

preserved" and imposes an adverse evidentiary consequence without first establishing the necessary predicates or tailoring relief to a Court finding. Plaintiffs oppose an adverse presumption or inference and preserve all grounds asserted in their response to ECF No. 48. An adverse presumption or inference may be imposed only on a finding of bad faith, and the record shows Jesus discarded his notes in approximately September 2023, before any preservation demand (February 24, 2025) or suit (June 3, 2025). The Court's inherent authority (Fed. R. Civ. P. 37(e) reaches only electronically stored information); Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944-45 (11th Cir. 2005); Tesoriero v. Carnival Corp., 965 F.3d 1170, 1184-86 (11th Cir. 2020). If the Court orders any instruction, Plaintiffs request an opportunity to submit language precisely reflecting the ruling. The Court has not ruled on ECF No. 48. Plaintiffs preserve all positions in their response at ECF No. 53; this objection is not a concession that a preservation duty, prejudice, or sanction has been established.

**Defendants' Response:** The instruction is conditional on the Court's ruling on D.E. 48 and is submitted so that the joint set is complete. The predicates Plaintiffs identify are for the Court to decide on that motion, and both parties agree that the final text should conform to the ruling.

**Defendants' Requested Instruction No. 11**
**Limited Purpose of Evidence of a Prior Lawsuit**

*Proposed by Defendants; Plaintiffs object*

*Conditional instruction. Requested only if the Court denies, in whole or in part, Defendants' Motion in Limine to Exclude Evidence of or Reference to Prior FLSA Lawsuits or Claims Against Defendants [D.E. 49], and to be given when the evidence is received and again in the final charge.*

**You have heard evidence that Statewide Electrical Services, Inc. was named as a defendant in an earlier lawsuit brought by a different person under the Fair Labor Standards Act.**

**I admitted that evidence for a limited purpose. If, and only if, you first find that a Plaintiff in this case has proved his overtime claim, you may consider that evidence in deciding whether Defendants' failure to pay him overtime was willful. You may not consider it for any other purpose.**

**The fact that an earlier lawsuit was filed is not evidence that the claims made in that lawsuit were true. It is not evidence that either Plaintiff in this case worked more than forty hours in any workweek, and it is not evidence that Defendants failed to pay either Plaintiff anything he was owed.**

**Authority:** Fed. R. Evid. 105; Fed. R. Evid. 404(b)(1); Eleventh Circuit Pattern Jury Instruction (Civil) 1.1 (evidence admitted for a limited purpose). Submitted without waiver of Defendants' Motion in Limine [D.E. 49] and Reply.

**Plaintiffs' Objection:** Conditional objection. If evidence of an earlier FLSA action is admitted, Plaintiffs agree it is not proof that allegations in that case were true, but object to categorically prohibiting the jury from considering the evidence for any otherwise permissible purpose established at trial, including notice or knowledge, subject to the Court's Rule 404(b) and Rule 403 determinations. Any limiting instruction must correspond to the actual ruling and admitted evidence. Fed. R. Evid. 105, 404(b)(2). The Court has not ruled on ECF No. 49. Plaintiffs preserve their positions in ECF No. 54.

**Defendants' Response:** Notice or knowledge of the FLSA's requirements is relevant only to willfulness, which the instruction already permits. The instruction otherwise tracks Rule 404(b)(1) and Rule 105, and Defendants agree that its wording should conform to the Court's ruling on D.E. 49.

**Defendants' Requested Instruction No. 12**

**Limited Purpose of Evidence Concerning Certified Payroll Reports**

*Proposed by Defendants; Plaintiffs object*

*Conditional instruction. Requested only if evidence or argument is received concerning certified payroll report entries for persons other than the Plaintiffs, and to be given when that evidence is received and again in the final charge.*

**You have heard evidence about certified payroll reports that Statewide Electrical Services, Inc. submitted to Miami-Dade County, including evidence about entries in those reports for persons other than the Plaintiffs.**

**You are not being asked to decide whether Defendants complied with any Miami-Dade County requirement concerning prevailing wages or certified payroll reports. That question is not before you.**

**You may consider the evidence about the certified payroll reports only in deciding whether Defendants' records of the hours worked by the Plaintiffs are accurate and in deciding whether to believe a witness. You may not consider it for any other purpose.**

**Authority:** Fed. R. Evid. 105; Fed. R. Evid. 403; Eleventh Circuit Pattern Jury Instruction (Civil) 1.1 (evidence admitted for a limited purpose).

**Plaintiffs' Objection:** Objection to "only" and "may not consider for any other purpose." Evidence of inaccurate certified payroll entries concerning other employees may be relevant not only to accuracy of Plaintiffs' recorded hours and credibility, but also to the existence of a broader recordkeeping practice, knowledge, and willfulness, depending on the proof admitted. Plaintiffs do not ask the jury to decide an independent prevailing-wage claim. Plaintiffs request a narrower instruction identifying that distinction without foreclosing otherwise permissible inferences. Fed. R. Evid. 401-403, 105; 29 U.S.C. § 255(a). No ruling on the pending motions in limine is assumed.

**Defendants' Response:** Plaintiffs concede that no prevailing-wage claim is before the jury, which is the second paragraph of the instruction. The third paragraph confines the evidence to the purposes for which Plaintiffs have offered it, the accuracy of Defendants' hours records and credibility. Whether Defendants paid the Plaintiffs for more than forty hours in a workweek is not shown by entries for other persons, and permitting the jury to treat those entries as evidence of "a broader recordkeeping practice" or of willfulness is the use that Rule 403 and Rule 105 are meant to prevent.

## PART III. PLAINTIFFS' SEPARATELY PROPOSED INSTRUCTIONS

The following instructions are proposed by Plaintiffs. Defendants object to each of them, and the instructions are therefore set in italics in accordance with D.E. 42. Plaintiffs' statements of authority are reproduced as supplied by Plaintiffs, with typographical corrections only.

| | |
|---|---|
| Plaintiffs' Proposed Instruction 1 | Work Suffered or Permitted |
| Plaintiffs' Proposed Instruction 2 | FLSA Rights Cannot Be Waived |
| Plaintiffs' Proposed Instruction 3 | Willfulness |
| Plaintiffs' Proposed Instruction 4 | Recordkeeping Requirements |
| Plaintiffs' Proposed Instruction 5 | Bona Fide Meal Periods |
| Plaintiffs' Proposed Instruction 6 | Proof of Hours Where Employer Records Are Inaccurate or Inadequate |
| Plaintiffs' Proposed Instruction 7 | Work Suffered or Permitted; Employer Knowledge |
| Plaintiffs' Proposed Instruction 8 | Signed Paychecks Do Not Waive Overtime Rights |

**Plaintiffs' Proposed Instruction 1**
**Work Suffered or Permitted**

*Proposed by Plaintiffs; Defendants object*

*"The reason an employee continues to work beyond his shift is immaterial; if the employer knows or has reason to believe that the employee continues to work, the additional hours must be counted. 29 C.F.R. § 785.11. In all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so."*

*"An employer is said to have constructive knowledge of its employee's overtime work when it has reason to believe that its employee is working beyond his shift. When an employer's actions squelch truthful reports of overtime worked . . . it cannot disclaim knowledge."*

**Authority:** 29 C.F.R. §§ 785.11-785.13; Reich v. Dep't of Conservation and Nat. Res., 28 F.3d 1076, 1082 (11th Cir. 1994); Allen v. Bd. of Pub. Educ. for Bibb County, 495 F.3d 1306, 1314 (11th Cir. 2007).

**Defendants' Objection:** The proposed instruction is a string of quotations from an appellate opinion and a regulation, including a citation embedded in the text, rather than an instruction in the form contemplated by the Directions to Counsel. It is cumulative of Pattern Instruction 4.14, which instructs that time counts as hours worked if the employer knew or should have known of the overtime work, and of Defendants' Requested Instruction No. 5. It is also argumentative and unsupported by the evidence. The quoted language from 29 C.F.R. § 785.13 and Reich was applied to an employer that had actual knowledge, from its own internal study, that unreported overtime was continuing in the face of its policy, 28 F.3d at 1083-84, and the "squelch truthful reports" language in Allen addressed evidence that supervisors tore up or altered time sheets that showed overtime, 495 F.3d at 1314-16. There is no evidence in this case that Defendants discouraged or suppressed the reporting of hours, that either Plaintiff ever reported hours over forty, or that Defendants promulgated a rule against overtime in the face of known continuing overtime; whether Plaintiffs reported their daily hours at all is a disputed question of fact [D.E. 66, § VII, ¶ 8]. Reading the jury a passage stating that management "cannot sit back and accept the benefits" presupposes the very facts in dispute. Fed. R. Evid. 403; Eleventh Circuit Pattern Jury Instruction (Civil) 3.3 (the jury decides the facts from the evidence).

**Plaintiffs' Response:** The first paragraph states the text of 29 C.F.R. §§ 785.11 and 785.13, which the Eleventh Circuit applies as the governing standard of employer knowledge. *Reich v. Dep't of Conservation & Nat. Res.,* 28 F.3d 1076, 1082 (11th Cir. 1994); *Allen v. Bd. of Pub. Educ. for Bibb Cnty.,* 495 F.3d 1306, 1314-15 (11th Cir. 2007). The regulation is not limited to employers shown to have actual notice of continuing overtime; it states the employer's duty whenever work is suffered or permitted. The evidence supports the instruction. The parties have

stipulated that Statewide used no time clock, sign-in sheet, or electronic timekeeping and did not require Plaintiffs to record or submit their start and stop times [D.E. 66, § VI, ¶ 35], and that Plaintiffs were the only Statewide electricians assigned to the stations at issue [Id. ¶ 36]. Whether Defendants knew or should have known of the overtime, whether Plaintiffs reported their hours to the project manager, and whether Melo was present at the job sites are disputed questions for the jury. [Id. § VII, ¶¶ 4, 8, 10]. Pattern Instruction 4.14 states the knowledge element in a single clause and does not tell the jury what the employer's obligation is when it does not track its employees' time.

**Plaintiffs' Proposed Instruction 2**
**FLSA Rights Cannot Be Waived**

*Proposed by Plaintiffs; Defendants object*

*The rights and requirements of the FLSA are mandatory and cannot be waived, negotiated, or bargained away between employers and employees. The rights and requirements of the FLSA cannot be abridged or otherwise waived or modified by contract or otherwise and can only be compromised by an employee when supervised for fairness by either the United States Department of Labor or a Court. Put another way, an employee cannot contract away his rights to minimum wage or overtime under the FLSA.*

**Authority:** Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982); Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728 (1981); Baker v. Barnard Construction Co., 146 F.3d 1214 (10th Cir. 1998).

**Defendants' Objection:** Waiver is not an issue in this case. Defendants have not pleaded waiver, release, or accord and satisfaction, and the parties have agreed, as recorded in Plaintiffs' Omnibus Motion in Limine [D.E. 51 at 4, item (g)], that Defendants will not argue that Plaintiffs' acceptance or signing of paychecks waived any rights under the FLSA or established consent to the pay or hours the pay represented. An instruction answering an argument that will not be made serves no purpose except to suggest to the jury that Defendants are relying on a waiver, which is misleading. The instruction also refers to minimum wage, which is not claimed, and to Department of Labor or Court supervision of compromises, which concerns the settlement of claims and has no bearing on any question the jury must decide. Lynn's Food Stores addresses the enforceability of settlements, not jury instructions. Fed. R. Evid. 403; Eleventh Circuit Pattern Jury Instruction (Civil) 3.2.2 (the jury must not be influenced by matters outside the evidence).

**Plaintiffs' Response:** Defendants pleaded as an affirmative defense that they "discharged Plaintiff's claim and each item of it by payment" [D.E. 15, ¶ 34], and they contend that Plaintiffs were paid in full [D.E. 66, § II.B]. The parties have stipulated that each Plaintiff received and signed for approximately 26 paychecks reflecting forty hours per week [D.E. 66, § VI, ¶¶ 19, 20], and Defendants will offer those paychecks [Defs.' Exs. 7, 8]. Although Defendants have agreed not to argue waiver, jurors who see signed paychecks for forty hours alongside a defense of payment may infer on their own that Plaintiffs accepted that pay in full satisfaction. An accurate statement that FLSA rights cannot be waived or bargained away prevents that improper inference. *Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 740 (1981); *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945).

**Plaintiffs' Proposed Instruction 3**
**Willfulness**

*Proposed by Plaintiffs; Defendants object*

*To establish that the Defendants willfully violated the FLSA, Plaintiffs must prove that the Defendants either knew that their conduct was prohibited by the FLSA or showed reckless disregard about whether it was. The Defendants willfully violated the FLSA if they should have inquired as to whether their actions violate the FLSA but failed to do so. The word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional."*

*The Defendants knowingly violated the FLSA if they disregarded the FLSA deliberately or intentionally, such as by ignoring advice from a responsible official . . . that the conduct in question is not lawful.*

*The Defendants acted with reckless disregard for the FLSA if their conduct was more than "merely negligent," and is blameworthy if they should have inquired further into whether their conduct was in compliance with the FLSA and failed to make adequate further inquiry.*

*The three-year statute of limitations may apply even when the Defendants did not knowingly violate the FLSA; rather, it may apply when they simply disregarded the possibility that they might be violating the FLSA.*

**Authority:** 5 C.F.R. § 551.104; 29 C.F.R. § 578.3(c)(2); Smith v. St. Joseph's/Candler Health Sys., 770 F. App'x 523, 526 (11th Cir. 2019); Davila v. Menendez, 717 F.3d 1179, 1184-85 (11th Cir. 2013); Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1162-63 (11th Cir. 2008); Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1324 (11th Cir. 2007); McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

**Defendants' Objection:** Plaintiffs have stated that they do not object to the governing willfulness standard as set out in Defendants' Requested Instruction No. 9, which is now agreed and incorporates the McLaughlin sentence equating willful with voluntary, deliberate, and intentional. The remainder of this instruction misstates the standard. First, the sentence that Defendants acted willfully "if they should have inquired as to whether their actions violate the FLSA but failed to do so" omits the predicate that the employer was on notice of a question about compliance, and it is drawn from 29 C.F.R. § 578.3(c), a regulation governing civil money penalties assessed by the Department of Labor, which by its terms defines willfulness "for purposes of this section." Second, the reference to "advice from a responsible official" is likewise taken from § 578.3(c)(2), which refers to officials of the Wage and Hour Division; there is no evidence of any such advice here, and the example invites speculation. Third, the final paragraph quotes one sentence from Allen, 495 F.3d at 1324, stating that the three-year period may apply when the employer "simply disregarded the possibility" that it might be violating the

Act, but omits the sentence that immediately follows it: "If an employer acts unreasonably but not recklessly in determining its legal obligation under the FLSA, then its actions should not be considered willful." Id. (citing McLaughlin, 486 U.S. at 135 n.13). Given alone, as Plaintiffs propose, the Allen sentence invites the jury to equate willfulness with negligence. The qualifier is already stated in agreed Requested Instruction No. 9, and if the Court gives the Allen sentence it should be given together with that qualifier. Alvarez Perez defines reckless disregard as the failure to make adequate inquiry into whether conduct is in compliance with the Act, 515 F.3d at 1162-63. Fourth, the instruction refers to the "three-year statute of limitations," which, under the agreed verdict form, the Court and not the jury will apply. Smith v. St. Joseph's/Candler is unpublished and not binding. 29 U.S.C. § 255(a).

**Plaintiffs' Response:** Plaintiffs agree that Defendants' Requested Instruction No. 9 correctly states the governing willfulness standard. Instruction No. 9 alone, however, is one-sided. It tells the jury what willfulness is not (negligence, or conduct that is unreasonable but not reckless) without telling the jury what reckless disregard can include. Proposed Instruction 3 supplies that balance, using the Eleventh Circuit's own language. First, the "failure to inquire" language is not taken only from a DOL penalty regulation. The Eleventh Circuit has adopted it as the definition of reckless disregard in FLSA willfulness cases: reckless disregard is the "failure to make adequate inquiry into whether conduct is in compliance with the Act." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (quoting 5 C.F.R. § 551.104). Defendants rely on this same definition in their objection. Second, the final paragraph does not reintroduce a negligence standard. It quotes a published Eleventh Circuit decision holding that the three-year period "may apply when [the employer] simply disregarded the possibility that it might be violating the FLSA." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1324 (11th Cir. 2007). Disregarding a known possibility of violation is recklessness, not negligence, and is consistent with *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Smith is cited only as persuasive authority applying these binding decisions. Third, to resolve Defendants' remaining concerns, Plaintiffs propose in the alternative that the instruction be modified to (a) strike the "advice from a responsible official" example, and (b) replace the final paragraph's reference to the "three-year statute of limitations" with: "A violation may be willful even if Defendants did not know they were violating the FLSA. It is enough if they disregarded the possibility that they might be violating it." As modified, the instruction does not refer to the limitations period the Court will apply, and every sentence comes directly from controlling Eleventh Circuit authority.

**Plaintiffs' Proposed Instruction 4**
**Recordkeeping Requirements**

*Proposed by Plaintiffs; Defendants object*

*The FLSA requires an employer to make and keep payroll or other records containing the following for each employee:*

- *the time of day and day of week on which each employee's workweek begins. If the employee is part of a workforce or employed in or by an establishment all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce or establishment will suffice.*
- *The hours worked each workday and total hours worked each workweek.*
- *Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation.*
- *Total premium pay for overtime hours (that excludes the straight-time earnings for overtime hours).*

*With respect to employees working on fixed schedules, an employer may maintain records showing instead of the hours worked each day and each workweek, but must also have records documenting the schedule of daily and weekly hours the employee normally works, plus:*

- *In weeks in which an employee adheres to this schedule, indicates by check mark, statement or other method that such hours were in fact actually worked by him, and*
- *In weeks in which more or less than the scheduled hours are worked, shows that exact number of hours worked each day and each week.*

*The law requires employers to preserve for at least two years from the date of last entry, all basic time and earning cards or sheets on which are entered the daily starting and stopping time of individual employees.*

**Authority:** 29 C.F.R. §§ 516.2, 516.6; Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946); Jenkins v. Anton, 922 F.3d 1257, 1271 (11th Cir. 2019); Klinedinst v. Swift Invs., Inc., 260 F.3d 1251, 1257 (11th Cir. 2001); Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1315-16 (11th Cir. 2007); Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1315 (11th Cir. 2013); U.S. Dep't of Labor v. Fire & Safety Investigation Consulting Servs., LLC, 915 F.3d 277, 286-87 (4th Cir. 2019); Acosta v. Min & Kim, Inc., 919 F.3d 361, 365 (6th Cir. 2019); see also Epsilantiz v. Scozzari Roof Servs. Contracting & Consulting, Inc., U.S. Dist. LEXIS 178485, at *7 & n.1 (S.D. Fla. Oct. 2, 2023); Walker v. Robertson, U.S. Dist. LEXIS 190546, at *4-5 (M.D. Fla. July 20, 2015).

**Defendants' Objection:** The proposed instruction recites 29 C.F.R. § 516.2(a) and § 516.6(a) nearly verbatim to the jury. Pattern Instruction 4.14 already instructs that the law requires employers to keep records of how many hours their employees work and the amount they are paid, and it tells the jury what follows if the employer failed to keep adequate time and pay records. That is the instruction the Committee drafted for this issue, and Plaintiffs have asked that the Court give 4.14. Reciting the regulation's itemized content requirements and its two-year retention rule converts the jury's inquiry from whether the employer's records of the Plaintiffs' hours were adequate and accurate, which is the Anderson question, 328 U.S. at 687-88, into an audit of technical compliance with the recordkeeping regulations. The question the parties have reserved for the jury is whether Defendants made and kept contemporaneous records of Plaintiffs' hours and whether those records are reliable [D.E. 66, § VII, ¶¶ 5, 6], and the Court has reserved the question of how the jury is to be instructed on the Anderson framework [D.E. 66, § IX, ¶ 2]. A regulatory recordkeeping violation has no remedy in a private action under 29 U.S.C. § 216(b). Rossi v. Associated Limousine Servs., Inc., 438 F. Supp. 2d 1354, 1366 (S.D. Fla. 2006) (section 216(b) does not permit employees to bring actions for violations of the FLSA's recordkeeping provisions; enforcement is vested in the Secretary of Labor). The regulations themselves prescribe no particular order or form of records, 29 C.F.R. § 516.1(a), and the question of what records Defendants kept, and whether they are accurate, is a fact question to be decided from the evidence. The instruction is cumulative, is likely to mislead the jury into treating any departure from the regulation's list as establishing inadequacy, and is unduly prejudicial. Fed. R. Evid. 403. The two-year retention sentence has no application to any issue in the case; the only records shown to have been discarded are Plaintiff Gonzalez Hernandez's own notes [D.E. 48].

**Plaintiffs' Response:** Whether Defendants made and kept adequate records of the times each Plaintiff started and stopped work each workday and the total hours each worked each workweek, "as required by the FLSA," is a disputed issue of fact that the parties have submitted to the jury [D.E. 66, § VII, ¶ 5]. The jury cannot decide that issue without being told what the FLSA requires. Pattern Instruction 4.14 states only that employers must keep records "of how many hours their employees work and the amount they are paid"; it does not tell the jury that the records must show the hours worked each workday and the total hours worked each workweek, 29 C.F.R. § 516.2(a)(7), or what an employer that relies on a fixed schedule must record, id. § 516.2(c). The fixed-schedule provision applies directly: Defendants contend that Plaintiffs worked a fixed schedule of four ten-hour days [D.E. 66, § II.B; § VI, ¶ 17], and Statewide used no time clock or sign-in sheet [Id. § VI, ¶ 35]. Plaintiffs do not seek a remedy for a recordkeeping violation, so Rossi is inapposite; the content and adequacy of Defendants' records determine whether the burden-shifting framework applies. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946); *Allen,* 495 F.3d at 1315-16.

**Plaintiffs' Proposed Instruction 5**
**Bona Fide Meal Periods**

*Proposed by Plaintiffs; Defendants object*

*Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. Mr. Gonzalez and Mr. Cantero must be completely relieved from duty for the purposes of eating regular meals. Ordinarily, 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. Mr. Gonzalez and Mr. Cantero are not relieved if they are required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.*

*A meal period is bona fide only when the employee is completely relieved from duty for the purposes of eating regular meals.*

**Authority:** 29 C.F.R. § 785.19(a); Gelber v. Akal Sec., Inc., 14 F.4th 1279, 1287 (11th Cir. 2021); Cooley v. HMR of Ala., Inc., 747 F. App'x 805, 807 (11th Cir. 2018).

**Defendants' Objection:** There is no meal-period issue in this case. Neither Plaintiff has claimed, in his sworn interrogatory answers, his deposition, or the Joint Pretrial Stipulation, that he worked through meal periods or that any meal period was deducted from his hours; the 84 hours each Plaintiff claims are station-by-station totals of hours allegedly worked beyond the forty-hour schedule. An instruction on a legal rule that has no foundation in the evidence is improper because it invites the jury to speculate about a theory that was never presented. Fed. R. Evid. 403. The instruction also describes office and factory employees, which bears no relationship to the evidence. Plaintiffs' response below discloses, for the first time and in a jury instruction submission, a theory that a half-hour meal period was improperly deducted from each workday; that theory appears nowhere in either Plaintiff's sworn answers to Interrogatory No. 13, which allocate the claimed 84 hours by station and week, in Plaintiffs' Rule 26(a)(1) damages computation of 84 hours at $75.78, in the Joint Pretrial Stipulation's statement of Plaintiffs' claims and the issues of fact to be tried [D.E. 66, §§ II.A, VI ¶¶ 31-34, VII], or in either Plaintiff's deposition testimony. A theory of recovery that was not disclosed in discovery or in the pretrial stipulation may not be presented at trial, Fed. R. Civ. P. 26(e)(1), 37(c)(1), and Defendants reserve the right to move to exclude it and any evidence offered in support of it. If Plaintiffs identify evidence at trial that meal periods were deducted from hours actually worked, Defendants will address the instruction at the charge conference.

**Plaintiffs' Response:** There is a meal-period issue. Defendants contend that Plaintiffs took a half-hour lunch each day that was properly excluded from their hours worked. Plaintiffs contend that they were never completely relieved from duty for a meal and that the time should not have been deducted. Defendants' corporate representative testified that Plaintiffs' typical day ran from 7:00 am to 12:00 pm, with "lunch from 12:00 to 12:30," and then from 12:30 to 5:30 pm, which

Defendants counted as ten hours (Melo Dep. 84:9-14, 85:15-86:4); that Statewide has no break policy and was "assuming that we were deducting the break" (Melo Dep. 54:10-18); and that a lunch break of "half an hour I can deduct and not pay them" (Melo Dep. 53:22-25). He also testified, inconsistently, that Statewide paid for the time Plaintiffs took for lunch (Melo Dep. 53:6-11). After the first station, Mr. Melo relied on the project manager for Plaintiffs' hours (Melo Dep. 56:19-25), and the project manager testified that she was never at the stations when Plaintiffs arrived, was there when they left only "very few times," and purchased lunches and delivered them to the stations (Usuga Dep. 42:8-43:5). *See also* Gonzalez Hernandez Dep. 73:13-19 (the project manager's role was to bring materials and the food Plaintiffs requested). Whether the half hour Defendants deducted was a bona fide meal period is therefore disputed, and it bears directly on the number of hours each Plaintiff worked in a workweek and on the accuracy of Defendants' records showing ten-hour days [D.E. 66, § VII, ¶¶ 1-3, 5]. Under 29 C.F.R. § 785.19(a), a meal period may be excluded from hours worked only if the employee is completely relieved from duty, and the jury cannot resolve the dispute without that standard. Defendants' objection that no meal period was "deducted from hours actually worked" assumes the answer to the disputed question.

**Plaintiffs' Proposed Instruction 6**
**Proof of Hours Where Employer Records Are Inaccurate or Inadequate**

*Proposed by Plaintiffs; Defendants object*

*An employer must maintain accurate records of the hours worked by its employees. If you find that Defendants failed to keep accurate or adequate records of a Plaintiff's working time, that Plaintiff need not prove the exact number of hours he worked. Instead, he must prove that he performed work for which he was not properly compensated and produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. If he does so, Defendants must come forward with evidence of the precise amount of work performed or evidence negating the reasonableness of the inference. If Defendants do not produce such evidence, you may award overtime based on a reasonable approximation of the work performed. You may consider the Plaintiffs' testimony and other direct or circumstantial evidence; contemporaneous notes or precise start-and-stop times are not indispensable. You must decide whether each Plaintiff has established uncompensated overtime under these standards.*

**Authority:** Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946); Allen v. Board of Public Education for Bibb County, 495 F.3d 1306, 1315-16 (11th Cir. 2007); 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a)(7).

**Defendants' Objection:** The instruction is cumulative of the Inadequate Records paragraphs of Pattern Instruction 4.14, which Plaintiffs have asked the Court to give and which Defendants have agreed to in place of Defendants' former Requested Instruction No. 6. The pattern states the Anderson rule in the form the Committee approved: if the employer failed to keep adequate records and the employee performed work for which he should have been paid, the employee may recover a reasonable estimation of his damages, provided he proves that estimation by a preponderance of the evidence. The proposed instruction departs from the pattern in three respects that make it argumentative. It tells the jury that Defendants "must come forward" with evidence, which converts the Anderson burden of production into an instruction that the jury may hold against Defendants, although Anderson addresses what the court may do when the employer offers no evidence, 328 U.S. at 687-88, and here Defendants have four categories of contemporaneous records. It tells the jury that it "may award overtime," although the jury is not awarding anything under the agreed verdict form. And it adds that "contemporaneous notes or precise start-and-stop times are not indispensable," a sentence directed at the destruction of Plaintiff Gonzalez Hernandez's notes that is the subject of D.E. 48 and that comments on the weight of the evidence. Fed. R. Evid. 403; Eleventh Circuit Pattern Jury Instruction (Civil) 3.3.

**Plaintiffs' Response:** The parties have submitted to the jury the question whether Plaintiffs produced sufficient evidence of the amount and extent of their work "as a matter of just and reasonable inference and, if so, whether Defendants have come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference

to be drawn from Plaintiffs' evidence" [D.E. 66, § VII, ¶ 7]. Proposed Instruction 6 states that standard in the words of *Anderson*, 328 U.S. at 687-88, and of the parties' own stipulation. Pattern Instruction 4.14 does not tell the jury what follows once the employee makes the required showing, which is the question stated in § VII, ¶ 7. The statement that contemporaneous notes or precise start and stop times are not indispensable is a correct statement of law, *Allen,* 495 F.3d at 1316; *Lamonica v. Safe Hurricane Shutters, Inc*., 711 F.3d 1299, 1315 (11th Cir. 2013), and it is not directed at D.E. 48: it applies equally to Mr. Gonzalez Cantero, who, Defendants contend, kept no records at all [D.E. 66, § II.B].

**Plaintiffs' Proposed Instruction 7**
**Work Suffered or Permitted; Employer Knowledge**

*Proposed by Plaintiffs; Defendants object*

*Work that an employer suffers or permits an employee to perform is work time, even if the employer did not specifically request it. If an employer knows or has reason to believe that an employee is continuing to work, that time is working time. An employer may not avoid its obligation to pay overtime merely by failing to request or obtain written reports of work it knew or had reason to know was performed. Whether Defendants had actual or constructive knowledge is for you to determine from all the evidence.*

**Authority:** 29 C.F.R. §§ 785.11-.13; Allen v. Board of Public Education for Bibb County, 495 F.3d 1306, 1314-15 (11th Cir. 2007).

**Defendants' Objection:** The first, second, and fourth sentences are covered by Pattern Instruction 4.14 and Defendants' Requested Instruction No. 5, and Defendants do not object to the substance of those sentences. The third sentence is argumentative. The parties have stipulated that Plaintiffs were not required to record or submit their start and stop times in writing [D.E. 66, § VI, ¶ 35], and whether Plaintiffs reported their daily hours to the project manager is a disputed question of fact for the jury [D.E. 66, § VII, ¶ 8]. The sentence presupposes that work "was performed" of which Defendants "knew or had reason to know," which is the disputed question, and it singles out one theory of constructive knowledge for emphasis. Fed. R. Evid. 403; Eleventh Circuit Pattern Jury Instruction (Civil) 3.3. If the Court gives an expanded knowledge instruction, Defendants' Requested Instruction No. 5 states the rule neutrally and directs the jury to all of the circumstances, including what Defendants had the opportunity to observe or learn. Reich v. Dep't of Conservation and Nat. Res., 28 F.3d 1076 (11th Cir. 1994).

**Plaintiffs' Response:** Defendants do not object to the substance of the first, second, and fourth sentences. The third sentence states the rule of 29 C.F.R. § 785.13 and Reich, 28 F.3d at 1082, that an employer that knows or has reason to know work is being performed may not avoid paying for it, and it is directly supported by the stipulated fact that Defendants did not require Plaintiffs to record or submit their start and stop times [D.E. 66, § VI, ¶ 35]. The sentence does not assume that work was performed; it applies only if the jury finds that Defendants knew or had reason to know of the work. Defendants' Requested Instruction No. 5 omits the employer's duty and lists among the relevant circumstances "the hours that were reported to Defendants," which, without the third sentence, invites the jury to hold against Plaintiffs the absence of written reports that Defendants never required.

**Plaintiffs' Proposed Instruction 8**
**Signed Paychecks Do Not Waive Overtime Rights**

*Proposed by Plaintiffs; Defendants object*

*You have heard evidence that each Plaintiff signed paychecks reflecting forty hours of work per week. An employee cannot waive or give up his right to overtime pay under the Fair Labor Standards Act, whether by signing a paycheck, accepting a payment, or otherwise. A Plaintiff's signature on a paycheck therefore does not bar his claim. You may consider the paychecks, along with all of the other evidence, in deciding how many hours each Plaintiff actually worked.*

**Authority:** Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 707 (1945) (superseded in part by statute on other grounds); Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981) (FLSA rights "cannot be abridged by contract or otherwise waived").

**Defendants' Objection:** The parties have agreed that Defendants will not argue that Plaintiffs' acceptance or signing of paychecks waived any rights under the FLSA or established consent to the pay or hours the pay represented, and that Defendants may adduce evidence that Plaintiffs accepted or signed paychecks for other purposes [D.E. 51 at 4, item (g)]. The parties have also stipulated that Statewide issued each Plaintiff weekly paychecks reflecting forty hours at the prevailing wage rate and that each Plaintiff received and signed for approximately 26 such paychecks [D.E. 66, § VI, ¶¶ 19, 20]. Because no waiver argument will be made, the instruction answers nothing, and its sentence telling the jury that the signature "does not bar" the claim is a comment on the weight of stipulated evidence that the parties agreed Defendants may offer for other purposes. A court should not single out particular evidence and instruct the jury on how to treat it absent a limiting purpose under Rule 105; this instruction does the opposite by diminishing evidence rather than confining it. Fed. R. Evid. 403; Eleventh Circuit Pattern Jury Instruction (Civil) 3.3, 3.4 (the jury determines the weight and credibility of the evidence). Defendants' Requested Instruction No. 7 is the only limiting instruction the evidence requires.

**Plaintiffs' Response:** Defendants pleaded payment as an affirmative defense [D.E. 15, ¶ 34]. The parties have stipulated that each Plaintiff signed for approximately 26 paychecks reflecting forty hours [D.E. 66, § VI, ¶¶ 19, 20], and Defendants list those paychecks as exhibits [Defs.' Exs. 7, 8]. Defendants' agreement not to argue waiver confirms that Plaintiffs' signatures cannot be treated as one; Proposed Instruction 8 tells the jury so, and it expressly permits the jury to consider the paychecks, with all of the other evidence, in deciding how many hours each Plaintiff worked. It confines the evidence to its permissible use, which is the function of Rule 105, and does not diminish its weight on the hours question. Fed. R. Evid. 105; Brooklyn Sav. Bank, 324 U.S. at 707; Barrentine, 450 U.S. at 740.

## PART IV. AGREED VERDICT FORM

The parties jointly propose the following special interrogatory verdict form. It is agreed and is therefore set in regular type.

**Authority:** Fed. R. Civ. P. 49(a); 29 U.S.C. § 255(a); 29 U.S.C. § 256; Knight v. Columbus, Georgia, 19 F.3d 579, 581 (11th Cir. 1994); Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150 (11th Cir. 2008); Complaint filed June 3, 2025 [D.E. 1]; Notice of Consent to Join filed August 15, 2025 [D.E. 19-1].

**Defendants' Objection:** Defendants do not object to Questions 2(b), 3(b), 6(b), and 7(b). The verdict form is agreed in its entirety.

**Plaintiffs' Response:** For the reasons stated in Plaintiffs' Response to Pattern Instruction 4.14, Plaintiffs propose that the jury state, for each limitations period, the amount of unpaid overtime compensation owed for the hours it finds. Questions 2(b), 3(b), 6(b), and 7(b) add those amounts without changing any agreed question, so the Court can still apply the two- or three-year limitations period based on the jury's answers to the willfulness questions. Lorillard v. Pons, 434 U.S. 575, 580 (1978); Fed. R. Civ. P. 49(a); 29 U.S.C. §§ 216(b), 255(a).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-22530-JB/Torres

JESUS E. GONZALEZ HERNANDEZ and
ESNOL ALEJANDRO GONZALEZ CANTERO,

Plaintiffs,

v.

STATEWIDE ELECTRICAL SERVICES, INC.
and NOEL MELO,

Defendants.

**VERDICT FORM**

We, the jury, unanimously return the following verdict:

**Part One: Claim of Jesus E. Gonzalez Hernandez**

1. Has Jesus E. Gonzalez Hernandez proved by a preponderance of the evidence that he worked more than 40 hours in one or more workweeks, that Defendants knew or should have known of the overtime work, and that he was not paid the overtime compensation required by law?

   Answer Yes or No: ______________

   *If your answer is No, go to Part Two. If your answer is Yes, answer Questions 2, 3, and 4.*

2. (a) Number of unpaid overtime hours attributable to workweeks whose regular payday was on or after June 3, 2023:

   ______________ hours

   (b) Amount of unpaid overtime compensation owed to Jesus E. Gonzalez Hernandez for the hours stated in answer to Question 2(a):

   $______________

3. (a) Number of unpaid overtime hours attributable to workweeks whose regular payday was on or after June 3, 2022, but before June 3, 2023:

_______________ hours

(b) Amount of unpaid overtime compensation owed to Jesus E. Gonzalez Hernandez for the hours stated in answer to Question 3(a):

$_______________

4. Has Jesus E. Gonzalez Hernandez proved by a preponderance of the evidence that Defendants' failure to pay him overtime was willful?

Answer Yes or No: _______________

**Part Two: Claim of Esnol Alejandro Gonzalez Cantero**

5. Has Esnol Alejandro Gonzalez Cantero proved by a preponderance of the evidence that he worked more than 40 hours in one or more workweeks, that Defendants knew or should have known of the overtime work, and that he was not paid the overtime compensation required by law?

Answer Yes or No: _______________

*If your answer is No, skip Questions 6, 7, and 8, and have your foreperson sign and date this form. If your answer is Yes, answer Questions 6, 7, and 8.*

6. (a) Number of unpaid overtime hours attributable to workweeks whose regular payday was on or after August 15, 2023:

_______________ hours

(b) Amount of unpaid overtime compensation owed to Esnol Alejandro Gonzalez Cantero for the hours stated in answer to Question 6(a):

$_______________

7. (a) Number of unpaid overtime hours attributable to workweeks whose regular payday was on or after August 15, 2022, but before August 15, 2023:

_______________ hours

(b) Amount of unpaid overtime compensation owed to Esnol Alejandro Gonzalez Cantero for the hours stated in answer to Question 7(a):

$______________

8. Has Esnol Alejandro Gonzalez Cantero proved by a preponderance of the evidence that Defendants' failure to pay him overtime was willful?

Answer Yes or No: ______________

SO SAY WE ALL.

____________________________________
Foreperson's Signature

DATE: ______________________

Dated: October 23, 2026.

Respectfully submitted,

FAIRLAW FIRM
Counsel for Plaintiffs
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884

By: /s/ Katelyn Schickman
Brian H. Pollock, Esq.
Florida Bar No. 174742
brian@fairlawattorney.com
Katelyn Schickman, Esq.
Florida Bar No. 1064879
katie@fairlawattorney.com

STEPHEN R. VERBIT, P.A.
Counsel for Defendants
6741 Orange Drive
Davie, Florida 33314
Telephone: (954) 536-9428
sverbit@verbitlawfl.com
By: /s/ Stephen R. Verbit
Stephen R. Verbit, Esq.
Florida Bar No. 710857

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 23, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to all counsel of record, including Katelyn Schickman, Esq. (katie@fairlawattorney.com) and Brian H. Pollock, Esq. (brian@fairlawattorney.com), FairLaw Firm, counsel for Plaintiffs, and that a copy in Word format was transmitted to becerra@flsd.uscourts.gov on the same date as required by D.E. 42. Counsel for Plaintiffs have authorized the undersigned to file this joint submission with their electronic signatures.

/s/ Stephen R. Verbit
Stephen R. Verbit, Esq.