**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-22530-JB/Torres

JESUS E. GONZALEZ HERNANDEZ and
ESNOL A. GONZALEZ CANTERO,

Plaintiffs,

v.

STATEWIDE ELECTRICAL SERVICES, INC.
and NOEL MELO,

Defendants.
_______________________________________/

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' UNDISCLOSED MEAL-PERIOD CLAIM AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Statewide Electrical Services, Inc. and Noel Melo, move under Rules 16, 26(e), and 37(c)(1) of the Federal Rules of Civil Procedure for an order precluding Plaintiffs from presenting at trial a claim that first appeared in the parties' joint jury instruction submission of October 23, 2026, after discovery had closed and after the Joint Pretrial Stipulation had been filed.

## I. INTRODUCTION

This case has always been about one claim. Each Plaintiff swore that he worked 84 hours of overtime, in fifteen identified workweeks, by remaining on the job past the end of a ten-hour day. Each computed his damages on that basis. Each testified to it at deposition. And on October 20, 2026, each stipulated to it as an uncontested fact in the Joint Pretrial Stipulation.

Three days later, Plaintiffs announced an additional claim. In their response to Defendants' objection to a proposed jury instruction, they asserted for the first time that they were "never completely relieved from duty for a meal," and that the thirty-minute lunch period reflected on Defendants' time sheets must therefore be added to every day of the project [D.E. 69 at 53-54].

That claim rests on different facts, requires a different computation, and reaches workweeks Plaintiffs have never placed in issue. It appears nowhere in their Rule 26 disclosures, nowhere in their sworn computation of damages, and nowhere in the Stipulation that now governs this case.

Defendants dispute the additional claim and expect the evidence to defeat it. This motion, however, does not ask the Court to weigh that evidence. It asks the Court to enforce the rule that a party tries the case it disclosed and stipulated to try. Rule 37(c)(1) and the Joint Pretrial Stipulation each foreclose the meal-period claim, and Defendants respectfully request that the Court exclude it.

## II. BACKGROUND

### A. The claim Plaintiffs disclosed and computed.

Plaintiffs' Second Amended Rule 26(a) Disclosures, served February 9, 2026, state a single figure for each Plaintiff, $6,331.92 in unpaid overtime, without any method of computation [D.E. 33-2 at 4]. The only method Plaintiffs ever supplied appears in their sworn answers to Interrogatory No. 13, which allocate 84 hours to fifteen specific workweeks at six Metrorail stations [D.E. 33-3, No. 13; D.E. 33-4, No. 13]. That computation attributes no time to meal periods.

Asked when they took meal breaks, both Plaintiffs gave the same answer: "My lunch breaks were supposed to last 30 minutes, but Mr. Melo frequently required me to return to work without giving me the full 30 minutes. I estimate that most of my lunch breaks lasted between 10 and 20 minutes." [D.E. 33-3, No. 6(c); D.E. 33-4, No. 6(c)]. Plaintiffs never connected that statement to any hour they claim, and their own testimony confines it to a narrow window. According to Jesus, Mr. Melo was present at the jobsite only during "the first two weeks at the first station and then the last two weeks at the last station." [D.E. 33-10, J. Gonzalez Dep. 22:22-24; *see also id.* at 36:21-23].

Plaintiffs' deposition testimony attributes every claimed overtime hour to late evenings. Jesus testified that the men worked ten hours a day, Monday through Thursday, "unless we had to stay more time to finish some job, and that's where the overtime hours came from." [*Id.* at 58:3-7]. His handwritten summary says the same: the overtime accumulated when they "worked more than 10 hours established" and finished at "8, 9 or 10 o'clock in the evening." [*Id.* at 51:14-18]. Esnol described the regular day as 6:00 a.m. to 4:30 p.m. [D.E. 33-11, E. Gonzalez Dep. 18:1-5], a span of ten and one-half hours for what both Plaintiffs call a ten-hour day. Neither Plaintiff testified that he worked through lunch or performed any duty while eating.

**B. The close of discovery and the Joint Pretrial Stipulation.**

Discovery closed on March 10, 2026 [D.E. 18 at 2]. The Court's Amended Order Setting Trial confirmed that the discovery and mediation deadlines had been completed and did not reopen them [D.E. 42 at 2]. Plaintiffs did not supplement their disclosures or their damages computation at any time after the close of discovery.

On October 20, 2026, the parties filed the Joint Pretrial Stipulation. Among the facts stipulated as uncontested and requiring no proof at trial are these: "[e]ach Plaintiff claims 84 hours of unpaid overtime," those hours fall within the workweeks identified in Interrogatory No. 13, and each Plaintiff claims $6,331.92 [D.E. 66, § VI, ¶¶ 31-34]. Plaintiffs' statement of their case does not mention meal periods [*Id.* § II.A]. Neither do the fourteen issues of fact the parties identified for trial [*Id.* § VII].

**C. The meal-period claim.**

On October 23, 2026, in the joint jury instruction submission, Plaintiffs responded to Defendants' objection to a proposed meal-period instruction by asserting that "they were never completely relieved from duty for a meal and that the time should not have been deducted." [D.E.

69 at 53]. The only support they cited was deposition testimony of Mr. Melo and Ms. Usuga taken in February 2026 [*Id.* at 53-54]. They cited no testimony of their own, identified no number of hours, and named no workweeks. Defendants objected and reserved the right to move for exclusion [*Id.* at 53].

## III. GOOD CAUSE EXISTS TO CONSIDER THIS MOTION

The deadline for pretrial motions was September 11, 2026 [D.E. 42 at 2]. The claim addressed here did not exist on the record until October 23, 2026, six weeks after that deadline passed. A deadline cannot be met, however diligent the party, when the event giving rise to the motion has not yet occurred. That is the definition of good cause under Rule 16(b)(4). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Defendants preserved their objection in the same filing in which the claim first appeared [D.E. 69 at 53].

## IV. ARGUMENT

### A. The Joint Pretrial Stipulation forecloses the meal-period claim.

A pretrial order supersedes the pleadings and controls the course of trial. Fed. R. Civ. P. 16(d)-(e); *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007); S.D. Fla. L.R. 16.1(g) (pretrial stipulation, as modified at the final pretrial conference, "will control the course of the trial" and may be amended thereafter "only to prevent manifest injustice"). The Eleventh Circuit has "not hesitated to back up district courts when they put steel behind the terms of pretrial orders and hold parties to them." *Morro v. City of Birmingham*, 117 F.3d 508, 515 (11th Cir. 1997).

The Stipulation defines Plaintiffs' claim with precision. Each Plaintiff "claims 84 hours of unpaid overtime," worked in the fifteen weeks listed in Interrogatory No. 13, for a total of $6,331.92 [D.E. 66, § VI, ¶¶ 31-34]. Those are stipulated facts, agreed by Plaintiffs to require no

proof. A claim for an additional half hour on every workday of a six-month project cannot be reconciled with them.

The issues of fact identified in the Stipulation do not alter that conclusion. The first three ask whether each Plaintiff worked more than 40 hours in any workweek [*Id.* § VII, ¶¶ 1-3]. Those issues are framed broadly, but they must be read together with the stipulated facts that define the claim to be tried. A general issue statement does not preserve a specific theory of recovery that the party's own statement of its case omits. *See Morro*, 117 F.3d at 515-16.

**B. Rule 37(c)(1) bars the claim because Plaintiffs never disclosed it.**

A party must disclose "a computation of each category of damages claimed" and must supplement its disclosures and interrogatory answers when they prove incomplete. Fed. R. Civ. P. 26(a)(1)(A)(iii), 26(e)(1)(A). A party that fails to do so "is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden of establishing substantial justification or harmlessness rests on the nondisclosing party. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

The Eleventh Circuit enforces that rule against damages theories that surface on the eve of trial. In *Mee Industries v. Dow Chemical Co.*, 608 F.3d 1202, 1221-22 (11th Cir. 2010), the plaintiff first identified a damages theory in the joint pretrial statement and never supplied a computation; the court affirmed its exclusion. In *Circuitronix, LLC v. Kinwong Electronic (Hong Kong) Co.*, 993 F.3d 1299, 1307-08 (11th Cir. 2021), the court affirmed exclusion where the method of computation was never disclosed, even though the opposing party possessed the underlying numbers.

Plaintiffs' answer to Interrogatory No. 6(c) does not satisfy Rule 26. It states a fact about the length of some lunch breaks; it claims no damages for them and supplies no computation. The

plaintiff in *Mee* made the same argument, contending that facts disclosed in discovery had made its theory "otherwise known." The court rejected it: "Although there may be evidentiary overlap," the court explained, "considerable differences exist between the two theories." 608 F.3d at 1221-22.

Considerable differences exist here as well. The interrogatory answer describes lunch breaks that were taken, some of which were shortened on days when Mr. Melo was present. The claim announced in D.E. 69 is that Plaintiffs were never relieved from duty at lunch on any day of the project. The first is a statement about particular days at a jobsite Mr. Melo seldom visited. The second is a claim for time on every workday for six months. Plaintiffs have not stated, even now, how many hours the claim adds, on which days, or in which weeks.

**C. The failure was neither substantially justified nor harmless.**

No justification has been offered, and none exists. The deposition testimony on which Plaintiffs rely was taken in February 2026, before discovery closed. Plaintiffs had seven months to supplement their disclosures and their computation before the Stipulation was filed. They did not, and then stipulated to a statement of their claim that omits the meal-period theory altogether.

The harm is a harm of preparation. Defendants prepared for trial on the computation Plaintiffs swore to and stipulated to. Defendants' summary exhibits address the fifteen claimed weeks [D.E. 66, Schedule B, Nos. 26, 28]. Whether a meal period is bona fide turns on whether the employee was "in fact relieved from work for the purpose of eating a regularly scheduled meal." *Kohlheim v. Glynn County*, 915 F.2d 1473, 1477 (11th Cir. 1990); 29 C.F.R. § 785.19. Because Plaintiffs claimed no damages for meal periods, Defendants did not examine either Plaintiff, or the County escorts who were present throughout each workday, about what Plaintiffs

did at midday. Discovery closed on March 10, 2026, and cannot now be reopened without disrupting the trial of the case that was disclosed.

Defendants dispute the claim on the merits. Mr. Melo testified that Plaintiffs took their lunch breaks [D.E. 33-1, Melo Dep. 53:2-5; 54:14-20]. Plaintiffs' own interrogatory answers acknowledge that lunch breaks were taken, and Jesus's testimony places Mr. Melo away from the jobsite for all but four weeks of the project. The prejudice does not arise from the strength of the claim. It arises from being required to meet, without discovery and without a computation, a claim that formed no part of the case Plaintiffs agreed to try.

**D. *Gelber* does not excuse the nondisclosure.**

Plaintiffs rest their proposed instruction on *Gelber v. Akal Security, Inc.*, 14 F.4th 1279 (11th Cir. 2021) [D.E. 69 at 53]. *Gelber* does not relieve a plaintiff of the obligation to disclose a meal-period claim. It holds that "in meal-period cases, the employee bears the initial burden to show that the meal period constituted work," and that the burden shifts to the employer only "[i]f the employee does so." *Id.* at 1283.

The employees in *Gelber* carried that initial burden without evidence of their own, for a reason absent here: the employer conceded that the idle flight time surrounding the meal period was compensable, so nothing distinguished the meal period from the paid time on either side of it. *Id.* at 1283-85. The court described the case as "unusual" and tied its result to "the peculiar way in which this particular case has been litigated." *Id.* at 1280-81.

Defendants have never conceded that Plaintiffs' meal periods were work. The time on either side of the lunch entry was active electrical work, and *Gelber* itself recognizes that where an employee has affirmative duties, a bona fide meal break is established by "disengagement from those affirmative duties." *Id.* at 1286. The threshold showing is therefore Plaintiffs' to make, with

evidence that they performed duties during the meal period. The only sworn statement Plaintiffs have made on the subject describes lunch breaks that were taken and sometimes shortened. That is a different matter from the claim in D.E. 69, and Plaintiffs have never computed or claimed an hour for it.

Nor does the allocation of burdens at trial alter the disclosure rule. Rule 26(a)(1)(A)(iii) requires a computation of each category of damages "claimed by the disclosing party." Time for meal periods is a category of damages Plaintiffs now claim. They never supplied a computation of it.

Finally, Plaintiffs could not carry their initial burden by showing only that they remained at the stations during lunch. "[T]he geographic location of the break is not dispositive." *Kohlheim*, 915 F.2d at 1477 n.19 (citing 29 C.F.R. § 785.19(b)); *see also Jenkins v. Anton*, 922 F.3d 1257, 1269-70 (11th Cir. 2019) (affirming finding that lunches were not compensable where the employee "stayed at the facility through lunch" but "never said whether she was required to perform any duties" and did not "identify any limitations on her freedom").

**E. The relief requested is narrow.**

Defendants do not ask the Court to restrict cross-examination concerning the preparation of the time sheets. Plaintiffs remain free to test the accuracy of any entry, including the lunch entries. What Plaintiffs may not do is offer evidence or argument that meal periods constituted compensable work, or invite the jury to add hours to the 84 hours and fifteen workweeks they swore to and stipulated to.

## V. CONCLUSION

Defendants respectfully request that the Court (1) grant leave to file this motion after the pretrial motion deadline; (2) preclude Plaintiffs from offering evidence or argument that any meal

period was not bona fide or constituted compensable work; (3) decline to give Plaintiffs' Proposed Instruction 5; and (4) in the alternative, confine Plaintiffs' claims to the 84 hours and fifteen workweeks set forth in their answers to Interrogatory No. 13 and in the Joint Pretrial Stipulation.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3) and the Court's Order [D.E. 42, § VI], undersigned counsel conferred with counsel for Plaintiffs, Katelyn Schickman, by telephone on November 20, 2026, who advised that Plaintiffs oppose the relief requested.

Dated: November 20, 2026.

Respectfully submitted,

STEPHEN R. VERBIT, P.A.
Counsel for Defendants
6741 Orange Drive
Davie, Florida 33314
Telephone: (954) 536-9428
sverbit@verbitlawfl.com

By: /s/ Stephen R. Verbit
Stephen R. Verbit, Esq.
Florida Bar No. 710857

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 20, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to all counsel of record, including Katelyn Schickman, Esq. (katie@fairlawattorney.com), Brian H. Pollock, Esq. (brian@fairlawattorney.com), and P. Brooks LaRou, Esq. (brooks@fairlawattorney.com), FairLaw Firm, counsel for Plaintiffs.

/s/ Stephen R. Verbit
Stephen R. Verbit, Esq.